USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/27/2014

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

| | |
|---|---|
| JAMES H. FISCHER ) | Case 14-cv1304(PAE) |
| ) | |
| Plaintiff ) | |
| ) | **PLAINTIFF'S** |
| v. ) | **REQUEST THAT THE** |
| ) | **COURT TAKE JUDICIAL** |
| STEPHEN T. FORREST and ) | **NOTICE OF EVIDENCE** |
| SANDRA F. FORREST ) | |
| ) | |
| Defendants ) | |

-----------------------------------------------------------x

## MOTION

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff hereby respectfully requests that, in connection with his Amended Complaint filed 5/25/14 (and attached to this motion in pdf format for reference), the Court take judicial notice of each of the web pages listed below.

Under Rule 201(d), courts shall take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information.

> *"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or(2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."* Fed. R. Evid. 201(b).

The focus of the case at hand is Defendants' website. In reviewing Exhibits for his Amended Complaint, Plaintiff found that two image files relevant to this case, available on Defendants' website when the original Complaint was filed, were no longer available on Defendants' website as of 05/22/14.

Plaintiff finds himself in the untenable position of needing Defendants' infringements preserved as evidence of the infringements, but also wanting to halt the infringements as soon as possible. Plaintiff concludes that Defendants have not been advised by their counsel of the obligation to preserve evidence, or that they have avoiding having such a discussion.

Further, Plaintiff reasons that both Plaintiff and the Court will be forced to rely on Defendants' word alone as to the frequency of their backups, their retention policy for backups, and their general records retention policy (if any). This leaves Plaintiff with no recourse in the event that additional evidence disappears. Any further loss, mistaken deletion, or deliberate destruction of evidence would severely prejudice Plaintiff's ability to offer clear proof of his claims even more than it already has already been prejudiced.

Plaintiff asks the Court to promptly take judicial notice of what remaining evidence has not yet been destroyed, and is relevant to the case at hand, before it might also be destroyed. Plaintiff seems to still have enough evidence to prove each of his claims in his case.

If the Court considers it appropriate, it would not seem unduly burdensome to order Defendants to preserve evidence, and/or deposit auditor-certified copies and of all their website backups archived from 2010 to present, including checksums[1] generated from all visible content on each page, with the Court. (Plaintiff has no idea how to make such a request formally, and cannot risk the delay inherent in researching how, for fear of more evidence being destroyed).

Plaintiff assumes that archive.org is well-known to the court as an impartial source of accurate snapshots of web pages with archives that go back more than a decade. It is assumed

---

[1] See http://articles.forensicfocus.com/2012/07/13/authenticating-internet-web-pages-as-evidence-a-new-approach/ *"Authenticating Internet Web Pages as Evidence: a New Approach"*, Patzakis & Botta, 2012

that the accuracy of this source is not open to reasonable question. But new archive copies are created at random intervals, and provide no recent snapshots of, for example, changes made to Defendants' web site since this action was filed.

Specifically, the issue of "Willful Infringement" is clarified with proof of continued infringement (i) after termination of a dealer agreement, (ii) after Defendant no longer has any possible inventory of Plaintiff's goods to sell, (iii) after a cease and desist demand, and/or (iv) after filing of suit. All these require certification of the contents of a web page on a certain date.

Plaintiff lists additional concerns in an addendum, which Plaintiff feels should be redacted, and asks to Court to approval the redaction of that page before passing this document along to the Clerk for public filing.

In the list below, the Plaintiff gives the URLs to Exhibits in Plaintiff's Amended Compliant of 05/23/14. Each is a specific page or image on Defendants' website, and the associated URL to an archive copy of that same page or image on archive.org. Older snapshots are listed only as pages on archive.org. Each link below can be clicked in the pdf of this document, to save typing, and a pdf of both the Complaint and the Exhibits are attached, to make the Court's review easier:

**Amended Complaint Exhibit 6**

This an archive.org snapshot of Defendants' product description for Plaintiff's product in their 2002 website:
http://web.archive.org/web/20020628024037/http://www.beeequipment.com/shop.asp?p=11

In addition, one can also review the 2003 website listing for the same product:
http://web.archive.org/web/20030222214600/http://beeequipment.com/shop.asp?p=11

and the 2004 website:
http://web.archive.org/web/20040806011719/http://www.beeequipment.com/shop.asp?p=13

and the 2005 website:
http://web.archive.org/web/20050211161056/http://beeequipment.com/shop.asp?p=14

During 2006-2009, Defendants' website was apparently implemented in an ad-hoc manner that did not facilitate proper "crawling" by the archive.org "spider" or "robot", so archive.org only has a few pages, none of them relevant to this matter.

**Exhibit 7**

An archive.org snapshot of Defendants' product description for Plaintiff's product "Bee-Quick" in the 2010 website, showing authorized use of Plaintiff's copyrighted Works (a) through (d):

http://web.archive.org/web/20101226075553/http://www.brushymountainbeefarm.com/Fischers-Bee-Quick-8-oz/productinfo/779/

**Exhibit 8**

An archive.org snapshot of Defendants' product description for Defendants' knock-off product "Natural Honey Harvester" in their 2011 website, infringing upon Plaintiff's exclusive rights in copyright for Works (a) through (d):

http://web.archive.org/web/20111228021343/http://www.brushymountainbeefarm.com/Natural-Honey-Harvester/productinfo/474/

**Exhibits 9 & 10**

Images of Plaintiff's product, still on Defendant's webserver as of 5/23/2014, each infringing upon (i) Plaintiff's Trademark "Bee-Quick" on label in photo, (ii) Plaintiff's copyrighted Work (e), (iii) Plaintiff's name, "Fischer", in the URL

http://www.brushymountainbeefarm.com/images/779fischers.jpg

http://www.brushymountainbeefarm.com/images/779fischerssm.jpg

Archive.org only crawled the larger image once, on 12/26/2010:
http://web.archive.org/web/*/http://www.brushymountainbeefarm.com/images/779fischers.jpg

http://web.archive.org/web/20101226075611/http://www.brushymountainbeefarm.com/images/779fischers.jpg

Archive.org only crawled the "thumbnail" image on 02/25/2014, 03/03/2014, and on 03/05/2014

http://web.archive.org/web/*/http://www.brushymountainbeefarm.com/images/779fischerssm.jpg

http://web.archive.org/web/20140225214007/http://www.brushymountainbeefarm.com/images/779fischerssm.jpg

http://web.archive.org/web/20140303154326/http://www.brushymountainbeefarm.com/images/779fischerssm.jpg

http://web.archive.org/web/20140305235800/http://www.brushymountainbeefarm.com/images/779fischerssm.jpg

**Exhibit 11**

Image of Plaintiff's product and a 10-Frame Fume Board, used to sell Defendants' knock-off product, still on Defendant's webserver as of 5/23/2014, infringing upon (i) Plaintiff's Trademark "Bee-Quick" on label in photo, and (ii) Plaintiff's copyrighted Work (e), the photo of the bottle, composited with the image of the fume board

http://www.brushymountainbeefarm.com/images/777F-FumeNBQ.jpg

The archive.org spider last archived a copy on 03/08/14:
http://web.archive.org/web/20140308122741/http://www.brushymountainbeefarm.com/images/777F-FumeNBQ.jpg

**Exhibit 12**

Web page for bundle of Defendant's product and 10-frame Fume Board, still on Defendant's webserver as of 5/23/2014, misappropriating (i) Plaintiff's Trademark "Bee-Quick" in URL, (ii) Plaintiff's name "Fischer" in URL, (iii) Plaintiff's copyrighted image in photo, (iv) Plaintiff's Trademark in the photo, on the bottle label.

http://www.brushymountainbeefarm.com/Fume-Pad-w_-Fischers-Bee-Quick/productinfo/777F/

The archive.org spider last archived a copy on 03/03/14:
http://web.archive.org/web/20140303153557/http://www.brushymountainbeefarm.com/Fume-Pad-w_-Fischers-Bee-Quick/productinfo/777F/

**Exhibit 13**

Web page for bundle of Defendant's product and 8-Frame Fume Board, still on Defendant's webserver as of 5/23/2014, misappropriating (i) Plaintiff's Trademark "Bee-Quick" in URL, (ii) Plaintiff's name "Fischer" in URL

http://www.brushymountainbeefarm.com/8-Frame-Fume-Pad-w_Fischers-Bee-Quick/productinfo/254FPQ/

The archive.org spider last archived a copy on 03/05/14:

http://web.archive.org/web/20140305232657/http://www.brushymountainbeefarm.com/8-Frame-Fume-Pad-w_Fischers-Bee-Quick/productinfo/254FPQ/

**Exhibit 14**

The web page at NC State "Small Business and Technology Development Center "website:

http://www.sbtdc.org/results/success/brushy-mountain/

Dated 05/27/2014,

*[signature]*

James Fischer
Plaintiff, Pro se
PO Box 287048
New York, NY 10128
james.fischer@gmail.com

**PLEASE REDACT**     **SENSITIVE INFORMATION**     **NOT FOR PUBLIC/PACER**

It is suggested by Plaintiff that the information on this page should be redacted, as it could serve as a Court-provided beginners' guide to evidence manipulation and fraud.

While independent archive sites like archive.org are valuable resources, it turns out to be surprisingly easy for even a technically unsophisticated defendant to selectively delete pages or completely delete the history of an entire website at their whim.

First, one can simply ask, and get items deleted, as shown in this post to their discussion group:

http://archive.org/post/414622/how-to-delete-item

If one does not want to leave any record of the request in the discussion group, one could do as suggested by one post in the discussion above, and:

> "…send the request to info@archive.org. please send it
> from the email address associated with your account."

There is also an easy way for a Defendant to delete specific directories, or even all archives ever saved of their site(s) at archive.org without the need to contact or ask anyone:

https://archive.org/about/exclude.php

> "…To remove your site from the Wayback Machine, place a robots.txt file at the top level of your site (e.g. www.yourdomain.com/robots.txt).
>
> The robots.txt file will do two things:
>
> It will remove documents from your domain from the Wayback Machine.
> It will tell us not to crawl your site in the future.
>
> To exclude the Internet Archive's crawler (and remove documents from the Wayback Machine) while allowing all other robots to crawl your site, your robots.txt file should say:
>
> User-agent: ia_archiver
> Disallow: /
>
> If you cannot put a robots.txt file up, read our exclusion policy.
>     http://www2.sims.berkeley.edu/research/conferences/aps/removal-policy.html
> If you think it applies to you, send a request to us at info@archive.org."

For this reason, Plaintiff requests that Defendants additionally be ordered, under seal, to specifically not take any action, including those actions listed above, that would prompt the Internet Archive and/or other sites, to remove any data that would otherwise be archived.

**PLEASE REDACT**     **SENSITIVE INFORMATION**     **NOT FOR PUBLIC/PACER**