Law Offices Of
# Cahn & Cahn, p.c.

22 High Street, Suite 3
Huntington, New York 11743

---

Daniel K. Cahn
dcahn@cahnlaw.com

Of Counsel:
Richard C. Cahn
rcahn@cahnlaw.com

Telephone: (631) 752-1600
Facsimile: (631) 752-1555
www.cahnlaw.com

October 14, 2014

***VIA ELECTRONIC CASE FILING (ECF)***

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *James H. Fischer v. Stephen T. Forrest et al.*
              Docket No. 14cv1304 (PAE)
              Docket No. 14cv1307 (PAE)

Dear Judge Engelmayer:

This firm represents the defendants Stephen T. Forrest and Sandra F. Forrest in the above-captioned action(s).

This letter is respectfully submitted in opposition to the Plaintiff's motion for leave to file a sur-reply in further response to the Defendants' Reply Memorandum of Law filed on October 6, 2014.

Contrary to Plaintiff's assertions, there are no "new arguments" contained in the Defendants' Reply Memorandum of Law. We address each of the claims that a new arguments has been made in turn.

First, as Plaintiff notes at p. 1 of his sur-reply, the "piercing the corporate veil" issue was raised previously by Plaintiff himself, in both amended complaints. Therefore, the defendant's passing reference to that legal doctrine is not a new issue in the case, and there is no reason why the Plaintiff should be entitled to use this as a pretext to be able to submit additional arguments that he failed to include in his original opposition papers.

The assertion that Defendant made a new claim that the complaint seeks to harass the defendants is false. Defendant previously made this assertion of harassment in its Memorandum of Law filed as Document No. 14 in 14cv1304, at footnote 1. Thus, this is not a new argument and does not require a sur-reply in any event. Whether the Plaintiffs' act of naming Mr. and Mrs. Forrest individually instead of naming their corporation constitutes harassment is not even a legal issue in the case.

The next statement that Plaintiff wishes to respond to in a sur-reply is the Defendants' assertion that the Forrests are not sole shareholders of their corporation. This is not a legal argument, but rather, a factual statement. The fact that Plaintiff may have been unaware of the identity of the corporate shareholders is irrelevant to the claims before the court, and certainly does not warrant the filing of a sur-reply.

Plaintiff also wishes to dispute the applicability of the *Bestfoods* case cited by the Defendants, arguing that it was a CERCLA case and therefore inapplicable in the case at bar. The Court is fully capable of determining whether or not the cases cited by the parties are applicable and, if so, whether they are persuasive. A sur-reply would add nothing.

It is unclear to the undersigned why a sur-reply is necessary on the issue of the plaintiff's copyright registration and what was actually subject to the registration. The fact that Plaintiff chose to raise it now does not make it a new issue. He had the opportunity to provide these details about the registration errors at the copyright office in his earlier submissions to the court.

No sur-reply is needed on the issue of whether the Defendants' counsel misquoted the Copyright Act. The citation indicates clearly that the quoted text was only a portion of the full statute. Moreover, the Court would know if the statute had been misquoted. No sur-reply is needed on this point.

The argument that "short phrases are not copyrightable" is not a new argument. It was raised in the Defendants' August 25, 2014 memorandum of law at p. 3. No sur-reply is warranted.

The balance of Plaintiff's arguments in his proposed sur-reply are all pretexts to get a 'second bite at the apple' and to submit arguments and cite case authorities that the Plaintiff failed to do the first time around in his opposition papers.

A sur-reply should be reserved for those rare instances where a reply paper makes material misrepresentations that the non-movant should be entitled to refute. In this case, however, Plaintiff characterizes the same arguments Defendants have been making all along as "new arguments" merely to gain another opportunity to make additional arguments that he failed to make in his opposition papers or in the pleadings.

Defendants respectfully submit that the Plaintiff's motion for leave to file a sur-reply should be denied, and the pending motion(s) should be determined on the basis of all prior submissions.

                                                Respectfully,

                                                */s/ Daniel K. Cahn*
                                                Daniel K. Cahn

DKC/

Cc:     James H. Fischer (via email james.fischer@gmail.com)
          Seth L. Hudson, Esq. (via email shudson@worldpatents.com)