```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/15/17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                          :
JAMES H. FISCHER,                                         :
                                                          :   14 Civ. 1304 (PAE)
                                    Plaintiff,            :   14 Civ. 1307 (PAE)
                                                          :
                  -v-                                     :        ORDER
                                                          :
STEPHEN T. FORREST, SANDRA F. FORREST,                    :
                                                          :
                                    Defendants.           :
                                                          :
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On October 8, 2014, plaintiff moved for leave to file a sur-reply to defendants' motion to dismiss and attached his proposed sur-reply. Dkt. 38, 39. On October 14, 2014, defendants filed a letter opposing plaintiff's request. Dkt. 40.

Neither the Federal Rules of Civil Procedure nor this Court's Individual Rules authorize sur-replies. *See Kapiti v. Kelly*, No. 07 Civ. 3782 (RMB) (KNF), 2008 WL 754686, at *1 n. 1 (S.D.N.Y. Mar. 12, 2008) (citation omitted) ("Allowing parties to submit sur-replies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs."). However, "courts have broad discretion to consider arguments in a sur-reply." *Newton v. City of New York*, 738 F.Supp.2d 397, 417 n.11 (S.D.N.Y. 2010); *see also Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (collecting cases). In light of plaintiff's *pro se* status, the Court declines to strike the sur-reply from the record. Instead, the Court will consider plaintiff's sur-reply to the extent it is consistent with plaintiff's prior submissions.

No further sur-replies will be accepted by any party to this action.

SO ORDERED.

_____
Paul A. Engelmayer
United States District Judge

Dated: October 15, 2014
       New York, New York