UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| JAMES H. FISCHER | Plaintiff | : Case 14cv1304(PAE) |
| | | : Case 14cv1307(PAE) |
| v. | | : |
| STEPHEN T. FORREST, JR and | | : |
| SANDRA F. FORREST | Defendants | : |

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/15

## MOTION UNDER RULE 19 AND RULE 20 OF FRCP
## TO ADD MR. SHANE GEBAUER AS A PARTY

In 14cv1304 Doc # 47, this court denied Plaintff's request that the Court consider appointing a receiver or attaching Defendants' assets. The Court said:

> "Accordingly, the transfer of assets began several years before Fischer commenced this action in February 2014..."

As this Court has preliminary ruled that "transfer of assets began" before this action was commenced, then Plaintiff is left with no other recourse but to respectfully request that the Court join Shane Gebauer, as a required defendant to 14cv1304 and 14cv1307 under Rule 19 of the FRCP. In the alternative, Defendant requests leave of the Court to join Shane Gebauer as a defendant in both actions under Rule 20 of the FRCP.

## DISCUSSION

**RULE 19**

Under Rule 19(a)(1)(a) of the FRCP, a party must be joined as a defendant if "in that person's absence, the court cannot accord complete relief among existing parties." Here, the Court cannot accord complete relief to Plaintiff without providing recourse against all parties who meet the criteria outlined in the section "Personal Liability of Corporate Officers" in the Complaints.

Since the Court has now ruled that Shane Gebauer was an "owner, shareholder, or officer" prior to the acts that prompted these suits, and as either "President" or "General Manager", he "works full-time, directing, controlling, and ratifying the activities of the business in a hands-on manner, on a day-to-day basis, managing all details of operations" and he has "the individual right and ability to supervise all acts in their company", and "shares an obvious and direct financial interest in all activities", he must be added as a defendant.[1]

## RULE 20

Under Rule 20(a)(2) of the FRCP, the Court may join a party as a defendant if (a) a right to relief is asserted against them that arises out of the same series of transactions or occurrences and (b) any question of law or fact common to all defendants will arise in the action. These requirements are met because the Amended Complaints target those who have an individual right and ability to supervise acts of infringement in their business, and share an obvious and direct financial interest in all activities. The questions of law or fact at issue in these cases apply equally to Shane Gebauer and the current Defendants.

## CONCLUSION

For the forgoing reasons, the Court should join Shane Gebauer as a required party to these actions under Rule 19 or as a permissive party under Rule 20 of the FRCP.

Respectfully submitted,

*signature*   1/22/15
JAMES FISCHER
*Plaintiff*

---

[1] Save for the cryptic comment suddenly made by the Defense in October 2014, "Defendants are not sole shareholders..." (14cvl307 Doc #56, Pg 2), both Plaintiff and the Court would have remained misled as to the actual owners and officers of this privately-held, closely-held legal fiction.