```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
JAMES H. FISCHER,                   :

                Plaintiff,          :    14 Civ. 1304 (PAE)(HBP)

    -against-                       :    14 Civ. 1307 (PAE)(HBP)

SANDRA F. FORREST, et al.,          :

                Defendants.         :
-----------------------------------X
JAMES H. FISCHER,                   :

                Plaintiff,          :

    -against-                       :    SCHEDULING ORDER

STEPHEN T. FORREST, Jr., et al.,    :

                Defendants.         :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

An initial pretrial conference having been held on February 10, 2015, for the reasons stated on the record in open court and with the consent of counsel, it is hereby ORDERED that:

1. All disclosures required by Rule 26(a)(1) shall be made no later than March 12, 2015.

2. Any motions to amend the pleadings or to join additional parties shall be made by April 13, 2015.

3. All fact discovery in this matter shall be completed no later than November 10, 2015.

4. The parties shall report for a settlement conference on November 20, 2015 at 10:00 a.m. in Courtroom 18A, United States Courthouse, 500 Pearl Street, New York, New York 10007. A copy of my procedures for settlement conferences is annexed hereto.

5. Dispositive motions, if any, shall be made no later than December 11, 2015.

6. The Pretrial Order, in the form required by Judge Engelmayer's rules, along with all other pretrial submissions required by Judge Engelmayer, shall be filed on January 11, 2016, or thirty days after the final decision on any dispositive motion (if the pretrial order is still necessary after such decision), whichever date is later. Plaintiff shall serve a draft of his portion of the Pretrial Order on counsel for defendants no later than fifteen days prior to the Pretrial Order's due date. For the convenience of all parties, a copy of Judge Engelmayer's rules is available on the Court's website: www.nysd.uscourts.gov.

Dated: New York, New York
February 10, 2015

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

2

Copies transmitted to:

Mr. James H. Fischer
P.O. Box 287048
New York, New York 10128

Daniel K. Cahn, Esq.
Law Offices of Cahn & Cahn, P.C.
22 High Street
Huntington, New York 11743

BRUCE HAMPTON
COURTROOM DEPUTY
(212) 805-6112

**Procedures Applicable to Cases Referred for Settlement to Magistrate Judge Henry Pitman**

1. All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential.

2. I shall function as a mediator, attempting to help parties reach agreement on terms of settlement. Efficient use of this process requires that counsel and their clients be (1) prepared for the conference and (2) candid with the mediator.

3. No later than the Friday before the initial settlement conference, counsel for each party should submit a letter, no longer than five pages, clearly marked "CONFIDENTIAL MATERIAL FOR USE AT SETTLEMENT CONFERENCE," which need not be served on other parties, succinctly stating (1) the history of settlement negotiations; (2) counsel's evaluation of the settlement value of the case and the rationale for it (not simply an "opening bid"); and (3) any other facts that would be helpful to the mediator in preparation for the conference. To assure receipt no later than 4:00 p.m. on the due date, it is recommended that pre-conference submissions be faxed to 212-805-6111.

4. At the initial settlement conference, all counsel will be expected (in the presence of each other and the parties) to make a brief presentation (usually 10 minutes) summarizing (1) the issues of fact and law which they regard as dispositive; (2) the most recent offer or demand communicated to adverse counsel; and (3) any other matters they regard as material to settlement. Although the merits of the case are relevant to settlement value, counsel are reminded that settlement conferences are not adjudicatory in nature; discussions of legal issues should be simple and straightforward, with due regard to the importance of participation by the parties in the settlement process.

5. Where all parties are represented by counsel, I shall also meet separately with each side. In these meetings, the parties and their counsel should be prepared to discuss the bases for their stated position, the amount of attorneys' fees and litigation expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears pro se, separate meetings are not ordinarily held.

4

6.   The presence in person of <u>parties</u>, as well as their lawyers, is essential to the mediation process. In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the <u>initial</u> conference are rarely granted, unless a party is in prison or lives far away from New York City. Corporate parties or labor unions should send the person with decision-making authority who gives directions to the attorney of record. <u>Where liability insurance is involved</u>, a knowledgeable representative of the carrier should attend in addition to the insured. Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement.

7.   If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8.   Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a <u>joint</u> letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9.   Except for pre-conference submissions pursuant to ¶ 3, all communications with chambers regarding pending cases must be in writing, sent by U. S. mail or facsimile transmissions, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10.  If the case is settled prior to a scheduled conference, an adjournment of up to two weeks will be granted on <u>written</u> request solely for the purpose of submitting a stipulation of dismissal to be "so ordered" by the district judge.