**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CIVIL ACTION NO.:** 14-CV-1304

JAMES H. FISCHER,

Plaintiff,

v.

STEPHEN T. FORREST, JR.
SANDRA F. FORREST, and
SHANE R. GEBAUER

Defendant.

**DEFENDANTS' STEPHEN T. FORREST JR. AND SANDRA F. FORREST'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants Stephen T. Forrest, Jr. and Sandra A. Forrest (collectively "Forrests") hereby respond to the allegations contained in the respectively numbered paragraphs of the Second Amended Complaint filed in this action by Plaintiff James H. Fischer, as set forth below:

**PRELIMINARY STATEMENT**

1.     It is admitted Plaintiff has alleged claims for copyright infringement, trademark infringement, false designations of origin, false descriptions, unfair competition, breach of contract, unfair business practices, unjust enrichment, and violation of New York Civil Rights law, but deny that any legally cognizable claim has been asserted. Except as specifically admitted herein, the remaining allegations of Paragraph 1 are denied.

2.     The allegations of Paragraph 2 are denied.

3.     The allegations of Paragraph 3 are denied.

4.     The allegations of Paragraph 4 are denied.

5.     The allegations of Paragraph 5 are denied.

6.      It is admitted Plaintiff drafted a letter dated April 5, 2011, which speaks for itself.
        Except as specifically admitted herein, the remaining allegations of Paragraph 6 are
        denied.

## THE PARTIES

7.      Upon information and belief, it is admitted Plaintiff resides in Manhattan and
        distributes a product called Fischer's Bee-Quick, and Plaintiff is Director of
        Education for the Honey Bee Conservatory and teaches courses.  Except as
        specifically admitted here, the remaining allegations of Paragraph 7 are denied.

8.      The allegations of Paragraph 8 are denied.

9.      The allegations of Paragraph 9 are denied.

9a.     The allegations of Paragraph 9a are denied.

10.     It is admitted Exhibit 1 speaks for itself.  Except as specifically admitted herein, the
        remaining allegations of Paragraph 9 are denied.

## JURISDICTION AND VENUE

11.     The Forrests admit 17 U.S.C. § 101 *et. seq.* refers to the Copyright Act and 15 U.S.C.
        §1051 *et. seq.* refers to the Lanham Act.  Except as specifically admitted herein, the
        remaining allegations of Paragraph 11 are denied.

12.     The Forrests admit 28 U.S.C. §§ 1331, 1332, and 1338 provide original jurisdiction to
        the district court and subject matter jurisdiction to civil actions arising under the laws
        of the United States and for civil actions arising under any Act of Congress related to
        trademarks and related actions, but denies any legal cognizable claim has been
        asserted by Plaintiff.  Except as specifically admitted herein, the allegations of
        Paragraph 12 are denied.

13.     The Forrests admit this Court has jurisdiction over claims involving the Lanham Act,
and 28 U.S.C. §§ 1331, 1332, and 1338 provide original jurisdiction to the district
court and subject matter jurisdiction to civil actions arising under the laws of the
United States and for civil actions arising under any Act of Congress related to
copyrights, trademarks and related actions, but denies any legal cognizable claim has
been asserted by Plaintiff.  Except as specifically admitted herein, the allegations of
Paragraph 13 are denied.

14.     The allegations of Paragraph 14 are denied.

15.     The allegations of Paragraph 15 are denied.

## PERSONAL LIABILITY OF CORPORATE OFFICERS

16.     The allegations of Paragraph 16 are denied.

17.     The allegations of Paragraph 17 are denied.

18.     The allegations of Paragraph 18 are denied.

19.     The allegations of Paragraph 19 are denied.

## FACTUAL ALLEGATIONS RELATING TO ALL CLAIMS

20.     The allegations of Paragraph 20 are denied.

21.     The allegations of Paragraph 21 are denied.

22.     The allegations of Paragraph 22 are denied.

23.     The allegations of Paragraph 23 are denied.

24.     The allegations of Paragraph 24 are denied.

25.     The Forrests lack sufficient information or knowledge to form an opinion as to the
allegations contained in Paragraph 25 of the Second Amended Complaint, and
therefore denies the same and demands strict proof thereof.

26.     The Forrests lack sufficient information or knowledge to form an opinion as to the

        allegations contained in Paragraph 26 of the Second Amended Complaint, and

        therefore denies the same and demands strict proof thereof.

27.     The Forrests lack sufficient information or knowledge to form an opinion as to the

        allegations contained in Paragraph 27 of the Amended Complaint, and therefore

        denies the same and demands strict proof thereof.

28.     The Forrests lack sufficient information or knowledge to form an opinion as to the

        allegations contained in Paragraph 28 of the Amended Complaint, and therefore

        denies the same and demands strict proof thereof.

29.     The allegations of Paragraph 29 are denied.

30.     The allegations of Paragraph 30 are denied.

31.     The allegations of Paragraph 31 are denied.

32.     It is admitted Exhibit 3 speaks for itself.  Except as specifically admitted herein, the

        remaining allegations of Paragraph 32 are denied.

33.     The allegations of Paragraph 33 are denied.

34.     The allegations of Paragraph 34 are denied.

## COPYRIGHT COMPLAINTS
### Factual Allegations Relating To All Copyright Claims

35.     The Forrests repeat and incorporate herein by reference its responses to the

        allegations of Paragraphs 1 through 34 of the Second Amended Complaint as if set

        forth fully herein.

36.     The Forrests lack sufficient information or knowledge to form an opinion as to the

        allegations contained in Paragraph 36 of the Second Amended Complaint, and

        therefore denies the same and demands strict proof thereof.

37.   The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 37 of the Second Amended Complaint, and therefore denies the same and demands strict proof thereof.

38.   The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 39 of the Second Amended Complaint, and therefore denies the same and demands strict proof thereof.

39.   The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 39 of the Second Amended Complaint, and therefore denies the same and demands strict proof thereof.

40.   The allegations of Paragraph 40 are denied.

41.   The allegations of Paragraph 41 are denied.

42.   The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 42 of the Second Amended Complaint, and therefore denies the same and demands strict proof thereof.

43.   The allegations of Paragraph 43 are denied.

44.   The allegations of Paragraph 44 are denied.

45.   The allegations of Paragraph 45 are denied.

46.   The allegations of Paragraph 46 are denied.

47.   The allegations of Paragraph 47 are denied.

48.   The allegations of Paragraph 48 are denied.

49.   It is admitted the website listing speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 49 are denied.

50.    It is admitted the web pages speak for themselves.  Except as specifically admitted herein, the remaining allegations of Paragraph 50 are denied.

51.    The allegations of Paragraph 51 are denied.

52.    The allegations of Paragraph 52 are denied.

53.    The allegations of Paragraph 53 are denied.

54.    The allegations of Paragraph 54 are denied.

55.    The allegations of Paragraph 55 are denied.

56.    The allegations of Paragraph 56 are denied.

57.    The allegations of Paragraph 57 are denied.

58.    The allegations of Paragraph 58 are denied.

59.    The allegations of Paragraph 59 are denied.

60.    The Forrest lacks sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 60 of the Second Amended Complaint, and therefore denies the same and demands strict proof thereof.

61.    The allegations of Paragraph 61 are denied.

62.    The allegations of Paragraph 62 are denied.

63.    The allegations of Paragraph 63 are denied.

64.    The allegations of Paragraph 64 are denied.

65.    The allegations of Paragraph 65 are denied.

66.    The allegations of Paragraph 66 are denied.

67.    The allegations of Paragraph 67 are denied.

68.    The allegations of Paragraph 68 are denied.

69.    The allegations of Paragraph 69 are denied.

70.     It is admitted Exhibit 15 and 16 speak for themselves.  Except as specifically
        admitted herein, the remaining allegations of Paragraph 70 are denied.

71.     The allegations of Paragraph 71 are denied.

72.     The allegations of Paragraph 72 are denied.

73.     The allegations of Paragraph 73 are denied.

## 1st Complaint – Copyright Infringement – Work (a)

74.     The Forrests repeat and incorporate herein by reference its responses to the
        allegations of Paragraphs 1 through 73 of the Second Amended Complaint as if set
        forth fully herein.

75.     It is admitted Plaintiff has made claims for copyright infringement, but denies any
        legally cognizable claim has been asserted.  Except as specifically admitted herein,
        the remaining allegations of Paragraph 75 are denied.

76.     The allegations of Paragraph 76 are denied.

## 2nd Complaint – Copyright Infringement – Work (b)

77.     The Forrests repeat and incorporate herein by reference its responses to the
        allegations of Paragraphs 1 through 76 of the Second Amended Complaint as if set
        forth fully herein.

78.     It is admitted Plaintiff has made claims for copyright infringement, but denies any
        legally cognizable claim has been asserted.  Except as specifically admitted herein,
        the remaining allegations of Paragraph 78 are denied.

79.     The allegations of Paragraph 79 are denied.

**3rd Complaint – Copyright Infringement – Work (c)**

80.    The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 79 of the Second Amended Complaint as if set forth fully herein.

81.    It is admitted Plaintiff has made claims for copyright infringement, but denies any legally cognizable claim has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 81 are denied.

82.    The allegations of Paragraph 82 are denied.

**4th Complaint – Copyright Infringement – Work (d)**

83.    The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 82 of the Second Amended Complaint as if set forth fully herein.

84.    It is admitted Plaintiff has made claims for copyright infringement, but denies any legally cognizable claim has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 84 are denied.

85.    The allegations of Paragraph 85 are denied.

**5th Complaint – Copyright Infringement – Product Photo**

86.    The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 85 of the Second Amended Complaint as if set forth fully herein.

87.    It is admitted Plaintiff has made claims for copyright infringement, but denies any legally cognizable claim has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 87 are denied.

88.     The allegations of Paragraph 88 are denied.

**DMCA COMPLAINTS**
**Factual Allegations Relating To All DMCA Complaints**

89.     The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 89 of the Second Amended Complaint as if set forth fully herein.

90.     The allegations of Paragraph 90 are denied.

91.     The allegations of Paragraph 91 are denied.

92.     The allegations of Paragraph 92 are denied.

93.     The allegations of Paragraph 93 are denied.

### 6th Complaint – Removal of Copyright Management Information – Work (a)

94.     The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 93 of the Second Amended Complaint as if set forth fully herein.

95.     It is admitted Plaintiff has made claims for removal of copyright management information, but denies any legally cognizable claims has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 95 are denied.

96.     The allegations of Paragraph 96 are denied.

97.     The allegations of Paragraph 97 are denied.

98.     The allegations of Paragraph 98 are denied.

### 7th Complaint – Removal of Copyright Management Information – Work (b)

99.     The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 98 of the Second Amended Complaint as if set forth fully herein.

100.     It is admitted Plaintiff has made claims for removal of copyright management information, but denies any legally cognizable claims has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 100 are denied.

101.     The allegations of Paragraph 101 are denied.

102.     The allegations of Paragraph 102 are denied.

103.     The allegations of Paragraph 103 are denied.

**8th Complaint – Removal of Copyright Management Information – Work (c)**

104.     The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 103 of the Second Amended Complaint as if set forth fully herein.

105.     It is admitted Plaintiff has made claims for removal of copyright management information, but denies any legally cognizable claims has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 105 are denied.

106.     The allegations of Paragraph 106 are denied.

107.     The allegations of Paragraph 107 are denied.

108.     The allegations of Paragraph 108 are denied.

**9th Complaint – Removal of Copyright Management Information – Work (d)**

109.     The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 108 of the Second Amended Complaint as if set forth fully herein.

110.     It is admitted Plaintiff has made claims for removal of copyright management information, but denies any legally cognizable claims has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 110 are denied.

111.   The allegations of Paragraph 111 are denied.

112.   The allegations of Paragraph 112 are denied.

113.   The allegations of Paragraph 113 are denied.

**10th Complaint – Removal of Copyright Management Information – Work (e)**

114.   The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 113 of the Second Amended Complaint as if set forth fully herein.

115.   It is admitted Plaintiff has made claims for removal of copyright management information, but denies any legally cognizable claims has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 115 are denied.

116.   The allegations of Paragraph 116 are denied.

117.   The allegations of Paragraph 117 are denied.

118.   The allegations of Paragraph 118 are denied.

**TRADEMARK COMPLAINTS**
**Factual Allegations Relating To All Trademark Complaints**

119.   The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 118 of the Second Amended Complaint as if set forth fully herein.

120.   The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 120 of the Second Amended Complaint, and therefore denies the same and demands strict proof thereof.

121.   The allegations of Paragraph 121 are denied.

122.   The allegations of Paragraph 122 are denied.

123.   The allegations of Paragraph 123 are denied.

124.   The Forrests admit Plaintiff drafted a letter dated April 5, 2011, which speaks for itself, but lacks information and belief as to the URL address provided.  Except as specifically admitted herein, the remaining allegations of Paragraph 124 are denied.

125.   The Forrests lack sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 125 of the Second Amended Complaint, as it is unclear, and therefore denies the same and demands strict proof thereof.

126.   The allegations of Paragraph 126 are denied.

127.   The allegations of Paragraph 127 are denied.

128.   The allegations of Paragraph 128 are denied.

129.   The allegations of Paragraph 129 are denied.

130.   The allegations of Paragraph 130 are denied.

131.   The allegations of Paragraph 131 are denied.

132.   The allegations of Paragraph 132 are denied.

133.   The allegations of Paragraph 133 are denied.

134.   The allegations of Paragraph 134 are denied.

135.   The allegations of Paragraph 135 are denied.

136.   The allegations of Paragraph 136 are denied.

137.   The allegations of Paragraph 137 are denied.

### 11th Complaint – Use of a Counterfeit Mark In Commerce – Two Photos

138.   The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 137 of the Second Amended Complaint as if set forth fully herein.

139.   It is admitted Exhibit 10 speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 139 are denied.

140.   The allegations of Paragraph 140 are denied.

141.   The allegations of Paragraph 141 are denied.

142.   The allegations of Paragraph 142 are denied.

**12th Complaint – Use of a Counterfeit Mark In Commerce – A 3rd Photo**

143.   The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 142 of the Second Amended Complaint as if set forth fully herein.

144.   The allegations of Paragraph 144 are denied.

145.   The allegations of Paragraph 145 are denied.

146.   The allegations of Paragraph 146 are denied.

147.   The allegations of Paragraph 147 are denied.

**13th Complaint – Use of a Counterfeit Mark in Commerce – In A Website URL**

148.   The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 147 of the Second Amended Complaint as if set forth fully herein.

149.   It is admitted Exhibit 12 speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 149 are denied.

150.   The allegations of Paragraph 150 are denied.

151.   The allegations of Paragraph 151 are denied.

152.   The allegations of Paragraph 152 are denied.

153.   The allegations of Paragraph 153 are denied.

154.    The allegations of Paragraph 154 are denied.

**14th Complaint – Use of a Counterfeit Mark In Commerce – In A 2nd Website URL**

155.    The Forrests repeat and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 155 of the Second Amended Complaint as if set forth fully herein.

156.    It is admitted Exhibit 13 speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 156 are denied.

157.    The allegations of Paragraph 157 are denied.

158.    The allegations of Paragraph 158 are denied.

159.    The allegations of Paragraph 159 are denied.

160.    The allegations of Paragraph 160 are denied.

161.    The allegations of Paragraph 161 are denied.

## RIGHT OF PUBLICITY COMPLAINT

162.    The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 161 of the Second Amended Complaint as if set forth fully herein.

163.    The allegations of Paragraph 163 are denied.

**Plaintiff's Use and Protection of His Valuable Professional Persona**

164.    The allegations of Paragraph 164 are denied.

165.    The allegations of Paragraph 165 are denied.

166.    The allegations of Paragraph 166 are denied.

167.    The allegations of Paragraph 167 are denied.

168.    The allegations of Paragraph 168 are denied.

**Defendants Violated Plaintiff's Right of Publicity by Misusing Plaintiff's Name**

169.    The allegations of Paragraph 169 are denied.

170.    The allegations of Paragraph 170 are denied.

171.    The allegations of Paragraph 171 are denied.

172.    The allegations of Paragraph 172 are denied.

173.    The allegations of Paragraph 173 are denied.

174.    The allegations of Paragraph 174 are denied.

175.    The allegations of Paragraph 175 are denied.

176.    The allegations of Paragraph 176 are denied.

177.    The allegations of Paragraph 177 are denied.

178.    The Forrests admit Plaintiff drafted a letter dated April 5, 2011, which speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 178 are denied.

**15th Complaint – Federal Right of Publicity Claim (Section 43(a) of the Lanham Act)**

179.    The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 178 of the Second Amended Complaint as if set forth fully herein.

180.    The allegations of Paragraph 180 are denied.

181.    The allegations of Paragraph 181 are denied.

182.    The allegations of Paragraph 182 are denied.

183.    The allegations of Paragraph 183 are denied.

184.    The allegations of Paragraph 184 are denied.

185.    The allegations of Paragraph 185 are denied.

186.    The allegations of Paragraph 186 are denied.

187.    The allegations of Paragraph 187 are denied.

188.    The allegations of Paragraph 188 are denied.

**16th Complaint – NY State Right of Publicity Claim (NY Civil Rights Law §50 and 51)**

189.    The Forrests repeat and incorporate herein by reference its responses to the

allegations of Paragraphs 1 through 188 of the Second Amended Complaint as if set

forth fully herein.

190.    The allegations of Paragraph 190 are denied.

191.    The allegations of Paragraph 191 are denied.

192.    The allegations of Paragraph 192 are denied.

193.    The allegations of Paragraph 193 are denied.

194.    The Forrests admit Plaintiff drafted a letter dated April 5, 2011, which speaks for

itself.  Except as specifically admitted herein, the remaining allegations of Paragraph

194 are denied.

195.    The allegations of Paragraph 195 are denied.

196.    The allegations of Paragraph 196 are denied.

197.    The allegations of Paragraph 197 are denied.

198.    The allegations of Paragraph 198 are denied.

**17th Complaint – Right of Publicity Claim**
**(Common Law Unfair Competition and Personal Injury)**

199.    The Forrests repeat and incorporate herein by reference its responses to the

allegations of Paragraphs 1 through 198 of the Second Amended Complaint as if set

forth fully herein.

200.    The allegations of Paragraph 200 are denied.

201.    The allegations of Paragraph 201 are denied.

202.    The allegations of Paragraph 202 are denied.

203.    The allegations of Paragraph 203 are denied.

204.    The allegations of Paragraph 204 are denied.

205.    The allegations of Paragraph 205 are denied.

206.    The allegations of Paragraph 206 are denied.

## 18th Complaint – False Advertising

207.    The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 206 of the Second Amended Complaint as if set forth fully herein.

208.    It is admitted Exhibit 8 speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 208 are denied.

209.    The allegations of Paragraph 209 are denied.

210.    The allegations of Paragraph 210 are denied.

211.    The allegations of Paragraph 211 are denied.

212.    The allegations of Paragraph 212 are denied.

213.    The allegations of Paragraph 213 are denied.

214.    The allegations of Paragraph 214 are denied.

215.    The allegations of Paragraph 215 are denied.

216.    The allegations of Paragraph 216 are denied.

217.    The allegations of Paragraph 217 are denied.

218.    The allegations of Paragraph 218 are denied.

219.    The allegations of Paragraph 219 are denied.

220.    The allegations of Paragraph 220 are denied.

### 19th Complaint – Unfair Business Practices Under NY GBL § 349

221.    The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 220 of the Second Amended Complaint as if set forth fully herein.

222.    The allegations of Paragraph 222 are denied.

223.    The allegations of Paragraph 223 are denied.

224.    The allegations of Paragraph 224 are denied.

225.    The allegations of Paragraph 225 are denied.

226.    The allegations of Paragraph 226 are denied.

227.    The allegations of Paragraph 227 are denied.

228.    The allegations of Paragraph 228 are denied.

229.    The allegations of Paragraph 229 are denied.

230.    The allegations of Paragraph 230 are denied.

### 20th Complaint – Breach of Contract (UCC-1)

231.    The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 230 of the Second Amended Complaint as if set forth fully herein.

232.    The allegations of Paragraph 232 are denied.

233.    The allegations of Paragraph 233 are denied.

234.    The allegations of Paragraph 234 are denied.

235.    The allegations of Paragraph 235 are denied.

236.    The allegations of Paragraph 236 are denied.

237.   The allegations of Paragraph 237 are denied.

238.   The allegations of Paragraph 238 are denied.

239.   The allegations of Paragraph 239 are denied.

### 21st Complaint – Unjust Enrichment

240.   The Forrests repeat and incorporate herein by reference its responses to the allegations of Paragraphs 1 through 239 of the Second Amended Complaint as if set forth fully herein.

241.   The allegations of Paragraph 241 are denied.

242.   The allegations of Paragraph 242 are denied.

243.   The allegations of Paragraph 243 are denied.

244.   The allegations of Paragraph 244 are denied.

245.   The allegations of Paragraph 245 are denied.

246.   The allegations of Paragraph 246 are denied.

### FOR A FIRST DEFENSE

(Failure to State a Claim as to All Counts)

Plaintiff fails to state facts sufficient to constitute a cause of action against the Forrests.

### FOR A SECOND DEFENSE

(Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over the Forrests.

### FOR A THIRD DEFENSE

(Equitable Defenses)

Plaintiff's claims for relief are barred by the doctrine of laches, estoppel, waiver and acquiescence.

**FOR A FOURTH DEFENSE**

(Lack of Standing as to All Counts)

Plaintiff's claims are barred, in whole or in part, for lack of standing.

**FOR A FIFTH DEFENSE**

(No injury as to All Counts)

Plaintiff has not suffered any damage or injury as a result of any act or conduct by the Forrests.

**FOR A SIXTH DEFENSE**

(No Causation as to All Counts)

Plaintiff's damages, if any, were not caused, in whole or in part, by the alleged conduct of the Forrests.

**FOR A SEVENTH DEFENSE**

(Copyright Invalidity)

Plaintiff's alleged copyrights are invalid because, among other reasons, the content of the alleged works is in the public domain, the alleged works are not original, and the alleged works are not copyrightable in the first instance.  Because its alleged copyrights are invalid, they are incapable of being violated.

**FOR AN EIGHT DEFENSE**

(Statute of Limitations)

Plaintiff's claims are subject to all applicable statute of limitations which act as a bar to all claims arising or accruing outside of the statute of limitations.

## FOR A NINTH DEFENSE

### (Sole Negligence)

Plaintiff has failed to take reasonable action to protect its alleged trademark. Whatever damages were suffered by Plaintiff, if any, were due to, were caused by, and, in fact, the direct and proximate result of Plaintiff's sole and willful acts, recklessness, and/or negligence.

## FOR A TENTH DEFENSE

### (Waiver/Estoppel)

Plaintiff fails to allege any facts to support it made any reasonable efforts to protect the alleged "mark" over the course of many years, allowing it to be freely reproduced and used by many others.

## FOR AN ELEVENTH DEFENSE

### (Fair Use)

Plaintiff's claim for copyright infringement is barred, in whole or in part, by the doctrine of fair use and because, without admitting copying of Plaintiff's alleged works, any alleged portion of Plaintiff's works that was used was so *de minimis* as to make no difference.

## FOR A TWELTH DEFENSE

### (Reservation and Non-Waiver)

The Forrests reserves the right to set forth such other defenses as may be appropriate.

## FOR A THIRTEENTH DEFENSE

### (Copyright Misuse)

Plaintiff has wrongfully sought to use the claimed copyright and copyright registrations to exclude or restrain competition in violation of applicable antitrust and unfair competition laws

and, thus, Plaintiff's copyright infringement claim is barred by its unclean hands and copyright misuse.

## FOR A FOURTEENTH DEFENSE

### (Works Not Protected)

Plaintiff's claims for copyright infringement are barred, in whole or in part, because any portions of Plaintiff's work that were allegedly copied were not protectable in the first instance as part of the public domain.

## FOR A FIFTEENTH DEFENSE

### (Merger)

Plaintiff cannot claim copyright protection for short phrases as there may be only one way to express and idea and its expression are inseparable, thus copyright is no bar to the copying of that expression, and alternatively, if multiple ways of expression exist, logic effectively limits that acceptable range or choices.

## FOR A SIXTEENTH DEFENSE

### (Words and Short Phrases Are Not Protectable)

Plaintiff's alleged copyrights are words and short phrases that are not copyrightable.

## FOR A SEVENTEENTH DEFENSE

### (Independent Creation)

Plaintiff's claims, including, without limitation, for copyright infringement are barred because Defendants independently created the works that are alleged to violate Plaintiff's rights.

**FOR AN EIGHTEENTH DEFENSE**

(Abandonment)

Plaintiff's claim for copyright and trademark infringement are barred his abandonment of the alleged copyrights and trademarks.

**FOR A NINETEENTH DEFENSE**

(Authorization/Implied License)

Plaintiff's claims are barred because any and all alleged use of Plaintiff's materials was within the scope of authorization and/or the nonexclusive implied license granted by Plaintiff.

**FOR A TWENTIETH DEFENSE**

(Preemption)

Plaintiff's state law claims are barred to the extent they seek only to enforce rights already protected by the U.S. Copyright Act and thus, are preempted by the same.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Forrests pray for a Judgment as follows:

1.     Dismissing all of Plaintiff's claims and awarding attorney's fees and costs to the Forrests;

2.     Dismissing with prejudice Plaintiff's action and all claims against the Forrests for monetary relief;

3.     That Plaintiff have and recover nothing from the Forrests;

4.     Awarding the Forrests such other and further relief as the Court may deem just and proper; and

5.     That all triable issues be brought before a jury.

Respectfully submitted, this the 23rd day of February, 2015.

LAW OFFICES OF CAHN & CAHN, P.C.
*Attorneys for Defendant*

By:*/s/ Daniel K. Cahn*
Daniel K. Cahn, Esq. (DC9791)
Office and P.O. Address
22 High Street, Suite #3
Huntington, NY 11743
(631) 752-1600

– and –

CLEMENTS BERNARD, PLLC
*Co-counsel for Defendant*
1901 Roxborough Road, Suite 250
Charlotte, NC 28211
(704) 790-3600