UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES H. FISCHER,<br><br>                    Plaintiff,<br><br>v.<br><br>STEPHEN T. FORREST, Jr., SANDRA F. FORREST, and SHANE R. GEBAUER,<br><br>                    Defendants. | **CIVIL ACTION NO.:** 14-CV-1304 |

**DEFENDANT SHANE R. GEBAUER'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

## **TABLE OF CONTENTS**

Preliminary Statement..................................................................................................................1

Statement Of Facts/Procedural History ......................................................................................1

Standard Of Review On A Rule 12(B)(6) Motion To Dismiss ......................................................3

The Applicable 3-Year Statute Of Limitations Bars Fischer's Copyright Infringement Claim.......4

The Applicable 1-Year Statute Of Limitations Bars Fischer's Section 51 Right Of Publicity Claim..............................................................................................................................................6

Conclusion ....................................................................................................................................6

# **TABLE OF AUTHORITIES**

1. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (May 18, 2009)...............3

2. *Auscape International v. National Geographic Society*, 409 F. Supp. 2d 235 (S.D.N.Y. 2004).......................................................................................................................................4

3. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ......................................................................................................................................3

4. *Cmty. For Creative Non-Violence v. Reid*, 490 U.S. 730, 749 (1989) .....................................4

5. *Harris v. Simon & Schuster, Inc.*, 646 F. Supp. 2d 622, 630 (S.D.N.Y. 2009) ........................4

6. *Merchant v. Levy*, 92 F.3d 51, 57 (2d Cir. 1996).....................................................................4

7. *Software for Moving, Inc. v. Frid*, 09 CIV 4341 DLC, 2010 WL 2143670 (S.D.N.Y. May 27, 2010).................................................................................................................................3

I.   **PRELIMINARY STATEMENT**

This Memorandum of Law is respectfully submitted by the Defendant, Shane R. Gebauer, in support of this motion to dismiss the copyright and the New York Right of Publicity Claims brought under N.Y. Civil Rights Law §51 of the Second Amended Complaint in 14cv1304 filed on February 3, 2015.  The copyright claims, including the claims under the DMCA, and the New York Right of Publicity Claims are barred by the applicable statute of limitations.  The Second Amended Complaint purports to state a claim for copyright infringement, including claims under the DMCA provision of the copyright act, and right of publicity claims for postings on a website and catalog that were published in March 2011. Plaintiff, however, has failed to bring his copyright claims within the applicable three-year statute of limitations, which began running when Brushy Mountain Bee Farm, Inc. published the alleged infringing works in March 2011.  Likewise, Plaintiff failed to being his §51 claims within the one-year statute of limitations, which also began running on March 2011.  As a result, the copyright and §51 Claims in the Second Amended Complaint against Mr. Gebauer should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

II.   **STATEMENT OF FACTS/PROCEDURAL HISTORY**

The following facts are alleged in the Second Amended Complaint and other documents that may be considered on a motion to dismiss.  These facts are taken as true only for the purposes of this motion.

Plaintiff, James H. Fischer ("Fischer"), invented a new product for aiding beekeepers in harvesting honey named "Fisher's Bee Quick." (Second Amend. Compl. ¶24).  In 1999, Fischer

1

created copyrightable works that were displayed on his website, which were later registered. (Second Amended Compl. ¶¶ 36, 38, 39).

Shane Gebauer "Gebauer" is the General Manager of Brushy Mountain Bee Farm, Inc. ("Brushy Mountain Bee Farm") (Second Amend. Compl. ¶9a). Brushy Mountain operates a mail order business and by agreement sold Fischer's Bee Quick product. (Second Amend. Compl. ¶30). In connection with this agreement, Fischer authorized Brushy Mountain to use his copyrighted works (Second Amend. Compl. ¶¶ 30, 31).

On December 20, 2010, Brushy Mountain terminated the relationship with Fischer. (Second Amend. Compl. ¶32). In March 2011, "Plaintiff became aware that Defendants had infringed Plaintiff's Works in Defendants' 2011 online ordering website." (Second Amend. Compl. ¶58). Fischer continues to aver "[t]he acts performed to infringe Plaintiff's Works included multiple overt, deliberate, knowing, and willful acts, each act deliberately ordered by, supervised by, and approved by the Defendants in or about March of 2011...." (Second Amend. Compl. ¶66). Fischer further provides Brushy Mountain's 2011 sales order website, the URL for the 2011 sales order website, and the content of the 2011 web page as Exhibits to his Second Amended Complaint. (Second Amend. Compl. ¶¶54, 55, and 56; Ex. 8).

On February 27, 2014, Fischer filed two almost identical actions against Stephen Forrest. 14. Civ. 1304 and 14 Civ. 1307. Fischer subsequently amended his Complaints in both cases and named Stephen Forrest's wife, Sandra, as a Defendant. On February 3, 2015, Fischer filed a Second Amended Complaint in both actions and named Gebauer as a Defendant, well after the statute of limitations had run for the copyright and §51 right of publicity claims.

### III.     STANDARD OF REVIEW ON A RULE 12(B)(6) MOTION TO DISMISS

The statute of limitations for a federal copyright infringement action is three (3) years (See 17 U.S.C. § 507(b)) and one (1) year for claims brought under N.Y. Civil Rights Law §51 (N.Y. Civ. Prac. Law & Rules, § 215(3)).  A trial court considering a Rule 12(b)(6) motion accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the defendant's favor. To survive dismissal, a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level. In other words, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the defendant pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   Applying the facial plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Software for Moving, Inc. v. Frid*, 09 CIV 4341 DLC,  2010 WL  2143670  (S.D.N.Y. May  27,  2010) (internal quotations and citations omitted).

Under the standard of facial plausibility, "factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  While this standard does not impose a probability requirement on the plaintiff at the pleading stage, it does require that the plaintiff demonstrate something more than the mere possibility of recovery.  *Id.* at 556.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (May 18, 2009).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal citations omitted). In the instant case, Fischer has failed to bring his copyright and §51 claims within the applicable statute of limitations.

IV. **THE APPLICABLE 3-YEAR STATUTE OF LIMITATIONS BARS FISCHER'S COPYRIGHT INFRINGEMENT CLAIM**

Enforcing the applicable statute of limitations is consistent with the Copyright Act's goal of "enhancing predictability and certainty of copyright ownership" (*Cmty. For Creative Non-Violence v. Reid*, 490 U.S. 730, 749 (1989)) as well as "the principles of repose integral to a properly functioning copyright market." *Merchant v. Levy*, 92 F.3d 51, 57 (2d Cir. 1996). These principles weigh in favor of dismissal of time-barred claims where, as in this case, Fischer has inexcusably waited over three years to bring this action against Gebauer.

The statute of limitations for a federal copyright infringement action is three (3) years. *See* 17 U.S.C. § 507(b). The majority of district courts in this Circuit have recently concluded that a copyright infringement claim accrues at the time of the alleged infringement. *See, e.g., Harris v. Simon & Schuster, Inc.*, 646 F. Supp. 2d 622, 630 (S.D.N.Y. 2009). The leading opinion on this subject is *Auscape International v. National Geographic Society*, 409 F. Supp. 2d 235 (S.D.N.Y. 2004). In *Auscape*, Judge Kaplan conducted an exhaustive review of the legislative history of the Copyright Act and concluded that the injury rule should apply to copyright infringement claims. Judge Kaplan noted that Congress' desire to impose a federal statute of limitations for copyright actions arose from the "broad dissatisfaction with the uncertainty caused by reliance on state statutes of limitation," which varied in length from state to state, and that the injury rule was consistent with the Copyright Act's "overriding goal of certainty." *Id*. at 245, 247. Judge Kaplan therefore rejected the discovery rule, reasoning that it

4

was "unlikely that Congress intended that the accrual of an infringement claim [should] depend on something as indefinite as when the copyright owner learned of the infringement." *Id*.

Under the injury rule, the three-year statute of limitations for a copyright infringement claim begins to run at the time of the alleged infringement without regard to the date on which the plaintiff first discovers the infringement. *See, e.g., Harris*, 646 F. Supp. 2d at 630. The Second Amended Complaint alleges that the relevant infringement occurred in March 2011, when Brushy Mountain Bee Farm allegedly published Fischer's copyrighted works on its website and in its catalog. Specifically, Fischer avers Defendants "methodically misappropriated Plaintiff's copyrighted [w]orks, using them without authorization in their printed catalogue and their online website…." (Second Amend. Compl. ¶47). Thus, Fischer's copyright infringement claims must be dismissed as time-barred, since the alleged infringing activity took place over three years prior to Fischer bringing his Second Amended Complaint against Gebauer.

## V. THE APPLICABLE 1-YEAR STATUTE OF LIMITATIONS BARS FISCHER'S SECTION 51 RIGHT OF PUBLICITY CLAIM

Fischer's §51 claim has been brought against Gebauer almost four (4) years after Brushy Mountain allegedly violated Fischer's Right of Publicity. Fisher alleges "[i]n or about March, 2011, Defendants ordered the creation of the website URLs" that form the basis of his right of publicity claim. (Second Amend. Compl. ¶169). Fischer even alleges in his Second Amended Complaint that he sent a cease and desist letter dated April 5, 2011 acknowledging a potential claim under §51 (Second Amend. Compl. ¶194; Exhibits 14 and 15). As with his copyright claims, Fischer has no justification for bringing these claims almost four (4) years after the statute began to run.

N.Y. Civ. Prac. Law & Rules, § 215(3) clearly indicates a Right of Publicity claim brought under §51 of the civil rights law must be commenced within one year. Fischer had until March 2012 to bring an action against Gebauer under §51, but failed to do so. Instead, Fischer brings his action against Gebauer in February 2015. As such, Fischer's §51 claim is time-barred under CPLR 215(3).

## VI.  CONCLUSION

For the foregoing reasons, Gebauer respectfully requests the Court dismiss Fischer's copyright and §51 Right of Publicity claims, and grant such other and further relief as the Court deems just and proper.

7

Dated:      March 4, 2015
                Huntington, New York

                                        LAW OFFICES OF CAHN & CAHN, P.C.
                                        *Attorneys for Defendant*

                                        By:    */s/ Daniel K. Cahn*
                                                  Daniel K. Cahn, Esq. (DC9791)
                                        Office and P.O. Address
                                        22 High Street, Suite #3
                                        Huntington, NY 11743
                                        (631) 752-1600

                                                  – and –

                                        CLEMENTS BERNARD, PLLC
                                        *Co-counsel for Defendant*
                                        1901 Roxborough Road, Suite 250
                                        Charlotte, NC 28211
                                        (704) 790-3600