LAW OFFICES OF
# CAHN & CAHN, P.C.
22 HIGH STREET, SUITE 3
HUNTINGTON, NEW YORK 11743

DANIEL K. CAHN
dcahn@cahnlaw.com

Of Counsel:
RICHARD C. CAHN
rcahn@cahnlaw.com

TELEPHONE: (631) 752-1600
FACSIMILE: (631) 752-1555
www.cahnlaw.com

March 25, 2015

***VIA FEDERAL EXPRESS***

Hon. Henry B. Pitman
U.S. Magistrate Judge
U.S. Courthouse
500 Pearl Street - Courtroom 18A
New York, NY 10007-1312

    Re: *Fischer v. Forrest et al.*
       Docket Nos. 14cv1304 and 14cv1307

Dear Magistrate Judge Pitman:

We are co-counsel for the defendants Stephen Forrest, Sandra Forrest, and Shane Gebauer in both of the above-captioned cases.

Due to an apparent computer server error, I was not aware of and did not receive a copy of the Plaintiff, Mr. Fischer's, letter to your Honor dated March 19, 2015 (attached) until today.

I wish to respond to Plaintiff's complaint that Defendants have failed to comply with Rule 26(a)(1)(A)(iv) by failing to produce, by the Rule 26(a) disclosure deadline of March 12, 2015, a copy of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

The insurance policy for Brushy Mountain Bee Farm, Inc. was transmitted to Plaintiff via email yesterday, March 24, 2015 at 2:12pm EDT – as soon as we obtained it. While we did file or Rule 26(a) initial disclosures on the deadline of March 12th, we did not yet have a copy of the insurance policy at that time. Prior to March 12, 2015, I had advised Plaintiff that we had requested a copy of the policy from the carrier and that we would produce it as soon as it was produced to us.

Law Offices Of
CAHN & CAHN, P.C.

Hon. Henry B. Pitman
March 25, 2015
Page 2

---

I have now twice offered to speak to Mr. Fischer in a Rule 26(f) telephone conference whenever he is ready, but he has refused to do so and has instead attempted to use email as a means of intimidation, harassment, and irrational and unprofessional conduct.

The fact the Plaintiff is *pro se* should not excuse such behavior, nor should it excuse his barrage of document demands sent by email without our consent, and prior to the submission of the parties' proposed discovery plan.

We reject Plaintiff's attempted service of demands contained in any correspondence sent by email or facsimile, as well as his insistence on our complying with his demands by deadlines unilaterally set by him without regard to the Federal Rules of Civil Procedure (see attached fax coversheet received this morning from Plaintiff in which he demands that we produce the shareholder list for Brushy Mountain Bee Farm, Inc. by Monday, March 30, 2015).

We have no desire to litigate the merits of the case by correspondence, nor unnecessarily involve the Court in any discovery disputes, but Plaintiff should properly serve any requests for information or documents in a formal document demand or set of interrogatories that complies with the Rules. All demands should be served on the undersigned firm via first class mail or overnight delivery. We will serve timely responses to any demands properly served upon us in accordance with the Rules.

Specifically with respect to the ownership of Brushy Mountain Bee Farm, Inc., Plaintiff has not even named Brushy Mountain Bee Farm, Inc. as a defendant in either of the two pending cases, in spite of the fact that his claims all arise out of transactions or occurrences involving the corporation. Therefore, any demands for information about the ownership of the corporation may be objectionable on the ground that it is not named as a defendant.

If your Honor has any questions please do not hesitate to contact the undersigned at any time.

Thank you.

Respectfully,

Daniel K. Cahn (DC9791)

DKC/
Enclosures

Cc: James Fischer (via email with consent: james.fischer@gmail.com)
    Seth L. Hudson, Esq. (via email: shudson@clementsbernard.com)

Hon. Henry Pitman  
United States Magistrate Judge  
US Courthouse  
500 Pearl St.  
New York, NY 10007

James Fischer  
PO Box 287048  
New York, NY 10128  
917-628-4052  
March 19, 2015

Judge Pitman:

I am the plaintiff in cases 14cv1304 and 14cv1307.

Despite my repeated, patient, good-faith efforts to resolve the issue, the Defense has still not indicated when they will comply with the requirement for timely initial Rule 26 disclosures per this Court's order.

The Court set 03/12/15 for initial Rule 26 disclosures, yet the Defense inexplicably filed ECF documents 14cv1304 #60 and 14cv1307 #80, both facially incomplete and non-compliant documents purporting to be disclosures. Of specific concern is the Defense statement:

> "The Forrests will make available the Penn National Insurance policy available for inspection and copying at a mutually convenient place and time."

This vague allusion to a future date and time is clearly not disclosure of the required document. The need for this disclosure has been well-known to the defense for months, and the March 12th deadline was set by the Court on February 10th.

The lack of timely production or at least a firm commitment to produce is inexplicable, as such documents can be faxed or scanned and emailed in a matter of minutes. One presumes that at least both the insurer and the Defendants have copies, and it is very reasonable to assume that Defense counsel has obtained a copy over the past year that they have represented the Defendants, if for no other reason than to review any coverage available to pay the defense attorneys themselves.

Further, the Defense has failed to schedule a 26(f) conference, and made no mention of a joint report, except for this statement made by Mr. Cahn via email on the 12th:

> "I am in court most of the day tomorrow but will make time to speak with you next week so that we have at least a full week to get the report together."

As of today, Thursday 3/19/15, no further statement about a meeting has been forthcoming. On the 12th, 13th, 17th, and 18th, I attempted to address and resolve these problems by email, and received non-responsive, combatively argumentative replies. No further replies have appeared since the 17th.

These delays appear to be "strategic". As I mentioned in our scheduling conference, the Forrests, who were sole owners and sole defendants when suit was filed, seem to be attempting to shield assets and/or divest themselves of major assets in exchange for future off-the-books consideration to evade a judgment in these suits.

The Forrests are now suddenly claimed to be "*former* owners of Brushy Mountain Bee Farm" in the Defense ECF filings cited above. While some minor number of "shares of stock" are known to have been transferred to new Defendant Shane Gebauer at no cost, or at below-market rates, the company as a

whole has been acquired by Hadley Capital of Wilmette, IL. Clay Brock and Scott Dicks, partners in that firm, are now listed as "Vice President" and "Secretary" on the NC State Corporation filing dated 2/16/15 for Brushy Mountain Bee Farm, as I mentioned would happen in Court on Feb 10th.

Hadley Capital focuses on "fire sale" acquisitions and rehabilitations of privately-held companies, and such acquisitions do not happen in less than a fiscal quarter, so Hadley, its partners, and any limited-partnership investors they might have aggregated are potential additional defendants, as they must have agreed, at least in principle, to buy the company during 2014, but did not order a halt to the ongoing infringement of plaintiff's exclusive rights, despite having a clear right and ability to directly control the activities of Mr. Gebauer, the former operations manager, who is now styled as "President" of the company. As majority owners, they can direct all activities, even over objections from Gebauer.

Or, Brushy itself may be designated a defendant if the Hadley partners wish to order the company to settle these suits, and thereby avoid personal liability for themselves, as they are vicariously jointly and severally liable for strict-liability torts committed during 2014, after they agreed to buy Brushy.

Plaintiff is forced to request limited discovery simply to determine who owns what and when they owned it, and which insurance policies might satisfy judgment or settlement. (To further complicate matters, on 3/5/15, Brushy announced a "merger" with "Ruhl Bee Supply" of Gladstone, Oregon, a smaller firm in the same business who acted as a sub-dealer for some of Brushy's products. It is assumed that Hadley also bought this small sole proprietorship, just as they bought Brushy.)

I request that the Court's preliminary schedule, including the 4/13/15 event date, be held in suspension and linked to the completion of court-ordered expedited discovery ordering unilateral disclosure of the following:

a) Evidence of ownership and control of Brushy Mountain Bee Farm prior to 2014
b) Evidence of ownership and control of Brushy Mountain Bee Farm in 2014
c) Evidence of current ownership and control of Brushy Mountain Bee Farm
d) The specific terms of any/all agreements to sell and/or transfer ownership and control
e) Evidence of the investors, partners, and owners of Hadley Capital
f) Any agreements between the parties in (e) and the Forrests and/or Gebauer
g) Any insurance policies held by or for any of the parties above, per Rule 26a

Clearly, I need the Court's assistance to compel production of the information required to move forward, otherwise, I would be forced to consume the Court's time with the joining of parties who merely seem to be jointly and severally liable. This would be a burden on any uninvolved parties.

Thank you for any guidance you can provide.

*[signature]*

**Recipient Information**

To:  Daniel Cahn
Fax #: 6317521555

**Sender Information**

From: James Fischer
Company: In Re: 14cv1304 14cv1307
Email address: james.fischer@gmail.com (from 24.90.179.227)
Phone #: 9176284052
Sent on: Wednesday, March 25 2015 at 10:20 AM EDT

**faxZERO.com**
send a fax for free

Per your highly irregular and unreasonable demand, here is a fax of my email request that you produce the shareholder list requested.

I expect the list no later than Monday, 3/30/15 barring any specific valid reason you might offer for delay.

This fax was sent using the FaxZero.com free fax service. FaxZero.com has a zero tolerance policy for abuse and junk faxes. If this fax is spam or abusive, please e-mail support@faxzero.com or send a fax to 855-330-1238, or phone 707-400-6360. Specify fax #14284755. We will add your fax number to the block list.