# EXHIBIT A

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES H. FISCHER<br><br>,Plaintiff<br><br>-against-<br><br><br>STEPHEN T. FORREST, JR., SANDRA F. FORREST, SHANE R. GEBAUER and BRUSHY MOUNTAIN BEE FARM, INC.<br>                           Defendants. | PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES FOR CASE 14cv1304<br><br>Case No.:<br>CV 14-1304<br>CV14-1307 |

Plaintiff by and through his attorneys, Cuomo LLC hereby supplements his previous Response to Defendants' Interrogatories for Case 14cv1304 to the Defendants' Request for Production of Documents. Plaintiff maintains and restates the general responses and objections previously set forth in his original response, dated June 2 2015:

1.   Describe with specificity all goods and services that Plaintiff has offered or intends to offer under Plaintiff's Mark including, where applicable, the dates of first use in commerce and in interstate commerce.

**Answer:**
      Describe all goods [offered under Plaintiff's Registered Trademark]
A: At present, Plaintiff brands the following classes of products with his trademark: Bee Supplies for (a) 10-frame equipment, (b) for 8-frame equipment, (c) for top-bar and other non-Langstroth hives, (d) for bee removal, and (e) through (g) for colony management for the same classes, (a)-(c).
      Describe all services [offered under Plaintiff's Registered Trademark]
A: Plaintiff offers no services.
      Describe all goods [Plaintiff intends to offer under Plaintiff's Registered Trademark]
A: Plaintiff objects as this demand seeks future proprietary plans and/or information with respect to Plaintiff's future plans. This information is irrelevant to the subject matter of this litigation, and is unlikely to lead to the discovery of relevant, admissible evidence.
      Describe all services[Plaintiff intends to offer under Plaintiff's Registered Trademark]
A: Plaintiff objects as this demand seeks future proprietary plans and/or information with respect to Plaintiff's future plans. This information is irrelevant to the subject matter of this litigation, and is unlikely to lead to the discovery of relevant, admissible evidence.

       Dates of first use in commerce [of Plaintiff's Registered Trademark]
A: Please see Plaintiff's Trademark Certificate issued by the USPTO, as attached to Plaintiff's Complaint.
       Dates of first use in interstate commerce [of Plaintiff's Registered Trademark]
A: Please see Plaintiff's Trademark Certificate issued by the USPTO, as attached to Plaintiff's Complaint.

2.     Identify all person or entities that Plaintiff is aware have used, replicated, or reproduced Plaintiff's Mark in connection with the sale, offering for sale, distribution, and/or advertising of Goods and/or Services related to the Goods and/or Services provided under Plaintiff's Mark, and indicate whether Plaintiff has given this person or entity consent, sponsorship, or authorization to use Plaintiff's Mark.

**Answer**:     Dealers engaged in the business of resale of Plaintiff's product make nominative use of Plaintiff's trademark to properly identify Plaintiff's product. The list of dealers is proprietary. The list of dealers which Plaintiff is in business with is proprietary information, irrelevant to this litigation, and unlikely to lead to the discovery of relevant, admissible evidence.

3.     Identify each person with any knowledge concerning the facts and circumstances alleged in Plaintiff's Second Amended Complaint, specifying the facts or subject matter of each person's knowledge.

**Answer**:     Plaintiff objects as this interrogatory is overly broad. Additionally, Defendants are in a better position to name witnesses, especially those associated and/or employed by Brushy Mountain Bee Farm, Inc. Without waiving his rights, Plaintiff lists the following, in addition to all parties named herein, as having knowledge concerning the facts and circumstances:

- Kim Flottum – as editor of Bee Culture Magazine
- Joe Graham – as editor of American Bee Journal
- Progress Printing Company – knowledge of usage of derivative works.

4.     Identify and describe the classes or types of purchasers to whom Plaintiff sells, or intends to sell, Plaintiff's Services and/or Goods, describing the conditions under which such Persons typically purchase or are likely to purchase said Services and/or Goods.

**Answer**:
    Identify and describe the classes or types of purchasers to whom Plaintiff sells
A: Beekeepers and owners of property.
    Or intends to sell, Plaintiff's Services and/or Goods.
A: Plaintiff objects as this demand seeks future proprietary plans and/or information with respect to Plaintiff's future plans. This information is irrelevant to the subject matter of this litigation, and is unlikely to lead to the discovery of relevant, admissible evidence.

   Describing the conditions under which such Persons typically purchase or are likely to purchase said Services and/or Goods:
A: Plaintiff has no control and/or knowledge of decisions of any person and/or entity which purchases Plaintiff's product.

5.   Identify each person who may be called to testify at trial by Plaintiff, whether by oral testimony or affidavit, and for each person so identified, provide a telephone number, address, and the topics about which the person may testify.

**Answer:**   Plaintiff objects as this interrogatory is premature. Refer to answer to #3 above for a list of potential witnesses. Plaintiff maintains his right to supplement and/or amend this interrogatory up to and including the time of trial.

6.   Identify and describe the nature and amount of sales revenue, income, and profits obtained through the sale of any Goods and/or Services bearing or associated with Plaintiff's copyrights, describing the methodology used to compute or otherwise arrive at each element and the total amount thereof.

**Answer:**   Plaintiff objects as this information is not relevant to the subject matter of this litigation, nor likely to lead to the discovery of relevant, admissible evidence. This information concerns proprietary information and/or protected trade secrets which Defendant, as direct competitor of Plaintiff, seeks to harass and/or undermine Plaintiff's proprietary interest. Plaintiff is not claiming any lost profits or opportunity claims.


7.   Identify by date, location, and specific content all promotion and advertising by or on behalf of Plaintiff that references Plaintiff's Mark and Plaintiff's Services and/or Goods associated with Plaintiff's Mark.

**Answer:**   Plaintiff objects as this information is not relevant to the subject matter of this litigation, nor likely to lead to the discovery of relevant, admissible evidence. This information concerns proprietary information and/or protected trade secrets which Defendant, as direct competitor of Plaintiff, seeks to harass and/or undermine Plaintiff's proprietary interest. However, Plaintiffs' Marks were on all the goods sold by Plaintiff. The marks were also displayed on Plaintiff's website as deposited with the Copyright office.

8.   Identify any instances of actual confusion involving Plaintiff's Mark and goods or services provided by the Forrests.

**Answer:**   Each and every sale of Defendants' "Natural Honey Harvester" product is a case of actual confusion. The action brought by Plaintiff is for Trademark Counterfeiting, not Trademark Infringement. In counterfeiting actions it is unnecessary to perform an in-depth, step-by-step examination of the likelihood of confusion because "counterfeit marks are inherently confusing". *Philip Morris USA Inc. v. Felizardo*, No. 03 Civ. 5891, 2004 WL 1375277, at *5 (S.D.N.Y. June 18, 2004).

9. Identify the individual(s) who participated in the conception, selection, and adoption of Plaintiff's Registered Trademark, describing in detail the role or participation of each such individual in such activity.

**Answer**: Plaintiff is the sole participant in the conception, selection and adoption of Plaintiff's Registered Trademark.

10. State when and how you first became aware that the Defendants were allegedly infringing your alleged copyrights.

**Answer**: Defendants mailed their 2011 catalog in March containing the infringement of Plaintiff's Registered Copyrighted Works. A subsequent review of Defendants' website revealed the addition infringement on Defendant's website of both Plaintiff's Registered Copyrighted Works and Registered Trademark.

11. Please provide an accounting of all damages you are seeking from Defendants, including a calculation and explanation of each of said damage categories and amounts for each cause of action alleged in your Second Amended Complaint.

**Answer**: See Rule 26(a) Disclosure.

12. State whether you conducted or commissioned any investigations of the Defendant, and if so, provide the date of any investigation, identify each person who participated in or has any knowledge of such investigation, and summarize the findings of the investigation.

**Answer**: No investigation was conducted or commissioned.

13. Identify all channels through which you have advertised or intend to advertise goods or services in connection with Plaintiff's Mark.

**Answer**: Plaintiff objects as this interrogatory is overly broad. Defendant is not entitled to Plaintiff's marketing and/or advertising strategy, which represents proprietary trade secrets of Plaintiff. Without waiving his rights, Plaintiff advertises both through print catalog and on websites.

14. Identify all marketing firms, advertising agencies, PR firms, who have been involved with the marketing, advertising, or promotion of any goods or services under Plaintiff's Mark, and for each entity identified, explain what each entity has done and identify all person(s) employed by the entity with personal knowledgeable of the entity's activities related to Plaintiff's Mark.

**Answer**: No marketing firms, advertising agencies and/or PR firms have been involved with any marketing, advertising, or promotion, aside from Plaintiff individually.

15.     Identify each product and service offered under Plaintiff's Mark.

**Answer**:     Refer to answer for #1 above.

16.     State all facts that support your contention that the Forrests are individually liable for all claims brought in your Second Amended Complaint.

**Answer**:     The Forrests, acting both individually and in their capacity as officers of Brushy Mountain Bee Farm Inc., infringed, or allowed to be infringed, several works owned by the Plaintiff, for which the Forrests profited, both individually, and through their ownership of Brushy Mountain Bee Farm Inc.

17.     Identify all material that is protected by Plaintiff's copyrights, including all graphics, text, editing, photograph(s), compilation, editing and artwork.

**Answer**:     Each of the specific individual Works at issue in this case as set forth in the pleadings. Anything other than the specific Works at issue in this case is irrelevant to this litigation, nor likely to lead to the discovery of relevant, admissible evidence.

18.     Provide the name, phone number, and address of each blender, manufacturer, sourcer, producer, packager, and/or distributor of Plaintiff's Bee-Quick product.

**Answer**:     Plaintiff objects as this information is not relevant to the subject matter of this litigation, nor likely to lead to the discovery of relevant, admissible evidence. This information concerns proprietary information and/or protected trade secrets which Defendant, as direct competitor of Plaintiff, may use to undermine Plaintiff's proprietary interest. This information is irrelevant to the subject matter of this litigation, and is unlikely to lead to the discovery of relevant, admissible evidence.

Dated: May 6, 2016

Plaintiff by and through
his attorney

/s/ Oscar Michelen /s/
_____
CUOMO LLC
Attorneys for Plaintiff
BY: OSCAR MICHELEN (OM5199)
200 Old Country Road  Suite 2 South
Mineola NY 11501
Phone: (516)741-3222
Fax: (516)741-3223

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES H. FISCHER<br><br>,Plaintiff<br><br>-against-<br><br><br>STEPHEN T. FORREST, JR., SANDRA F. FORREST, SHANE R. GEBAUER and BRUSHY MOUNTAIN BEE FARM, INC.<br>           Defendants. | **PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' INTERROGATORIES FOR CASE 14cv1307**<br><br>Case No.:<br>CV 14-1304<br>CV14-1307 |

Plaintiff by and through his attorneys, Cuomo LLC hereby supplements his previous Response to Defendants' Interrogatories for Case 14cv1307 to the Defendants' Request for Production of Documents. Plaintiff maintains and restates the general responses and objections previously set forth in his original response, dated June 2 2015:

1.      Identify each person with any knowledge concerning the facts and circumstances alleged in Plaintiff's Second Amended Complaint, specifying the facts or subject matter of each person's knowledge.

**Answer**:      Plaintiff objects as this interrogatory is overly broad.  Additionally, Defendants are in a better position to name witness', especially those associated and/or employed by Brushy Mountain Bee Farm, Inc. Without waiving his rights, Plaintiff lists the following, in addition to all parties named herein, as having knowledge concerning the facts and circumstances:

- Kim Flottum – as editor of Bee Culture Magazine
- Joe Graham – as editor of American Bee Journal
- Progress Printing Company – knowledge of usage of derivative works.

2.      Identify each person who may be called to testify at trial by Plaintiff, whether by oral testimony or affidavit, and for each person so identified, provide a telephone number, address, and the topics about which the person may testify.

**Answer**:      Plaintiff objects as this interrogatory is premature.  Refer to answer to #1 above for a list of potential witness'.  Plaintiff maintains his right to supplement and/or amend this interrogatory up to and including the time of trial.

3. Identify and describe the nature and amount of sales revenue, income, and profits obtained through the sale of any Goods and/or Services bearing or associated with Plaintiff's copyrights, describing the methodology used to compute or otherwise arrive at each element and the total amount thereof.

**Answer**: Plaintiff objects as this information is not relevant to the subject matter of this litigation, nor likely to lead to the discovery of relevant, admissible evidence. This information concerns proprietary information and/or protected trade secrets which Defendant, as direct competitor of Plaintiff, seeks to harass and/or undermine Plaintiff's proprietary interest. Plaintiff is not claiming any lost profits or opportunity claims.

4. State when and how you first became aware that the Defendants were allegedly infringing your alleged copyrights.

**Answer**: Defendants mailed their 2011 catalog in March containing the infringement of Plaintiff's Registered Copyrighted Works. A subsequent review of Defendants' website revealed the addition infringement on Defendant's webiste of both Plaintiff's Registered Copyrighted Works and Registered Trademark.

5. Please provide an accounting of all damages you are seeking from Defendants, including a calculation and explanation of each of said damage categories and amounts for each cause of action alleged in your Second Amended Complaint.

**Answer**: See Rule 26(a) Disclosure.

6. State all facts that support your contention that the Forrests are individually liable for all claims brought in your Second Amended Complaint.

**Answer**: The Forrests, acting both individually and in their capacity as officers of Brushy Mountain Bee Farm Inc., infringed, or allowed to be infringed, several works owned by the Plaintiff, for which the Forrests profited, both individually, and through their ownership of Brushy Mountain Bee Farm Inc.

7. Identify all material that is protected by Plaintiff's copyrights, including all graphics, text, editing, photograph(s), compilation, editing, and artwork.

**Answer**: Each of the specific individual Works at issue in this case as set forth in the pleadings and in the material on deposit with the Copyright Office. Anything other than the specific Works at issue in this case is irrelevant to this litigation, nor likely to lead to the discovery of relevant, admissible evidence.

Dated: May 6, 2016                              Plaintiff by and through
                                                his attorney

                                                /s/ Oscar Michelen /s/
                                                _____
                                                CUOMO LLC
                                                Attorneys for Plaintiff
                                                BY: OSCAR MICHELEN (OM5199)
                                                200 Old Country Road  Suite 2 South
                                                Mineola NY 11501
                                                Phone: (516)741-3222
                                                Fax: (516)741-3223