# EXHIBIT

# B

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

JAMES H. FISCHER

,Plaintiff

-against-

STEPHEN T. FORREST, JR., SANDRA F.
FORREST, SHANE R. GEBAUER and
BRUSHY MOUNTAIN BEE FARM, INC.
                                    Defendants.

**PLAINTIFF'S
SUPPLEMENTAL
RESPONSE
TO DEFENDANTS'
REQUEST FOR
PRODUCTION OF
DOCUMENTS**
Case No.:
CV 14-1304
CV14-1307

Plaintiff by and through his attorneys, Cuomo LLC hereby supplements his previous responses to the Defendants' Request for Production of Documents. Plaintiff maintains and restates the objections previously set forth in his original response, dated June 2 2015:

As to Item 1:  Representative documents, specimens, and things that identify Plaintiff's date of first use in any state of the United States and in interstate commerce in the United States of Plaintiff's Registered Trademark on or in connection with any goods or services.

Plaintiff does not have documents showing the first date of use, but the Trademark Registration speaks for itself as to Plaintiff's claim of his first use of the mark and it contains representative samples of his first use. .

As to Item 2:  Representative documents, specimens, and things that evidence Plaintiff's current use of Plaintiff's Registered Trademark on or in connection with any goods or services.

Examples of Plaintiff's current use of the marks in question can be found at Plaintiff's website bee-quick.com:

As to item 3: All documents, including but not limited to sales receipts, invoices, order forms, shipping documents, and internal or external communications, relating to any current use by Plaintiff of Plaintiff's Registered Trademark on or in connection with Plaintiff's Goods.

This demand is overbroad and does not seek documents that are material or necessary to the current litigation.

1

As to item 4:  All documents, including but not limited to internal or external communications, market studies, industry publications, press articles, and research memoranda, relating to Plaintiff's use of Plaintiff's Registered Trademark on or in connection with Plaintiff's Services and/or Goods.

This demand is overbroad and does not seek documents that are material or necessary to the current litigation. Notwithstanding the foregoing objection, See Plaintiff's website bee-quick.com; defendants' prior catalogs; the documents produced in response to the Bee Culture Magazine subpoena; and  Dropbox link labeled Bee Quick Ads Not Produced by Bee Culture "

As to item 5: All documents, including but not limited to internal or external communications, promotional or advertising materials, specification sheets, informational brochures, industry publications, press articles, and research memoranda, containing product descriptions, specifications, or other information concerning any of Plaintiff's Services and/or Goods sold or offered for sale under Plaintiff's Registered Trademark.

This demand is overbroad and does not seek documents that are material or necessary to the current litigation. Notwithstanding the foregoing objection, See Plaintiff's website bee-quick.com; defendants' prior catalogs; the documents produced in response to the Bee Culture Magazine subpoena; and  Dropbox link labeled Bee Quick Ads Not Produced by Bee Culture "

As to item 6:  All documents, including but not limited to internal or external communications, with Defendants concerning the use of Plaintiff's Registered Trademark or the sale of goods and/or services under Plaintiff's Registered Trademark.

See Dropbox Link labeled "Brushy emails.zip."

As to item 7: All documents, including but not limited to internal or external communications, market studies, industry publications, press articles, and research memoranda, relating to all uses to which Plaintiff's Services and/or Goods are or may be put, all customers to whom Plaintiff's Services and/or Goods are or may be sold, and all actual or potential end-uses of Plaintiff's Goods sold or offered for sale under Plaintiff's Registered Trademark.

This demand is overbroad and does not seek documents that are material or necessary to the current litigation. Notwithstanding the foregoing objection, See Plaintiff's website bee-quick.com; defendants' prior catalogs; the documents produced in response to the Bee Culture Magazine subpoena; and  Dropbox link labeled Bee Quick Ads Not Produced by Bee Culture "

As to item 8:  All documents and things that illustrate, describe, discuss, document, chart, or otherwise refer to or relate to the conception, development, selection, adoption, use, or intended use of Plaintiff's Registered Trademark, including without limitation documents

showing or disclosing the identity, duties, and responsibilities of the persons involved in the conception, evaluation, and selection of Plaintiff's Registered Trademark, and representative drawings, photographs, and samples of all marks considered and documents created during the development and selection of Plaintiff's Registered Trademark and of all marks considered as replacements or alternatives for Plaintiff's Registered Trademark.

Plaintiff does not have documents responsive to this request that demonstrate, illustrate, describe, discuss, document, chart, or otherwise refer to or relate to the conception, development, selection, adoption, of the mark. As to the use and intended use of the mark see response to item 7 supra.

As to item 9:  All documents and things constituting, referring to, or relating to Plaintiff's communications with any advertising agency, design agency, branding agency, consultant, or employee relating to Plaintiff's Registered Trademark.

None.

As to item 10: Representative samples of all different sales, advertising, marketing, and promotional materials or items, including without limitation magazine and trade journal advertisements, brochures, reports, leaflets, print or broadcast advertisements, bulletins, point of purchase materials, trade letters, trade show advertisements, press releases, or other documents or things relating to or displaying Plaintiff's Registered Trademark that have been distributed or displayed by or on behalf of Plaintiff to other persons or used in any way since the selection and adoption of Plaintiff's Registered Trademark.

See Plaintiff's website bee-quick.com; defendants' prior catalogs; the documents produced in response to the Bee Culture Magazine subpoena; and  Dropbox link labeled Bee Quick Ads Not Produced by Bee Culture "

As to item 11: All documents including but not limited to internal or external communications, market studies, and research memoranda, relating to Plaintiff's plans to promote or advertise Plaintiff's Services and/or Goods sold or offered for sale under Plaintiff's Registered Trademark, including without limitation through magazine and trade journal advertisements, sales calls, brochures, reports, leaflets, print or broadcast advertisements, bulletins, point of purchase materials, trade letters, trade show advertisements, and press releases.

None other than Plaintiff's website, defendants' prior catalogs; the documents produced in response to the Bee Culture Magazine subpoena; and  Dropbox link labeled Bee Quick Ads Not Produced by Bee Culture "

3

As to item 12: All documents and things that refer or relate to Plaintiffs application to register, or registration of Plaintiff's Registered Trademark in any state of the United States or in the United States Patent and Trademark Office, including without limitation all amendments, office actions, examiner's amendments, responses to office actions, notices, declarations, specimens, cancellation proceedings, opposition proceedings, or any other paper or document filed in connection with, or otherwise related to, said applications and registrations.

The foregoing to the extent they exist are public documents available to defendant through the USPTO website.

As to item 13: All documents and things that refer or relate to Plaintiff's knowledge of Third Party use of, or Third party rights in, any name or mark incorporating "Bee Quick" for chemicals for use in agriculture, except fungicides, herbicides, insecticides and parasiticides.

None, other than Plaintiff's goods and Defendants' use as alleged in the complaints.

As to item 14: All documents and things constituting, pertaining to, resulting from, referring to, or relating to any study, search, or investigation referring or relating to Plaintiff's Registered Trademark, including without limitation all trademark and service mark search reports and results of any computer searches.

None.

As to item 15: All surveys, market studies, opinion polls, linguistic analysis, or other sampling of attitudes or opinions concerning, referring to, or relating to Plaintiff's Registered Trademark or any goods sold thereunder or any services provided in connection therewith.

None.

As to item 16:   All press releases, public statements, and/or statements made to persons or entities, made by or on behalf of Plaintiff, concerning Plaintiff's Registered Trademark, concerning Defendants, concerning any goods bearing or connected with Plaintiff's Registered Trademark, and/or concerning any allegations alleged in your Second Amended Complaint.

None except communications between Plaintiff and defendants, which are already in Defendants' possession, and communications with Plaintiff's counsel, which are privileged. See also Dropbox Link labeled "Brushy emails.zip."

As to item 17: All documents and things that were reviewed, considered, or discussed during the preparation of Plaintiff's Complaint in this proceeding.

This demand is overbroad and does not seek documents that are material or necessary to the current litigation and may seek documents covered by the attorney-client privilege and the attorney work product privilege. Notwithstanding the foregoing, Plaintiff reviewed his website; the defendants' website; their catalogs; his trademark and copyright registrations and his prior communications with defendants as exhibited in the Brushy emails.zip previously referenced.

As to item 18: With respect to all of Plaintiff's Goods sold or offered for sale under Plaintiff's Registered Trademark, representative documents and things identifying Plaintiff's gross sales and net sales, if any, in dollars and units, broken down by month and by stock-keeping unit ("SKU") of such goods.

This demand is overbroad and does not seek documents that are material or necessary to the current litigation.

As to item 19: Representative documents disclosing all Persons to whom Plaintiff markets, offers, sells or otherwise provides any products or services under Plaintiff's Registered Trademark, including documents sufficient to identify the name, address, and specific contact person or each such Person, the category or class of each such Person, the specific products or services marketed, offered, sold or otherwise provided to each such Person, the dates of any sales of such products or services to each such Person, and the amount, price, and terms of sale related to all sales of such products or services to each such Person.

This demand is overbroad and does not seek documents that are material or necessary to the current litigation. See Dropbox link labeled Sales Screenshots for representative samples as requested.

As to item 20: All documents that you believe could be used to impeach the credibility of any witness identified in this proceeding by any party or to impeach any party.

This item is overbroad and premature as Plaintiff cannot predict what Defendants' testimony or position will be. But Plaintiff expects that his copyright and trademark registrations; Defendants' prior catalogs; and their prior communications may be so used.

As to item 21: With respect to "Fischer's Bee-Quick" all documents and things identifying the amount of product manufactured and shipped between January 1, 2009 and January 1, 2014.

This appears to repeat the demand made in item 18.

As to item 22:  Representative documents and things identifying Plaintiff's annual advertising, promotion, and marketing expenditures and budgets relating to the offering or provision of goods or services on which Plaintiff's Registered Trademark has been, is being, or will be used.

This demand is overbroad and does not seek documents that are material or necessary to the current litigation.

As to item 23: Representative documents and things identifying the channels of distribution of any goods or services with which Plaintiff uses or intends to use Plaintiff's Registered Trademark.

This demand is overbroad and does not seek documents that are material or necessary to the current litigation.   Notwithstanding these objections see response to item 19.

As to item 24:  All documents, agreements, correspondence, oppositions, complaints, pleadings, or other writings constituting, referring to, or relating to any assertions, interactions, or claims by or against Plaintiff, or between Plaintiff and any other entity (other than the Forrests), which in any way assert or claim that Plaintiff's Registered Trademarks or Plaintiff's rights in Plaintiff's Registered Trademark, are limited in any way due to the existence of such entity's mark, or that Plaintiff's rights in Plaintiff's Registered Trademark are extinguished in any way due to the existence of such entity's mark.

None other than the allegations in the complaints and amended complaints.

As to item 25:  All documents, agreements, correspondence, oppositions, complaints, pleadings, or other writings constituting, referring to, or relating to any assertions, interactions, or claims by or against Plaintiff, or between Plaintiff and any other entity (other than the Forrests), which in any way assert or claim that any marks owned or used by such other entity, or that any of such entity's rights in any of its marks, are limited in any way due to the existence of Plaintiff's Registered Trademark, or that such entity's rights in any of its marks are extinguished in any way due to the existence of Plaintiff's Registered Trademark.

None.

As to item 26:  To the extent not otherwise produced, all documents and things showing, reflecting, referring or relating to Defendants or to any alleged use by Defendants of Plaintiff's Registered Trademark and/or Plaintiff's copyrights, including without limitation all documents relating to the circumstances surrounding Plaintiff becoming initially aware of Defendants alleged use of Plaintiff's Registered Trademark and/or Plaintiff's copyrights.

See Defendants' prior and subsequent catalogs and the  documents produced by Progress Printing.

As to item 27:  All documents that refer or relate to any and all investigations by Plaintiff into the products and/or services of Defendants that are allegedly sold or provided under Plaintiff's Registered Trademark and/or Plaintiff's copyrights.

None.

As to item 28:  All documents that refer or relate to any acquisition of any rights in Plaintiff's Registered Trademark and/or Plaintiff's copyrights by Plaintiff.

There are no such documents.  Plaintiff acquired his rights in the Trademarks and Copyrights at the time of their creation.  He acquired further rights relating to statutory damages, etc, when they were registered.

As to item 29:  All documents relating to or evidencing any communications between or among Plaintiff and any person or entity regarding Defendants, Defendants' alleged infringement of Plaintiff's Marks and/or Plaintiff's copyrights, or any other communication regarding or relating to  Defendants.

This demand is overbroad and may seek material protected by the attorney-client and work-product privilege.

As to item 30:  Representative documents that evidence the geographic extent to which Plaintiff uses or intends to use Plaintiff's Registered Trademark.

As representative documents se Plaintiff's website and the Sales Screenshots referenced earlier.

As to item 31:  All documents that refer or relate to any plans of Plaintiff to expand its use of Plaintiff's Registered Trademark beyond Plaintiff's Goods and/or Services, including but not limited to expansion of marketing lines and kinds of products provided.

None currently in Plaintiff's possession.

As to item 32:  All documents that refer or relate to any authorization, license, franchise, contract, assignment, or grant from Plaintiff to any other person or entity giving the other person or entity the right to use Plaintiff's Registered Trademark or to offer or provide services under Plaintiff's Registered Trademark.

None currently in Plaintiff's possession

As to item 33:  All documents, agreements, and correspondence constituting, referring to, or relating to any assertions, interactions, or claims by or between Plaintiff and any other entity that in any way involve, affect, or purport to affect Plaintiff's ownership, title to, or rights to Plaintiff's Registered Trademark and/or Plaintiff's copyrights.

Other than the complaints in these actions, none currently in Plaintiff's possession.

As to item 34:  All documents relating to any claims or potential claims that Plaintiff has raised or considered raising against any person (including but not limited to claims raised in a demand letter, trademark opposition or cancellation proceeding, or complaint) based on Plaintiff's alleged rights in Plaintiff's Mark and/or Plaintiff's copyrights.

This demand is overbroad but other than the claims in this litigation there are no other current or anticipated claims. .

As to item 35: All documents relating to any claims or potential claims that any person has raised or considered raising against Plaintiff (including but not limited to claims raised in a demand letter, trademark opposition or cancellation proceeding, or complaint) relating in any way to Plaintiff's Mark and/or Plaintiff's copyrights.

This demand is overbroad and calls for speculation but other than the claims in this litigation there are no other current or anticipated claims. .

As to item 36: All documents relating to all communications that Plaintiff has had relating to the rights of other persons to adopt, register, maintain, or use their trademarks or service marks in light of any rights claimed by Plaintiff in Plaintiff's Mark.

See attached email correspondences.

As to item 37: All documents or exhibits Plaintiff intends to use at deposition, hearings, or trial.

This demand is overbroad but Plaintiff intends to use at deposition and trial all documents exchanged in this litigation as well as the docuems received in response to the subpoenas served on Bee Culture Magazine and Progress Printing. Plaintiff reserves the right to use any documents produced by Defendants in response to any document demands or other discovery devices served by Plaintiff.

As to item 38: All documents relating or reflecting the date by which Plaintiff first knew or became of Defendants' alleged use of Plaintiff's Mark and/or Plaintiff's copyrights.

See attached screenshots of Defendant Brushy Mountain Bee Farm's website.

As to item 39: All documents pertaining in any way to Defendants.

This demand is overbroad.

As to item 40: All documents and things related to or concerning any document retention or document destruction policies or procedures in place by Plaintiff at any time within the past five years.

Plaintiff had no formal document destruction policies or procedures in place during the past five years.

As to item 41: All documents and things related to or concerning any document retention or document destruction policies or procedures in place by Plaintiff at any time within the past five years.

Plaintiff had no formal document retention or document destruction policies or procedures in place within the past five years.

As to item 42: To the extent not otherwise produced, all documents and things identified in response to Defendants' First Set of Interrogatories served herewith in this proceeding, or relied upon in responding to Defendants' First Set of Interrogatories served herewith in this proceeding.

This demand is overbroad and does not seek documents that are material or necessary to the current litigation and may seek documents covered by the attorney-client privilege and the attorney work product privilege.  Notwithstanding the foregoing, Plaintiff reviewed his website; the defendants' website; their catalogs; his trademark and copyright registrations and his prior communications with defendants as exhibited in the Brushy emails.zip previously referenced.

As to item 43: To the extent not otherwise produced, all documents, specimens, and things on which Plaintiff may rely or intends to rely to support Plaintiff's claims or defenses in this proceeding.

See all documentation annexed hereto and under the Rule 26 disclosure. Plaintiff intends to use at deposition and trial all documents exchanged in this litigation as well as the documents received in response to the subpoenas served on Bee Culture Magazine and Progress Printing. Plaintiff reserves the right to use any documents produced by Defendants in response to any document demands or other discovery devices served by Plaintiff.

As to item 44: Copies of all review, statement, comments, tweets you, your employees, or your representative posted on the Internet, including, but not limited to, blog postings, community forum postings, Facebook, Twitter, LinedIn, and Youtube regarding Defendants, Defendants' products, or Plaintiff's Mark and/or Plaintiff's copyrights.

No such documents exist other than Plaintiff's website.

As to item 45: Your business and marketing plans from 2009 to present.

Plaintiff objects as these documents represent proprietary information irrelevant to this action, and unlikely to produce relevant, admissible evidence.  Notwithstanding the foregoing, Plaintiff is not in possession of any formal business and marketing plans.

As to item 46: All documents relating to any market studies, surveys, focus groups, or other documents which relate to the use, or advice against the use of the Mark for any goods or services offered for sale by Plaintiff.

Plaintiff objects as these documents represent proprietary information irrelevant to this action, and unlikely to produce relevant, admissible evidence. Notwithstanding the foregoing, Plaintiff is not in possession of any such studies.

As to item 47: A copy of all contracts you allege Defendants breached.

See attached emails between Plaintiff and Defendants. Plaintiff and Defendants also had oral agreements and agreements created by custom and practice over a number of years through the business relationship between the parties.

As to item 48: All copyrighted works Plaintiff alleges Defendants infringed.

See attached documents including Plaintiff's copyrighted works.

As to item 49: All documents that support or negate Plaintiff's contention that Defendants infringed any copyrighted work identified in Plaintiff's Second Amended Complaint.

See attached documents including screenshots of Defendants' website and documents received in response to subpoenas. .

As to item 50: All documents that support or negate Plaintiff's contention that Defendants infringed Plaintiff's Mark.

See attached documents including screenshots of Defendants' website and documents received in response to subpoenas. .

As to item 51: All documents that support or negate Plaintiff's contention that Defendants removed copyright management information.

See attached documents including screenshots of Defendants' website and documents received in response to subpoenas. .

As to item 52: All documents that support or negate Plaintiff's contention that Defendants violated section 43(a) of the Lanham Act.

See attached documents including screenshots of Defendants' website and documents received in response to subpoenas. .

As to item 53: All documents that support or negate Plaintiff's contention that Defendants violated New York Civil Rights Law Sections 50 and 51.

See attached documents including screenshots of Defendants' website and documents received in response to subpoenas. .

As to item 54:  All documents that support or negate Plaintiff's contention that Defendants engaged in unfair competition and personal injury as alleged as the "17th Complaint" in Plaintiff's Second Amended Complaint.

See attached documents including screenshots of Defendants' website and documents received in response to subpoenas. .

As to item 55: All documents that support or negate Plaintiff's contention that Defendants engaged in false advertising.

See attached documents including screenshots of Defendants' website and documents received in response to subpoenas. .

As to item 56: All documents that support or negate Plaintiff's contention that Defendants engaged in unfair business practices.

See attached documents including screenshots of Defendants' website and documents received in response to subpoenas. .

As to item 57: All documents that support or negate Plaintiff's contention that Defendants breached a contract with Plaintiff.

See attached documents including screenshots of Defendants' website and attached emails and documents received in response to subpoenas. .

As to item 58: All documents that support or negate Plaintiff's contention that Defendants were unjustly enriched.

None except that Plaintiff expects through the course of discovery that evidence will be produced showing Defendants received income from the infringement of plaintiff's copyrighted works and trademarks.

As to item 59: All documents that support or negate your contention that Defendants acts were "willful".

The Defendants' websites and catalogs show that Defendans intentionally violated Plaintiffs' rights as alleged in the complaint and amended complaints.

As to item 60: All documents that support or negate Plaintiff's contention that Defendants product was a "cheap knock-off of Plaintiff's product."

See attached documents including screenshots of Defendants' website and attached advertisements.

As to item 61: All documents that support or negate Plaintiff's contention that the Forrests are individually liable for the causes of actions alleged in Plaintiff's Second Amended Complaint.

The scope of the Forrests individual involvement will have to await the outcome of their deposition and the conclusion of document discovery but from his delaigns with the Defendnats, Plaintiff was aware of the control the Forrests had and employed over the Defendant Corporation.

As to item 62: All documents referencing or referring to Plaintiff's inability to supply Plaintiff's Bee-Quick product from January 1, 2009 to January 1, 2014.

See attached documents including email correspondences.  This list is an incomplete list, as the Bee-Quick distillation and warehouse where Plaintiff ran and maintained his business was impacted by two hurricanes in the years 2011 and 2012 respectively.

As to item 63: All documents referencing or referring to complaints from entities or individuals about the inability to obtain Plaintiff's Bee-Quick product from January 1, 2009 to January 1, 2014.

Refer to response to #62 above.

As to item 64: All communications between Plaintiff and any individual employed or previously employed by Brushy Mountain Bee Farm.

See attached documents including email correspondences.  This list is an incomplete list, as the Bee-Quick distillation and warehouse where Plaintiff ran and maintained his business was impacted by two hurricanes in the years 2011 and 2012 respectively.

As to item 65: All communications between Plaintiff and Defendants.

Refer to response to item #64 above. See Brushyemails.zip

As to item 66: All documents concerning or evidencing any actual confusion as alleged by Plaintiff.

See attached documents including advertisements.

As to item 67: All documents and communications between January 1, 2009 to January 1, 2014 indicating or referencing Plaintiff' inability to supply Plaintiff's Bee-Quick to his customers and clients and/or inability to fill orders.

Refer to response to item #63 above. See Brushyemails.zip

As to item 68: All written or recorded statements taken from witnesses or expert witnesses relating to the claims or defenses in this lawsuit.

None other than the allegations in the complaints and amended complaints.  Plaintiff reserves the right to amend this response up to and including the time of trial, as more information becomes available.  Additionally, Plaintiff reserves the right to designate an expert witness.

As to item 69: All documents that relate to, refer to, or regard any products and/or services that Plaintiff provided to Defendants.

See attached documents including email correspondences contained in Brushyemails.zip . See also Defendants own websites and catalogs

As to item 70: All documents that relate to any implied license or permission granted by Plaintiff to Defendants to use Plaintiff's Mark and/or Plaintiff's copyrighted works.

None. During such time when a contractual and business relationship between Plaintiff and Defendant was in existence, Defendants were allowed, at that time, to act as a distributor and re-seller for Plaintiff's goods.

As to item 71: All documents that Plaintiff used to develop, derive, create, adapt, and/or modify Plaintiff's copyrighted works.

None.

As to item 72: All documents in the public domain that Plaintiff used to develop, derive, create, adapt, and/or modify Plaintiff's copyrighted works.

None.

As to item 73: All documents concerning Plaintiff's inability to ship Plaintiff's Bee-Quick product to Brushy Mountain Bee Farm between January 1, 2009 to January 1, 2013.

Refer to response to #63 above.

As to item 74: All documents concerning Plaintiff's inability to fill orders for Plaintiff's Bee-Quick from Brushy Mountain Bee Farm between January 1, 2009 to January 1, 2013.

Refer to item #63 above.

As to item 75: All documents related to any damages Plaintiff claims he sustained as a result of the alleged actions of Defendants.

See Rule 26(a) Disclosure.

As to item 76: All documents indicating how Plaintiff calculated or derived any claimed damages sustained as a result of the alleged actions of defendants.

Plaintiff objects as this demand calls for documents which are protected as work-product. Notwithstanding the foregoing, see Rule 26(a) disclosure, and refer to 17 USC §1203 for a statutory provision outlining damages for violations of 17 USC §§ 1201, 1202. Plainitff will also likely call a damages expert at the time of trial.

As to item 77: All documents related to your contention that Plaintiff is entitled to statutory damages for the alleged actions of Defendants.

This demand is overbroad and calls for a legal conclusion but the Copyright Act speaks for itself; see Plaintiff's copyright registration previously provided.

As to item 78: All invoices and/or statements of account for any product or service sold or provided by Plaintiff to Defendants or Brushy Mountain Bee Farm.

See attached documents including email correspondences.

As to item 79: A copy of all documents related to the claims made in your Second Amended Complaint reviewed by, relied upon by, or prepared by each person you expect to call as an expert witness at the trial of this action.

Plaintiff has yet to designate an expert in this matter.  Plaintiff reserves the right to designate an expert up to and including the time of trial.

As to item 80: Copies of all documents or correspondence submitted to you by each person that you expect to call as an expert witness at the trial of this case.

Refer to response to #79 above.

As to item 81: Copies of any signed or unsigned statements by any persons relating to any of the facts made or alleged in the pleadings in this action.

This demand calls for communications between Plaintiff and defendants, which are already in Defendants' possession, and communications with Plaintiff's counsel, which are privileged.  To the extent this demand calls for discoverable material, see attached documents including email correspondences.

As to item 82: Representative documents evidence Plaintiff's Mark was first used at least as early as November 11, 2000.

See attached documents including screen shots and images of Plaintiff's Mark.

As to item 83: Representative documents evidencing Plaintiff's Mark was first used in commerce at least as early as December 1, 2000.

Refer to response to #82 above.

As to item 84: All documents evidencing "Defendants' willful, deliberate, and systematic misappropriation of Plaintiff's intellectual property in marketing an unauthorized knock-off product" as alleged in the Second Amended Complaint.

See attached documents including screenshots of Plaintiff and Defendant's website and advertisements.

As to item 85: All documents that support or negate Plaintiff's contention his family name is respected.

None.

As to item 86: All documents that support or negate Plaintiff's contention that he is a "celebrity."

None.

As to item 86: All documents that support or negate Plaintiff's contention that "[t]his Court has personal jurisdiction over Defendants" as alleged in Paragraph 14 of Plaintiff's Second Amended Complaint.

See affidavits of service filed in connection with this action.

15

As to item 88: All documents related to marks similar to Plaintiff's Mark.

This demand is overbroad and the only marks similar to Plainitff's marks which Plaintiff is aware of are the counterfeited marks employed by Defendants.

As to item 89: All documents related to Plaintiff's diligent surveillance for infringing marks.

None.


Dated: March 4, 2016                    Plaintiff by and through
                                        his attorney

                                        /s/ Oscar Michelen /s/
                                        _____
                                        CUOMO LLC
                                        Attorneys for Plaintiff
                                        BY: OSCAR MICHELEN (OM5199)
                                        200 Old Country Road  Suite 2 South
                                        Mineola NY 11501
                                        Phone: (516)741-3222
                                        Fax: (516)741-3223

16

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

JAMES H. FISCHER

,Plaintiff

-against-

STEPHEN T. FORREST, JR., SANDRA F. FORREST, SHANE R. GEBAUER and BRUSHY MOUNTAIN BEE FARM, INC.
                                Defendants.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS**
Case No.:
CV 14-1304
CV14-1307

Plaintiff by and through his attorneys, Cuomo LLC hereby supplements his previous responses to the Defendants' Request for Production of Documents. Plaintiff maintains and restates the objections previously set forth in his original response, dated June 2 2015:

As to Item 1: All documents that support or negate Plaintiff's contention that the Forrests are individually liable for the causes of actions alleged in the Plaintiff's Second Amended Complaint.

The scope of the Forrests individual involvement will have to await the outcome of their deposition and the conclusion of document discovery but from his delaigns with the Defendnats, Plaintiff was aware of the control the Forrests had and employed over the Defendant Corporation.

As to Item 2: All documents that you believe could be used to impeach the credibility of any witness identified in this proceeding by any party or to impeach any party.

This item is overbroad and premature as Plaintiff cannot predict what Defendants' testimony or position will be. But Plaintiff expects that his copyright and trademark registrations; Defendants' prior catalogs; and their prior communications may be so used.

As to item 3: All documents related to or indicating third party uses of Plaintiff's copyrightable works.

None other than Defendants' websites and catalogs.

1

As to item 4:  All documents that refer or relate to any and all investigations by Plaintiff into the products and/or services of Defendants that are allegedly sold or provided under Plaintiff's copyright.

None.

As to item 5: All documents and communications between January 1, 2009 to January 1, 2014 indicating or referencing Plaintiff's in ability to supply Plaintiff's Bee-Quick to his customers and clients and/or inability to fill orders.

See attached documents including email correspondences.  This list is an incomplete list, as the Bee-Quick distillation and warehouse where Plaintiff ran and maintained his business was impacted by two hurricanes in the years 2011 and 2012 respectively.

As to item 6:  All documents relating to any claims or potential claims that Plaintiff has raised or considered raising against any person (including but not limited to claims raised in a demand letter, trademark opposition or cancellation proceeding, or complaint) based on Plaintiff's copyrights.

This demand is overbroad but Plaintiff has no pending claims or intention to file claims against any other third party other than any individuals or entities related to the current Defendants as revealed through discovery.

As to item 7: All documents that refer or relate to any acquisition of any rights in Plaintiff's copyrights by Plaintiff.

There are no such documents.  Plaintiff acquired his rights in the Trademarks and Copyrights at the time of their creation.  He acquired further rights relating to statutory damages, etc, when they were registered.

As to item 8:  All documents referencing or referring to complaints from entities or individuals about the inability to obtain Plaintiff's Bee-Quick product from January 1, 2009 to January 1, 2014.

See attached documents including email correspondences.  This list is an incomplete list, as the Bee-Quick distillation and warehouse where Plaintiff ran and maintained his business was impacted by two hurricanes in the years 2011 and 2012 respectively.

As to item 9:  All documents relating to or evidencing any communications between or among Plaintiff and any person or entity regarding Defendants, Defendants' alleged infringement of Plaintiff's copyrights, or any other communication regarding or relating to Defendants.

See attached documents including email correspondences included in Brushyemails.zip.

2

As to item 10: All documents, agreements, and correspondence constituting, referring to, or relating to any assertions, interactions, or claims by or between Plaintiff and any other entity that in any way involve, affect, or purport to affect Plaintiff's ownership, title to, or rights to Plaintiff's copyrights.

This demand is overbroad but Plaintiff has no pending claims or intention to file claims against any other third party other than any individuals or entities related to the current Defendants as revealed through discovery.

As to item 11:  All documents relating to any claims or potential claims that Plaintiff has raised or considered raising against any person (including but not limited to claims raised in a demand letter, trademark opposition or cancellation proceeding, or complaint) based on Plaintiff's alleged rights in Plaintiff's Mark and/or Plaintiff's copyrights.

This demand is overbroad but Plaintiff has no pending claims or intention to file claims against any other third party other than any individuals or entities related to the current Defendants as revealed through discovery.

As to item 12: All documents or exhibits Plaintiff intends to use at deposition, hearings, or trial.

This demand is overbroad but Plaintiff intends to use at deposition and trial all documents exchanged in this litigation as well as the docuemts received in response to the subpoenas served on Bee Culture Magazine and Progress Printing. Plaintiff reserves the right to use any documents produced by Defendants in response to any document demands or other discovery devices served by Plaintiff.

As to item 13: All documents pertaining in any way to Defendants.

This demand is overbroad but Plaintiff has proiduced through his discovery responses all documents relating to Defendants that he possesses.

As to item 14: The resume and curriculum vitae of any expert(s) with whom Plaintiff conferred and/or intends to call as a witness in this matter and all documents reviewed or received by such expert(s) or prepared by such expert(s).

Plaintiff has yet to confer or retain any expert at this time.  Plaintiff reserves his right to do so at any time, up to and including at trial.

As to item 15: To the extent not otherwise produced, all documents and things identified in response to Defendants' First Set of Interrogatories served herewith in this proceeding, or relied upon in responding to Defendants' First Set of Interrogatories served herewith in this proceeding.

This demand is overbroad and does not seek documents that are material or necessary to the current litigation and may seek documents covered by the attorney-client privilege and the attorney work product privilege. Notwithstanding the foregoing, Plaintiff reviewed his website; the defendants' website; their catalogs; his trademark and copyright registrations and his prior communications with defendants as exhibited in the Brushy emails.zip previously referenced.

As to item 16: To the extent not otherwise produced, all documents, specimens, and things on which Plaintiff may rely or intends to rely to support Plaintiff's claims or defenses in this proceeding.

See all documentation annexed hereto and under the Rule 26 disclosure. Plaintiff intends to use at deposition and trial all documents exchanged in this litigation as well as the docuemts received in response to the subpoenas served on Bee Culture Magazine and Progress Printing. Plaintiff reserves the right to use any documents produced by Defendants in response to any document demands or other discovery devices served by Plaintiff.

As to item 17: A copy of all contracts you allege Defendants breached.

See attached emails between Plaintiff and Defendants.

As to item 18: All copyrighted works Plaintiff alleged Defendants infringed.

See Plaintiff's Copyright Registration, complaint and amended complaint.

As to item 19: All documents that relate to any implied license or permission granted by Plaintiff to Defendants to use Plaintiff's copyrighted works.

None. During such time when a contractual relationship between Plaintiff and Defendant was in existence, Plaintiff was allowed, at that time, to act as a distributor and re-seller for Plaintiff's goods.

As to item 20: All documents that support or negate Plaintiff's contention that Defendants infringed any copyrighted work identified in Plaintiff's Second Amended Complaint.

See attached documents including screenshots of Defendants' website and documents received in response to subpoenas. .

As to item 21: All documents that support or negate Plaintiff's contention that Defendants removed copyright management information.

See attached documents including screenshots of Defendants' website and documents received in response to subpoenas. .

4

As to item 22: All documents that support or negate your contention that Defendants acts were "willful."

None other than the proof offered by the Defendants own documents including screenshots of Defendants' website and documents received in response to subpoenas. .

As to item 23: All documents that support or negate Plaintiff's contention that Defendants product was a "cheap knock-off of Plaintiff's product."

See attached documents including screenshots of Defendants' website and attached advertisements and documents received in response to subpoenas. .

As to item 24: All documents referencing or referring to Plaintiff's inability to supply Plaintiff's Bee-Quick product from January 1, 2009 to January 1, 2014.

This demand is repetitive .See attached documents including email correspondences.

As to item 25: All communications between Plaintiff and any individual employed or previously employed by Brushy Mountain Bee Farm.

See attached documents including email correspondences contained in Brushyemails.zip . This list is an incomplete list, as the Bee-Quick distillation and warehouse where Plaintiff ran and maintained his business was impacted by two hurricanes in the years 2011 and 2012 respectively.

As to item 26: All documents and things that were reviewed, considered, or discussed during the preparation of Plaintiff's Complaint in this proceeding.

This demand is overbroad and does not seek documents that are material or necessary to the current litigation and may seek documents covered by the attorney-client privilege and the attorney work product privilege.  Notwithstanding the foregoing, Plaintiff reviewed his website; the defendants' website; their catalogs; his trademark and copyright registrations and his prior communications with defendants as exhibited in the Brushy emails.zip previously referenced.

As to item 27: All communications between Plaintiff and Defendants.

See attached documents including email correspondences.  This list is an incomplete list, as the Bee-Quick distillation and warehouse where Plaintiff ran and maintained his business was impacted by two hurricanes in the years 2011 and 2012 respectively.

As to item 28: All written or recorded statements taken from witnesses or expert witnesses relating to the claims or defenses in this lawsuit.

None other than the allegations in the complaints and amended complaints. Plaintiff reserves the right to amend this response up to and including the time of trial, as more information becomes available. Additionally, Plaintiff reserves the right to designate an expert witness.

As to item 29: All documents that relate to, refer to, or regard any products and/or services that Plaintiff provided to Defendants.

See attached documents including screenshots of Defendants' website and documents received in response to subpoenas. .

As to item 30: All documents that Plaintiff used to develop, derive, create, adapt, and/or modify Plaintiff's copyrighted works.

None.

As to item 31: All documents that support or negate Plaintiff's contention that "[t]his Court has personal jurisdiction over Defendants" as alleged in Paragraph 12 of Plaintiff's Second Amended Complaint.
This calls for a legal conclusion but Plaintiff refers Defendants to the affidavits of service filed in this action.

As to item 32: All documents in the public domain that Plaintiff used to develop, derive, create, adapt, and/or modify Plaintiff's copyrighted works.

None.

As to item 33: All documents relating or reflecting the date by which Plaintiff first knew or became of Defendants' alleged use of Plaintiff's Mark and/or Plaintiff's copyrights.

See attached screenshots of Defendant Brushy Mountain Bee Farm's website.
As to item 34: All documents concerning Plaintiff's inability to ship Plaintiff's Bee-Quick product to Brushy Mountain Bee Farm between January 1, 2009 to January 1, 2013.

See attached documents including email correspondences.

As to item 35: With respect to "Fischer's Bee-Quick" all documents and things identifying the amount of product manufactured and shipped between January 1, 2009 and January 1, 2014.

This demand is overbroad and does not seek documents that are material or necessary to the current litigation.

As to item 36: All documents concerning Plaintiff's inability to fill orders for Plaintiff's Bee-Quick from Brushy Mountain Bee Farm between January 1, 2009 to January 1, 2013.

This demand is repetitive. See attached documents including email correspondences.

As to item 37: All documents related to any damages Plaintiff claims he sustained as a result of the alleged actions of Defendants.

See Rule 26(a) disclosure.

As to item 38: All documents indicating how Plaintiff calculated or derived any claimed damages sustained as a result of the alleged actions of defendants.

Plaintiff objects as this demand calls for documents which are protected as work-product. Notwithstanding the foregoing, see Rule 26(a) disclosure, and refer to 17 USC §1203 for a statutory provision outlining damages for violations of 17 USC §§ 1201, 1202.

As to item 39: All documents related to your contention that Plaintiff is entitled to statutory damages for the alleged actions of Defendants.

This demand is overbroad and calls for a legal conclusion . See Plaintiff's Copyright Registration.

As to item 40: All invoices and/or statements of account for any product or service sold or provided by Plaintiff to Defendants or Brushy Mountain Bee Farm.

This demand is overbroad and not liely to lead to material or necessary information. See emails contained in Brushyemails.zip

As to item 41: A copy of all documents related to the claims made in your Second Amended Complaint reviewed by, relied upon by, or prepared by each person you expect to call as an expert witness at the trial of this action.

Plaintiff has yet to designate an expert in this matter.  Plaintiff reserves the right to designate an expert up to and including the time of trial.

As to item 42: Copies of all documents or correspondence submitted to you by each person that you expect to call as an expert witness at the trial of this case.

Refer to response to #41 above.

As to item 43: Copies of all review, statement, comments, tweets you, your employees, or your representative posted on the Internet, including, but not limited to, blog postings, community forum postings, Facebook, Twitter, LinedIn, and Youtube regarding Defendants, Defendants' products, or Plaintiff's Mark and/or Plaintiff's copyrights.

No such documents exist other than Plaintiff's website.

As to item 44: Copies of any signed or unsigned statements by any persons relating to any of the facts made or alleged in the pleadings in this action.

This demand calls for communications between Plaintiff and defendants, which are already in Defendants' possession, and communications with Plaintiff's counsel, which are privileged. To the extent this demand calls for discoverable material, see attached documents including email correspondences.

As to item 45: Your business and marketing plans from 2009 to present.

Plaintiff objects as these documents represent proprietary information irrelevant to this action, and unlikely to produce relevant, admissible evidence. Notwithstanding the foregoing, Plaintiff is not in possession of any formal business and marketing plans.

As to item 46: All documents evidencing "Defendants' willful, deliberate, and systematic misappropriation of Plaintiff's intellectual property in marketing an unauthorized knock-off product" as alleged in the Second Amended Complaint.

See attached documents including screenshots of Plaintiff and Defendant's website and advertisements.

As to item 47: All documents and things related to or concerning any document retention or document destruction policies or procedures in place by Plaintiff at any time within the past five years.

Plaintiff had no formal document destruction policies or procedures in place during the past five years.

Dated: March 4, 2016

Plaintiff by and through
his attorney

/s/ Oscar Michelen /s/

_____

CUOMO LLC
Attorneys for Plaintiff
BY: OSCAR MICHELEN (OM5199)
200 Old Country Road  Suite 2 South
Mineola NY 11501
Phone: (516)741-3222
Fax: (516)741-3223

9