UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/16
```

| | |
|---|---|
| JAMES H. FISCHER, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN T. FORREST, Jr. SANDRA F. FORREST, SHANE R. GEBAUER and BRUSHY MOUNTAIN BEE FARM, INC. <br><br> Defendants. | **CIVIL ACTION NO.:** 14-CV-1304 <br><br> **JOINT PROPOSED STIPULATED PROTECTIVE ORDER** |
| JAMES H. FISCHER, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN T. FORREST, Jr. SANDRA F. FORREST, SHANE R. GEBAUER and BRUSHY MOUNTAIN BEE FARM, INC. <br><br> Defendants. | **CIVIL ACTION NO.:** 14-CV-1307 <br><br> **JOINT PROPOSED STIPULATED PROTECTIVE ORDER** |

**FINDINGS SUPPORTING ENTRY OF PROTECTIVE ORDER**

The parties to this case have requested that the following Stipulated Protective Order be entered to govern the exchange of discovery material that the parties regard as confidential.

This case concerns, among other claims, copyright and trademark infringement relating to bee harvesting products. Plaintiff has a list of dealers that he considers confidential and believes the disclosure of such material poses a substantial risk of causing harm to the parties' respective competitive positions. Therefore, the parties developed and reached agreement upon a

protocol for controlling disclosure of such information produced in discovery. The agreed-upon protocol is embodied in this Protective Order.

Good cause exists for entry of this Order. *See* Fed. R. Civ. P. 26(c). The nature of the case requires the parties to seek and produce documents and information and elicit deposition testimony, the disclosure of which poses a substantial risk of harm to the producing party's legitimate proprietary interests. This Protective Order provides reasonable restrictions on the disclosure of such sensitive materials. In order to streamline the discovery process and minimize the need for Court intervention, this Protective Order adopts an "umbrella" approach that allows the producing party to designate certain materials being produced or deposition testimony as confidential. Disclosure of materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" is limited to specific classes of persons. In addition, this Protective Order provides for filing confidential documents with the Court under seal, if such documents need to be filed as part of motion practice or other proceedings.

This Order also provides that the party requesting production of the information may challenge the producing party's confidentiality designation before the Court, thereby minimizing the likelihood that non-sensitive documents will be unnecessarily designated as confidential. The Order allocates to the producing party the burden of justifying the confidentiality designation.

Accordingly, the Court hereby enters the following Protective Order.

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), and by stipulation of all parties, the following procedures shall be used for the protection of the parties in the above-captioned Action ("the Action") and non-parties that provide discovery in the Action against the improper disclosure or use of confidential information produced in discovery or filed with this Court.

## SCOPE OF PROTECTIVE ORDER

1. This Protective Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including initial

disclosures, responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken or served pursuant to the Federal Rules of Civil Procedure and/or the Local Rules of this Court, as well as testimony adduced at any hearing or trial, trial exhibits, matters in evidence and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2. As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

## CONFIDENTIALITY DESIGNATION

3. Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" in accordance with this Protective Order. The burden of establishing that Discovery Material is CONFIDENTIAL as defined herein shall be on the Producing Party. The designation of any Discovery Information as CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4. Discovery Material that is confidential and not publicly available may be designated as "CONFIDENTIAL". Discovery Material falling into one or more of the following categories may be designated as "CONFIDENTIAL – ATTORNEY'S EYES ONLY": (i) proprietary or confidential research, development and/or technical information that is not publicly available and that is not expressly contained in public information; (ii) unpublished patent applications and patent prosecution documents that are not available upon request from the U.S. Patent and Trademark Office or any other patent office; (iii) sensitive financial, sales, business or commercial information that is not publicly available and that is not expressly contained in public information; and (iv) trade secrets or other confidential research,

development, technical, or commercial information entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

5. The Producing Party may designate documents or other tangible Discovery Material as CONFIDENTIAL by placing the following legend or similar legend on the document or thing: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY"; provided, however, that in the event that original documents are produced for inspection, the Producing Party shall place the appropriate legend on the documents in the copying process. Where particular Discovery Material contains both CONFIDENTIAL and non-confidential information, only the CONFIDENTIAL information is subject to the limitations on disclosure set forth in this Protective Order. A document bearing the legend of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or a similar legend, shall also be treated as a CONFIDENTIAL document in this case.

6. Any party or non-party may designate discovery requests or responses (and the information contained therein) as CONFIDENTIAL by placing the following legend on the face of any such document:

> "Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included."
>
> or
> "Contains CONFIDENTIAL – ATTORNEY'S EYES ONLY information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included."

In the case of discovery requests or responses, a statement may also be included within the document specifying the portion(s) thereof designated as CONFIDENTIAL.

7. Any party or non-party may designate depositions and other testimony (including exhibits) as CONFIDENTIAL by indicating on the record at the time the testimony is given that the entire testimony or portions thereof shall be designated as CONFIDENTIAL. The following legend shall be placed on the front of any deposition transcript (and, if videotaped, any copies of the videotape) containing CONFIDENTIAL information:

"Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included."

or

"Contains CONFIDENTIAL – ATTORNEY'S EYES ONLY information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included."

All information disclosed at a deposition shall be treated initially as "CONFIDENTIAL – ATTORNEYS EYES ONLY" information. Thirty (30) days after receipt of a deposition transcript, a party shall identify those portions of the transcript which are to remain designated as CONFIDENTIAL information. After the 30-day period expires, all portions of the transcript not so identified shall be treated as non-CONFIDENTIAL information.

8. Where a party intends to file with the Court a document containing CONFIDENTIAL information, the party must seek and obtain Court approval to file the document under seal. A party shall not file a document containing the CONFIDENTIAL information of another party unless and until such Court approval is obtained. Where Court approval to file a document under seal is obtained, all CONFIDENTIAL material, or any excerpt, reproduction or paraphrase thereof, filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (i) the caption of this Action; (ii) the words "CONFIDENTIAL — Restricted Access According to Court Order" as an indication of the nature of the content; and (iii) a statement in substantially the following form:

This envelope, containing documents which are filed in this case by (name of party), is not to be opened or the contents thereof to be displayed or revealed except by order of Court or consent of the parties.

The Clerk of Court is directed to maintain under seal all material filed in this Action which has been marked or designated, in whole or in part, as CONFIDENTIAL and filed in accordance with this Paragraph 8.

## USE

9. Discovery Material designated CONFIDENTIAL shall be used only in preparation for, and in, the trial of this Action or any appeal therefrom and cannot be used for any other purpose including, but not limited to, any other litigation, arbitration or claim, or for patent prosecution purposes. Nothing in this Protective Order shall preclude a Producing Party from using or disseminating its own CONFIDENTIAL material.

10. All material designated CONFIDENTIAL shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected.

11. Third parties may (i) designate deposition transcripts of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, CONFIDENTIAL to the same extent and in the same manner as parties to this Action and any such materials and information shall be treated by the parties to this Action in the same manner as materials and information so designated by a party, and (ii) intervene in this Action to enforce the provisions of this Protective Order as if they were a party.

## DISCLOSURE

12. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as "CONFIDENTIAL" may be disclosed by the Receiving Party only to the following persons:

(a) any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings, provided that these attorneys are directly involved with this Action);

(b) support personnel for attorneys listed in sub-paragraph (a) above, including law clerks, paralegals, secretaries, and clerical staff employed by any attorney identified in sub-paragraph (a) and assisting in connection with this Action;

(c) any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial,

with disclosure of CONFIDENTIAL material occurring only to the extent necessary to perform such work;

  (d) no more than two officers of each Receiving Party, provided that they receive only derived summaries of CONFIDENTIAL Discovery Material for the sole and exclusive purpose of evaluating litigation strategy;

  (e) any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

  (f) document copy services, jury consultants and graphic artists;

  (g) any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular CONFIDENTIAL material sought to be disclosed and the examining attorney has a good faith basis for actually using the CONFIDENTIAL material during said deposition, at which time before the deponent is shown the CONFIDENTIAL material, the examining attorney shall notify opposing counsel of the intent to disclose the CONFIDENTIAL material to the deponent and specifically indentifying the CONFIDENTIAL material sought to be disclosed, outside the presence of the deponent and any other person set forth in Paragraph 27 attending the deposition, or any witness who is preparing for a deposition when the preparing attorney has a good faith reason to believe that the CONFIDENTIAL material will be shown to the witness at the deposition;

  (h) personnel of the Court and all appropriate courts of appellate jurisdiction; and

  (i) any other person agreed to by the Producing Party in writing.

Discovery Material designated as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may only be disclosed to the persons identified in paragraphs 13(a), (b), (e), (f), (g) and (h). CONFIDENTIAL material shall not be disclosed to persons described in paragraphs 13(c), (d) or (i) unless and until such person has executed the affidavit in the form attached as Exhibit A.

CONFIDENTIAL material shall not be disclosed to any person unless such person is authorized to receive CONFIDENTIAL material pursuant to paragraphs 12-14 of this Protective Order.

13. At least seven (7) days before the disclosure of any CONFIDENTIAL material of the Producing Party is made to an individual described above in Paragraph 13, sub-paragraph (d), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and position, and enclosing an executed acknowledgement from the individual to whom disclosure is to be made, in the form of Exhibit A attached hereto. The Producing Party shall state any objections to the proposed disclosure of CONFIDENTIAL material to any individual described in Paragraph 13, sub-paragraph (d), and state the reasons for its objections in writing, to the Receiving Party within seven (7) days of receipt of the Notice. Upon the making of any such objection(s), the Producing Party shall have ten (10) days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) in which to challenge, by filing an expedited motion, the disclosure of CONFIDENTIAL material. Unless the Producing Party objects to the disclosure and files an expedited motion in accordance with the Notice and timing provisions of this Paragraph 14 and Paragraph 28, the Producing Party waives its right to challenge the disclosure of CONFIDENTIAL material to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of CONFIDENTIAL material under the terms of this Protective Order. Should the Producing Party properly object and file its expedited motion, CONFIDENTIAL material shall not be disclosed to the identified individual, pending resolution of the expedited motion.

14. The recipient of any CONFIDENTIAL material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

## EXEMPTED MATERIALS

15. None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL has/had been:

(a) available to the public at the time of its production hereunder;

(b) available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

(c) known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without use or benefit of the information;

(d) obtained outside of this Action by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL; provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

(e) obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

(f) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

The Receiving Party shall have the burden of proof to remove the restrictions set forth herein based on grounds (a)-(f).

16. Any party may seek to remove the restrictions set forth herein on the ground that information designated CONFIDENTIAL does not fall within the definition of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEY'S EYES ONLY" set forth in Paragraph 4 above. The Producing Party shall have the burden of proof of establishing that Discovery Material challenged under this Paragraph 17 constitutes "CONFIDENTIAL" Discovery Material, as defined in Paragraph 4. If the designation of CONFIDENTIAL is removed from certain material, either by court order or by agreement of the parties, then none of the provisions of this Protective Order shall apply to that newly-de-designated material.

## INADVERTENT PRODUCTION/DESIGNATION

17. The inadvertent production of documents subject to the attorney-client privilege or the attorney work-product doctrine shall not waive the attorney-client privilege or the attorney work-product doctrine. In addition, the fact that a document was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. Upon a request from a party that has inadvertently produced any document which it believes may be subject to the attorney-client privilege or attorney work-product doctrine, each party receiving said document shall return it and all copies within three (3) business days to the Producing Party. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the document and such other information as is reasonably necessary to identify the document and describe its nature to the Court in any motion to compel production of the document. Such a record of the identity and nature of a document may not be used for any purpose other than preparation of a motion to compel in this Action. After the return of the document(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

18. The inadvertent failure by a party to designate Discovery Material as CONFIDENTIAL shall not be a waiver of such designation provided that the party who fails to make such designation informs the Receiving Party that such Discovery Material is CONFIDENTIAL within seven (7) days from when the failure to designate first became known to the Producing Party. The party receiving Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL shall not be in breach of this Order for any use made of such Discovery Material before the Receiving Party is informed of the inadvertent failure to designate. Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph 19, the Receiving Party shall take reasonable steps to, at the Producing Party's option, to either ensure that all copies, including copies disseminated to others, of any such Discovery Materials are returned promptly to the Producing Party or, at the Producing Party's option, are destroyed and the Receiving Party certifies in writing of such

10

destruction, or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under Paragraphs 12 through 14 of this Protective Order. If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph 19, to the extent possible, the information and/or data shall be expunged and not used.

19. In the event of disclosure of Discovery Material designated CONFIDENTIAL to any person not authorized to such access under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## USE IN COURTROOM PROCEEDINGS

20. In the event that any CONFIDENTIAL material is to be used in any court proceeding, the Producing Party may seek an appropriate protective order from the Court before its introduction, and in any event, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

## OBJECTION TO DESIGNATIONS

21. Any party may object to the designation by the Producing Party of any material as CONFIDENTIAL. The process for making such an objection and for resolving the dispute shall be as follows:

(a) The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

(b) The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

(c) Failing agreement, the objecting party may bring a noticed motion to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation. The Producing Party bears the burden to establish that the Discovery Material is CONFIDENTIAL and entitled to such protection under this Protective Order. Notwithstanding any such challenge to the designation of material as CONFIDENTIAL, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the party who designated the material as CONFIDENTIAL withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

## RETURN/DESTRUCTION OF MATERIALS

22. Not later than sixty (60) days after the Termination of this Action (defined below), all CONFIDENTIAL material, including all copies and derivative works thereof, shall be returned to the Producing Party or, with advance written consent of the Producing Party, destroyed, except that each parties' outside counsel may maintain one copy for archival purposes of the following types of documents containing Confidential information: a) attorney work product; b) correspondence between the parties or counsel for the parties; c) discovery requests and responses, but not documents produced in response to such discovery requests; d) papers filed with the Court and exhibits thereto; and e) one copy of any version received from the court reporter (*e.g.*, paper, miniscript, and ASCII versions) of a deposition transcript, and accompanying exhibits. The party receiving any CONFIDENTIAL material shall certify in writing that all such material, including CONFIDENTIAL material disclosed hereunder, has been returned or destroyed.

## MISCELLANEOUS PROVISIONS

23.     This stipulated Protective Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this order is not believed by such party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain matter may not be discovered at all.

24.     The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

25.     If at any time CONFIDENTIAL material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such CONFIDENTIAL material and shall provide each such party with an opportunity to object to the production of CONFIDENTIAL materials. If the Producing Party does not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the ten (10) day notice period, such material in response thereto.

26.     Counsel for any party to this Protective Order shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive materials or information designated as CONFIDENTIAL. Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL material.

27.     All notices required by any paragraphs of this Protective Order are to be made by facsimile or e-mail to counsel representing the noticed party. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice. Any of the notice requirements herein may be waived in whole or in part, but only

in a writing signed by an attorney for the Producing Party. All specified time periods are in calendar days.

28. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of CONFIDENTIAL material produced by any other party or non-party.

29. Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or any other proceeding.

30. All persons receiving CONFIDENTIAL materials are enjoined from producing them to any other persons, except in conformance with this Protective Order. Each individual who receives CONFIDENTIAL material agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

31. For purposes of this Protective Order, "Termination of this Action" is defined to mean the exhaustion of all appeals from orders and final judgments in this Action or the settlement of this action by the parties.

32. The parties agree that the terms of this Protective Order shall survive and remain in effect after the Termination of this Action; provided, however, that any party may seek the withdrawal of any previously sealed document by filing a motion requesting this relief within sixty (60) days after the case is closed in the District Court. Any such documents not withdrawn will become part of the public record. The Court shall retain jurisdiction to hear disputes arising out of this Protective Order.

33. Any party may move at any time to modify the terms of this Protective Order, in whole or in part. A party seeking to modify this Protective Order shall request only the minimum modification as is reasonably necessary to address the grounds upon which its motion to modify is based.

34. Any headings used in this Protective Order are for reference purposes only and are not to be used to construe or limit the meaning of any provision.

35. This Protective Order may be executed in any number of counterparts, all of which, upon completed execution thereof by all parties, collectively shall be deemed to constitute one original.

36. Discovery materials produced electronically on computer-readable disc shall be treated as follows:

(a) During the course of discovery, documents and things may be produced on computer-readable discs. Each such disc produced according to this agreement shall be numbered by the Producing Party.

(b) When a Receiving Party wishes to print a document or thing from a computer-readable disc for possible use as an exhibit for a court filing, a copy of the document or thing shall be provided to the Producing Party. The Producing Party shall affix a production number to the document or thing, and if applicable, affix the appropriate confidentiality designation thereto and return the document or thing to the receiving party within seven (7) days. Furthermore, the Producing Party agrees that it shall provide paper copies of any documents or things contained on a computer-readable disc that the Receiving Party is unable to open, view, or print.

SO ORDERED this __16__ day of September, 2016.

THE HONORABLE HENRY PITMAN
United States Magistrate Judge

15

We hereby stipulate to the entry of the foregoing Protective Order.

Dated: September 14, 2016                    Respectfully submitted

                                             CLEMENTS BERNARD, PLLC,
                                             *Attorneys for Defendant*

                                             By: /s/ Seth L. Hudson
                                             Seth L. Hudson (*Admitted Pro Hac Vice*)
                                             4500 Cameron Valley Parkway, Suite 350
                                             Charlotte, NC 28211
                                             Phone: (704) 790-3600
                                             Fax:    (704) 366-9744
                                             shdudson@worldpatents.com

                                             -and-

                                             Daniel K. Kahn, Esq. (DC9791)
                                             LAW OFFICES OF CAHN & CAHN, P.C.
                                             105 Maxess Road Suite 124
                                             Melville, NY 11747
                                             Phone: (631) 752-1600
                                             Fax:    (631) 752-1555
                                             dcahn@cahnlaw.com


                                             /s/ Oscar Michelen/s/
                                             Oscar Michelen(OM5199)
                                             CUOMO LLC
                                             200 Old Country Road, Suite 2
                                             Mineola, NY 11501
                                             Phone: (516) 741-3222
                                             Fax:    (516) 741-3223
                                             omichelen@cuomollc.com
                                             *(Attorney for Plaintiff)*

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES H. FISCHER,<br><br>                   Plaintiff,<br><br>v.<br><br>STEPHEN T. FORREST, Jr. SANDRA F. FORREST, SHANE R. GEBAUER and BRUSHY MOUNTAIN BEE FARM, INC.<br><br>                   Defendants. | **CIVIL ACTION NO.:** 14-CV-1304 |
| JAMES H. FISCHER,<br><br>                   Plaintiff,<br><br>v.<br><br>STEPHEN T. FORREST, Jr. SANDRA F. FORREST, SHANE R. GEBAUER and BRUSHY MOUNTAIN BEE FARM, INC.<br><br>                   Defendants. | **CIVIL ACTION NO.:** 14-CV-1307 |

**EXHIBIT A**

**AGREEMENT CONCERNING INFORMATION
COVERED BY THE STIPULATED**

I, _____, being duly sworn, state that:

    (a)    My present residential address is _____

_____,

(b)   My present employer is _____

_____ and the address of my present employer is

_____,

(c)   My present occupation or job description is _____

_____.

I have read a copy of the Protective Order entered in this case on _____, 2016; I recognize that during my participation in this case I may have occasion to read or hear matters which are designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY"; that I agree not to disclose any such confidential matter to any person not entitled to receive disclosure of the same under the provisions of such Protective Order, that I agree to use any such confidential matter solely for the purpose appropriate to my participation in this case; and that I agree to abide by said Protective Order in every respect.

_____