**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**CIVIL ACTION NO.:** 14-CV-1304

JAMES H. FISCHER,

                              Plaintiff,

v.

STEPHEN T. FORREST, JR.
SANDRA F. FORREST,
SHANE R. GEBAUER, and BRUSHY
MOUNTAIN BEE FARM, INC.

                              Defendant.

**DEFENDANT BRUSHY MOUNTAIN
BEE FARM, INC.'S ANSWER TO
PLAINTIFF'S THIRD AMENDED
COMPLAINT**

---

Defendant Brushy Mountain Bee Farm, Inc. ("Brushy Mountain Bee Farm") hereby responds to the allegations contained in the respectively numbered paragraphs of the Third Amended Complaint filed in this action by Plaintiff James H. Fischer, as set forth below:

**PRELIMINARY STATEMENT**

1. It is admitted Plaintiff has alleged claims for copyright infringement, trademark infringement, false designations of origin, false descriptions, unfair competition, breach of contract, unfair business practices, unjust enrichment, and violation of New York Civil Rights law, but denies any legally cognizable claim has been asserted. Except as specifically admitted herein, the remaining allegations of Paragraph 1 are denied.

2. The allegations of Paragraph 2 are denied.

3. The allegations of Paragraph 3 are denied.

4. The allegations of Paragraph 4 are denied.

5. The allegations of Paragraph 5 are denied.

6.      It is admitted Plaintiff drafted a letter dated April 5, 2011, which speaks for itself. Except as specifically admitted herein, the remaining allegations of Paragraph 6 are denied.

## THE PARTIES

7.      Upon information and belief, it is admitted Plaintiff resides in Manhattan and distributes a product called Fischer's Bee-Quick, and Plaintiff is Director of Education for the Honey Bee Conservatory and teaches courses.  Except as specifically admitted here, the remaining allegations of Paragraph 7 are denied.

8.      The allegations of Paragraph 8 are denied.

9.      The allegations of Paragraph 9 are denied.

9a.      The allegations of Paragraph 9a are denied.

10.      It is admitted Exhibit 1 speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 10 are denied.

11.      It is admitted Brushy Mountain Bee Farm, Inc. is a North Carolina corporation with its principal place of business located at 610 Bethany Church Road, Moravian Falls, NC 28564.  The remaining allegations of Paragraph 11 are denied.

## JURISDICTION AND VENUE

12.      Brushy Mountain admits 17 U.S.C. § 101 *et. seq.* refers to the Copyright Act and 15 U.S.C. §1051 *et. seq.* refers to the Lanham Act.  Except as specifically admitted herein, the remaining allegations of Paragraph 12 are denied.

13.      Brushy Mountain admits 28 U.S.C. §§ 1331, 1332, and 1338 provide original jurisdiction to the district court and subject matter jurisdiction to civil actions arising under the laws of the United States and for civil actions arising under any Act of

Congress related to trademarks and related actions, but denies any legal cognizable claim has been asserted by Plaintiff.  Except as specifically admitted herein, the allegations of Paragraph 13 are denied.

14.   Brushy Mountain admits this Court has jurisdiction over claims involving the Lanham Act, and 28 U.S.C. §§ 1331, 1332, and 1338 provide original jurisdiction to the district court and subject matter jurisdiction to civil actions arising under the laws of the United States and for civil actions arising under any Act of Congress related to copyrights, trademarks and related actions, but denies any legal cognizable claim has been asserted by Plaintiff.  Except as specifically admitted herein, the allegations of Paragraph 14 are denied.

15.   The allegations of Paragraph 15 are denied.

16.   The allegations of Paragraph 16 are denied.

## PERSONAL LIABILITY OF CORPORATE OFFICERS

17.   The allegations of Paragraph 17 are denied.

18.   The allegations of Paragraph 18 are denied.

19.   The allegations of Paragraph 19 are denied.

20.   The allegations of Paragraph 20 are denied.

21.   The allegations of Paragraph 21 are denied.

## FACTUAL ALLEGATIONS RELATING TO ALL CLAIMS

22.   The allegations of Paragraph 22 are denied.

23.   The allegations of Paragraph 23 are denied.

24.   The allegations of Paragraph 24 are denied.

25.   The allegations of Paragraph 25 are denied.

26.     Brushy Mountain lacks sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 26 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

27.     Brushy Mountain lacks sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 27 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

28.     Brushy Mountain lacks sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 28 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

29.     Brushy Mountain lacks sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 29 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

30.     Brushy Mountain lacks sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 30 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

31.     The allegations of Paragraph 31 are denied.

32.     The allegations of Paragraph 32 are denied.

33.     The allegations of Paragraph 33 are denied.

34.     It is admitted Exhibit 3 speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 34 are denied.

35.     The allegations of Paragraph 35 are denied.

36.     The allegations of Paragraph 36 are denied.

## COPYRIGHT COMPLAINTS
### Factual Allegations Relating To All Copyright Claims

37.     Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 36 of the Third Amended Complaint as if set forth fully herein.

38.     Brushy Mountain lacks sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 38 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

39.     Brushy Mountain lacks sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 39 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

40.     Brushy Mountain lacks sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 40 of the Third Amended Complaint, and therefore denies the same and demands strict proof thereof.

41.     The allegations of Paragraph 41 are denied.

42.     The allegations of Paragraph 42 are denied.

43.     The allegations of Paragraph 43 are denied.

44.     The allegations of Paragraph 44 are denied.

45.     The allegations of Paragraph 45 are denied.

46.     The allegations of Paragraph 46 are denied.

47.     The allegations of Paragraph 47 are denied.

48.     The allegations of Paragraph 48 are denied.

49.     The allegations of Paragraph 49 are denied.

50.     The allegations of Paragraph 50 are denied.

51.    It is admitted the website listing speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 51 are denied.

52.    It is admitted the web pages speak for themselves.  Except as specifically admitted herein, the remaining allegations of Paragraph 52 are denied.

53.    The allegations of Paragraph 53 are denied.

54.    The allegations of Paragraph 54 are denied.

55.    The allegations of Paragraph 55 are denied.

56.    It is admitted Exhibit 8 speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 56 are denied.

57.    The allegations of Paragraph 57 are denied.

58.    The allegations of Paragraph 58 are denied.

59.    The allegations of Paragraph 59 are denied.

60.    The allegations of Paragraph 60 are denied.

61.    The allegations of Paragraph 61 are denied.

62.    The allegations of Paragraph 62 are denied.

63.    The allegations of Paragraph 63 are denied.

64.    The allegations of Paragraph 64 are denied.

65.    The allegations of Paragraph 65 are denied.

66.    The allegations of Paragraph 66 are denied.

67.    The allegations of Paragraph 67 are denied.

68.    The allegations of Paragraph 68 are denied.

69.    The allegations of Paragraph 69 are denied.

70.    The allegations of Paragraph 70 are denied.

71.     The allegations of Paragraph 71 are denied.

72.     It is admitted Exhibit 15 and 16 speak for themselves.  Except as specifically

        admitted herein, the remaining allegations of Paragraph 72 are denied.

73.     The allegations of Paragraph 73 are denied.

74.     The allegations of Paragraph 74 are denied.

75.     The allegations of Paragraph 75 are denied.

### 1st Complaint – Copyright Infringement – Work (a)

76.     Brushy Mountain repeats and incorporates herein by reference its responses to the

        allegations of Paragraphs 1 through 75 of the Third Amended Complaint as if set

        forth fully herein.

77.     It is admitted Plaintiff has made claims for copyright infringement, but denies any

        legally cognizable claim has been asserted.  Except as specifically admitted herein,

        the remaining allegations of Paragraph 77 are denied.

78.     The allegations of Paragraph 78 are denied.

### 2nd Complaint – Copyright Infringement – Work (b)

79.     Brushy Mountain repeats and incorporates herein by reference its responses to the

        allegations of Paragraphs 1 through 78 of the Third Amended Complaint as if set

        forth fully herein.

80.     It is admitted Plaintiff has made claims for copyright infringement, but denies any

        legally cognizable claim has been asserted.  Except as specifically admitted herein,

        the remaining allegations of Paragraph 80 are denied.

81.     The allegations of Paragraph 81 are denied.

## 3rd Complaint – Copyright Infringement – Work (c)

82.   Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 81 of the Third Amended Complaint as if set forth fully herein.

83.   It is admitted Plaintiff has made claims for copyright infringement, but denies any legally cognizable claim has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 83 are denied.

84.   The allegations of Paragraph 84 are denied.

## 4th Complaint – Copyright Infringement – Work (d)

85.   Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 84 of the Third Amended Complaint as if set forth fully herein.

86.   It is admitted Plaintiff has made claims for copyright infringement, but denies any legally cognizable claim has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 86 are denied.

87.   The allegations of Paragraph 87 are denied.

## 5th Complaint – Copyright Infringement – Product Photo

88.   Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 87 of the Third Amended Complaint as if set forth fully herein.

89.   It is admitted Plaintiff has made claims for copyright infringement, but denies any legally cognizable claim has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 89 are denied.

90.     The allegations of Paragraph 90 are denied.

**DMCA COMPLAINTS**
**Factual Allegations Relating To All DMCA Complaints**

91.     Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 90 of the Third Amended Complaint as if set forth fully herein.

92.     The allegations of Paragraph 92 are denied.

93.     The allegations of Paragraph 93 are denied.

94.     The allegations of Paragraph 94 are denied.

95.     The allegations of Paragraph 95 are denied.

**6th Complaint – Removal of Copyright Management Information – Work (a)**

96.     Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 95 of the Third Amended Complaint as if set forth fully herein.

97.     It is admitted Plaintiff has made claims for removal of copyright management information, but denies any legally cognizable claims has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 97 are denied.

98.     The allegations of Paragraph 98 are denied.

99.     The allegations of Paragraph 99 are denied.

100.    The allegations of Paragraph 100 are denied.

**7th Complaint – Removal of Copyright Management Information – Work (b)**

101.    Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 100 of the Third Amended Complaint as if set forth fully herein.

102.   It is admitted Plaintiff has made claims for removal of copyright management information, but denies any legally cognizable claims has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 102 are denied.

103.   The allegations of Paragraph 103 are denied.

104.   The allegations of Paragraph 104 are denied.

105.   The allegations of Paragraph 105 are denied.

### 8th Complaint – Removal of Copyright Management Information – Work (c)

106.   Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 105 of the Third Amended Complaint as if set forth fully herein.

107.   It is admitted Plaintiff has made claims for removal of copyright management information, but denies any legally cognizable claims has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 107 are denied.

108.   The allegations of Paragraph 108 are denied.

109.   The allegations of Paragraph 109 are denied.

110.   The allegations of Paragraph 110 are denied.

### 9th Complaint – Removal of Copyright Management Information – Work (d)

111.   Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 110 of the Third Amended Complaint as if set forth fully herein.

112.   It is admitted Plaintiff has made claims for removal of copyright management information, but denies any legally cognizable claims has been asserted.  Except as specifically admitted herein, the remaining allegations of Paragraph 112 are denied.

113.    The allegations of Paragraph 113 are denied.

114.    The allegations of Paragraph 114 are denied.

115.    The allegations of Paragraph 115 are denied.

**10th Complaint – Removal of Copyright Management Information – Work (e)**

116.    Brushy Mountain repeats and incorporates herein by reference its responses to the

allegations of Paragraphs 1 through 115 of the Third Amended Complaint as if set

forth fully herein.

117.    It is admitted Plaintiff has made claims for removal of copyright management

information, but denies any legally cognizable claims has been asserted.  Except as

specifically admitted herein, the remaining allegations of Paragraph 117 are denied.

118.    The allegations of Paragraph 118 are denied.

119.    The allegations of Paragraph 119 are denied.

120.    The allegations of Paragraph 120 are denied.

**TRADEMARK COMPLAINTS**
**Factual Allegations Relating To All Trademark Complaints**

121.    Brushy Mountain repeats and incorporates herein by reference its responses to the

allegations of Paragraphs 1 through 121 of the Third Amended Complaint as if set

forth fully herein.

122.    Brushy Mountain lacks sufficient information or knowledge to form an opinion as to

the allegations contained in Paragraph 122 of the Third Amended Complaint, and

therefore denies the same and demands strict proof thereof.

123.    The allegations of Paragraph 123 are denied.

124.    The allegations of Paragraph 124 are denied.

125.    The allegations of Paragraph 125 are denied.

126.   Brushy Mountain admits Plaintiff drafted a letter dated April 5, 2011, which speaks for itself, but lacks information and belief as to the URL address provided.  Except as specifically admitted herein, the remaining allegations of Paragraph 126 are denied.

127.   Brushy Mountain lacks sufficient information or knowledge to form an opinion as to the allegations contained in Paragraph 127 of the Third Amended Complaint, as it is unclear, and therefore denies the same and demands strict proof thereof.

128.   The allegations of Paragraph 128 are denied.

129.   The allegations of Paragraph 129 are denied.

130.   The allegations of Paragraph 130 are denied.

131.   The allegations of Paragraph 131 are denied.

132.   The allegations of Paragraph 132 are denied.

133.   The allegations of Paragraph 133 are denied.

134.   The allegations of Paragraph 134 are denied.

135.   The allegations of Paragraph 135 are denied.

136.   The allegations of Paragraph 136 are denied.

137.   The allegations of Paragraph 137 are denied.

138.   The allegations of Paragraph 138 are denied.

139.   The allegations of Paragraph 139 are denied.

**11th Complaint – Use of a Counterfeit Mark In Commerce – Two Photos**

140.   Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 139 of the Third Amended Complaint as if set forth fully herein.

141.    It is admitted Exhibit 10 speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 141 are denied.

142.    The allegations of Paragraph 142 are denied.

143.    The allegations of Paragraph 143 are denied.

144.    The allegations of Paragraph 144 are denied.

**12th Complaint – Use of a Counterfeit Mark In Commerce – A 3rd Photo**

145.    Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 144 of the Second Amended Complaint as if set forth fully herein.

146.    The allegations of Paragraph 146 are denied.

147.    The allegations of Paragraph 147 are denied.

148.    The allegations of Paragraph 148 are denied.

149.    The allegations of Paragraph 149 are denied.

**13th Complaint – Use of a Counterfeit Mark in Commerce – In A Website URL**

150.    Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 149 of the Third Amended Complaint as if set forth fully herein.

151.    It is admitted Exhibit 12 speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 151 are denied.

152.    The allegations of Paragraph 152 are denied.

153.    The allegations of Paragraph 153 are denied.

154.    The allegations of Paragraph 154 are denied.

155.    The allegations of Paragraph 155 are denied.

156.    The allegations of Paragraph 156 are denied.

**14th Complaint – Use of a Counterfeit Mark In Commerce – In A 2nd Website URL**

157.    Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 156 of the Third Amended Complaint as if set forth fully herein.

158.    It is admitted Exhibit 13 speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 158 are denied.

159.    The allegations of Paragraph 159 are denied.

160.    The allegations of Paragraph 160 are denied.

161.    The allegations of Paragraph 161 are denied.

162.    The allegations of Paragraph 162 are denied.

163.    The allegations of Paragraph 163 are denied.

## RIGHT OF PUBLICITY COMPLAINT

164.    Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 163 of the Third Amended Complaint as if set forth fully herein.

165.    The allegations of Paragraph 164 are denied.

### Plaintiff's Use and Protection of His Valuable Professional Persona

166.    The allegations of Paragraph 166 are denied.

167.    The allegations of Paragraph 167 are denied.

168.    The allegations of Paragraph 168 are denied.

169.    The allegations of Paragraph 169 are denied.

170.    The allegations of Paragraph 170 are denied.

**Defendants Violated Plaintiff's Right of Publicity by Misusing Plaintiff's Name**

171.    The allegations of Paragraph 171 are denied.

172.    The allegations of Paragraph 172 are denied.

173.    The allegations of Paragraph 173 are denied.

174.    The allegations of Paragraph 174 are denied.

175.    The allegations of Paragraph 175 are denied.

176.    The allegations of Paragraph 176 are denied.

177.    The allegations of Paragraph 177 are denied.

178.    The allegations of Paragraph 178 are denied.

179.    The allegations of Paragraph 179 are denied.

180.    Brushy Mountain admits Plaintiff drafted a letter dated April 5, 2011, which speaks

for itself.  Except as specifically admitted herein, the remaining allegations of

Paragraph 180 are denied.

**15th Complaint – Federal Right of Publicity Claim (Section 43(a) of the Lanham Act)**

181.    Brushy Mountain repeats and incorporates herein by reference its responses to the

allegations of Paragraphs 1 through 180 of the Third Amended Complaint as if set

forth fully herein.

182.    The allegations of Paragraph 182 are denied.

183.    The allegations of Paragraph 183 are denied.

184.    The allegations of Paragraph 184 are denied.

185.    The allegations of Paragraph 185 are denied.

186.    The allegations of Paragraph 186 are denied.

187.    The allegations of Paragraph 187 are denied.

188.   The allegations of Paragraph 188 are denied.

189.   The allegations of Paragraph 189 are denied.

190.   The allegations of Paragraph 190 are denied.

### 16th Complaint – NY State Right of Publicity Claim (NY Civil Rights Law §50 and 51)

191.   Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 190 of the Third Amended Complaint as if set forth fully herein.

192.   The allegations of Paragraph 192 are denied.

193.   The allegations of Paragraph 193 are denied.

194.   The allegations of Paragraph 194 are denied.

195.   The allegations of Paragraph 195 are denied.

196.   Brushy Mountain admits Plaintiff drafted a letter dated April 5, 2011, which speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 196 are denied.

197.   The allegations of Paragraph 197 are denied.

198.   The allegations of Paragraph 198 are denied.

199.   The allegations of Paragraph 199 are denied.

200.   The allegations of Paragraph 200 are denied.

### 17th Complaint – Right of Publicity Claim
### (Common Law Unfair Competition and Personal Injury)

201.   Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 200 of the Third Amended Complaint as if set forth fully herein.

202.   The allegations of Paragraph 202 are denied.

203.   The allegations of Paragraph 203 are denied.

204.   The allegations of Paragraph 204 are denied.

205.   The allegations of Paragraph 205 are denied.

206.   The allegations of Paragraph 206 are denied.

207.   The allegations of Paragraph 207 are denied.

208.   The allegations of Paragraph 208 are denied.

## 18th Complaint – False Advertising

209.   Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 208 of the Third Amended Complaint as if set forth fully herein.

210.   It is admitted Exhibit 8 speaks for itself.  Except as specifically admitted herein, the remaining allegations of Paragraph 210 are denied.

211.   The allegations of Paragraph 211 are denied.

212.   The allegations of Paragraph 212 are denied.

213.   The allegations of Paragraph 213 are denied.

214.   The allegations of Paragraph 214 are denied.

215.   The allegations of Paragraph 215 are denied.

216.   The allegations of Paragraph 216 are denied.

217.   The allegations of Paragraph 217 are denied.

218.   The allegations of Paragraph 218 are denied.

219.   The allegations of Paragraph 219 are denied.

220.   The allegations of Paragraph 220 are denied.

221.   The allegations of Paragraph 221 are denied.

222.   The allegations of Paragraph 222 are denied.

223.   Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 223 of the Third Amended Complaint as if set forth fully herein.

224.   The allegations of Paragraph 224 are denied.

225.   The allegations of Paragraph 225 are denied.

226.   The allegations of Paragraph 226 are denied.

227.   The allegations of Paragraph 227 are denied.

228.   The allegations of Paragraph 228 are denied.

229.   The allegations of Paragraph 229 are denied.

230.   The allegations of Paragraph 230 are denied.

### 20th Complaint – Breach of Contract (UCC-1)

231.   Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 230 of the Third Amended Complaint as if set forth fully herein.

232.   The allegations of Paragraph 232 are denied.

233.   The allegations of Paragraph 233 are denied.

234.   The allegations of Paragraph 234 are denied.

235.   The allegations of Paragraph 235 are denied.

236.   The allegations of Paragraph 236 are denied.

237.   The allegations of Paragraph 237 are denied.

238.   The allegations of Paragraph 238 are denied.

239.   The allegations of Paragraph 239 are denied.

**21st Complaint – Unjust Enrichment**

240.   Brushy Mountain repeats and incorporates herein by reference its responses to the allegations of Paragraphs 1 through 241 of the Third Amended Complaint as if set forth fully herein.

241.   The allegations of Paragraph 243 are denied.

242.   The allegations of Paragraph 244 are denied.

243.   The allegations of Paragraph 245 are denied.

244.   The allegations of Paragraph 246 are denied.

245.   The allegations of Paragraph 247 are denied.

246.   The allegations of Paragraph 248 are denied.


## FOR A FIRST DEFENSE

### (Failure to State a Claim as to All Counts)

Plaintiff fails to state facts sufficient to constitute a cause of action against Brushy Mountain.


## FOR A SECOND DEFENSE

### (Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over Brushy Mountain.


## FOR A THIRD DEFENSE

### (Equitable Defenses)

Plaintiff's claims for relief are barred by the doctrine of laches, estoppel, waiver and acquiescence.

### FOR A FOURTH DEFENSE

(Lack of Standing as to All Counts)

Plaintiff's claims are barred, in whole or in part, for lack of standing.

### FOR A FIFTH DEFENSE

(No injury as to All Counts)

Plaintiff has not suffered any damage or injury as a result of any act or conduct by Brushy Mountain.

### FOR A SIXTH DEFENSE

(No Causation as to All Counts)

Plaintiff's damages, if any, were not caused, in whole or in part, by the alleged conduct of Brushy Mountain.

### FOR A SEVENTH DEFENSE

(Copyright Invalidity)

Plaintiff's alleged copyrights are invalid because, among other reasons, the content of the alleged works is in the public domain, the alleged works are not original, and the alleged works are not copyrightable in the first instance.  Because its alleged copyrights are invalid, they are incapable of being violated.

### FOR AN EIGHT DEFENSE

(Statute of Limitations)

Plaintiff's claims are subject to all applicable statute of limitations which act as a bar to all claims arising or accruing outside of the statute of limitations.

## FOR A NINTH DEFENSE

(Sole Negligence)

Plaintiff has failed to take reasonable action to protect its alleged trademark.  Whatever damages were suffered by Plaintiff, if any, were due to, were caused by, and, in fact, the direct and proximate result of Plaintiff's sole and willful acts, recklessness, and/or negligence.

## FOR A TENTH DEFENSE

(Waiver/Estoppel)

Plaintiff fails to allege any facts to support it made any reasonable efforts to protect the alleged "mark" over the course of many years, allowing it to be freely reproduced and used by many others.

## FOR AN ELEVENTH DEFENSE

(Fair Use)

Plaintiff's claim for copyright infringement is barred, in whole or in part, by the doctrine of fair use and because, without admitting copying of Plaintiff's alleged works, any alleged portion of Plaintiff's works that was used was so *de minimis* as to make no difference.

## FOR A TWELTH DEFENSE

(Reservation and Non-Waiver)

Brushy Mountain reserves the right to set forth such other defenses as may be appropriate.

## FOR A THIRTEENTH DEFENSE

### (Copyright Misuse)

Plaintiff has wrongfully sought to use the claimed copyright and copyright registrations to exclude or restrain competition in violation of applicable antitrust and unfair competition laws and, thus, Plaintiff's copyright infringement claim is barred by its unclean hands and copyright misuse.

## FOR A FOURTEENTH DEFENSE

### (Works Not Protected)

Plaintiff's claims for copyright infringement are barred, in whole or in part, because any portions of Plaintiff's work that were allegedly copied were not protectable in the first instance as part of the public domain.

## FOR A FIFTEENTH DEFENSE

### (Merger)

Plaintiff cannot claim copyright protection for short phrases as there may be only one way to express and idea and its expression are inseparable, thus copyright is no bar to the copying of that expression, and alternatively, if multiple ways of expression exist, logic effectively limits that acceptable range or choices.

## FOR A SIXTEENTH DEFENSE

### (Words and Short Phrases Are Not Protectable)

Plaintiff's alleged copyrights are words and short phrases that are not copyrightable.

## FOR A SEVENTEENTH DEFENSE

(Independent Creation)

Plaintiff's claims, including, without limitation, for copyright infringement are barred because Defendants independently created the works that are alleged to violate Plaintiff's rights.

## FOR AN EIGHTEENTH DEFENSE

(Abandonment)

Plaintiff's claim for copyright and trademark infringement are barred his abandonment of the alleged copyrights and trademarks.

## FOR A NINETEENTH DEFENSE

(Authorization/Implied License)

Plaintiff's claims are barred because any and all alleged use of Plaintiff's materials was within the scope of authorization and/or the nonexclusive implied license granted by Plaintiff.

## FOR A TWEENTIETH DEFENSE

(Preemption)

Plaintiff's state law claims are barred to the extent they seek only to enforce rights already protected by the U.S. Copyright Act and thus, are preempted by the same.

## PRAYER FOR RELIEF

**WHEREFORE,** Brushy Mountain prays for a Judgment as follows:

1.  Dismissing all of Plaintiff's claims and awarding attorney's fees and costs to Brushy Mountain;

2.      Dismissing with prejudice Plaintiff's action and all claims against Brushy

Mountain for monetary relief;

3.      That Plaintiff have and recover nothing from Brushy Mountain;

4.      Awarding Brushy Mountain such other and further relief as the Court may deem

just and proper; and

5.      That all triable issues be brought before a jury.

Dated:  January 27, 2017

CLEMENTS BERNARD, PLLC
*Attorneys for Defendant*

By:*/s/ Seth L. Hudson*
Seth L. Hudson (*Admitted Pro Hac Vice*)
4500 Cameron Valley Parkway Suite 350
Charlotte, NC 28211
Phone: (704) 790-3600
Fax:    (704) 366-9744

– and –

Daniel K. Cahn, Esq. (DC9791)
Law Offices of Cahn & Cahn, P.C.
105 Maxess Road, Suite 124
Melville, NY 11747
Phone: (631) 752-1600
Fax:    (631) 574-4401

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the day of January 27, 2017, I electronically filed the foregoing **DEFENDANT BRUSHY MOUNTAIN BEE FARM, INC.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system serving the following CM/ECF participants:

Oscar Michelen
CUOMO LLC
200 Old Country Road, Suite 2
Mineola, NY 11501
Phone: (516) 741-3222
Fax: (516) 741-3223
omichelen@cuomollc.com


**CLEMENTS BERNARD PLLC**


By: /s/ Seth L. Hudson
Seth L. Hudson (NC Bar No. 32259)
4500 Cameron Valley Parkway, Suite 350
Charlotte, NC 28211
Phone 704.790.3600
Fax 704.366.9744
shudson@worldpatents.com
*(Attorney for Defendant)*