UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES H. FISCHER,

                Plaintiff,

v.

STEPHEN T. FORREST, Jr., SANDRA F. FORREST, SHANE R. GEBAUER, and BRUSHY MOUNTAIN BEE FARM, INC.

                Defendants.

**CIVIL ACTION NO.:** 14-CV-1304
                            14-CV-1307

---

## STATEMENT OF DEFENDANTS PURSUANT TO LOCAL RULE 56.1 OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT SEEKING DISMISSAL OF THIRD AMENDED COMPLAINT

Defendants Stephen T. Forrest, Jr., Sandra F. Forrest, Shane R. Gebauer, and Brushy Mountain Bee Farm, Inc. respectfully submit this statement pursuant to Local Rule 56.1 of the United States District Court for the Southern District of New York. This statement sets forth the material facts as to which Defendants contend there exist no genuine issue for trial.

1. Fischer is only claiming statutory damages in this lawsuit. (Hudson Aff. Ex. E- answer to Interrogatory No. 11).

2. The ad for Bee-Quick was on Brushy Mountain's website on December 26, 2010. (Ex. 3 and Ex. 5 attached to Defendant's Memorandum; Exhibit 7 of Fischer's Second Amended Complaint).

3. Brushy Mountain's 2011 catalog was mailed on January 21, 2011. (Amanda Twete Decl. ¶ 4- Exhibit 7 of Defendant's Memorandum).

1

4. Fischer submitted three deposit copies to the U.S. Copyright Office. The first deposit copy was submitted on February 7, 2011, the second deposit copy was submitted on September 23, 2011, and the third deposition copy was submitted on September 24, 2011. (Exs. 9, 11, and 13 to Defendant's Memorandum).

5. Fischer's first deposit copy contained errors. (Hudson Aff., Ex. A; p. 199, lines 18-24).

6. Fischer's second deposit copy contained an error. (Ex. 14 attached to Defendant's Memorandum).

7. The brochure attached as Exhibit 15 to Defendant's Memorandum was submitted with the third submission, but never appeared on Plaintiff's website as it is "not authentic" and "not the real McCoy." (Ex. 12 to Defendant's Memorandum; Hudson Aff., Ex. A, p. 103, lines 7-25; p. 104, lines 1-24).

8. Fischer's third deposit copy contained documents and information not contained within the first deposit copy. (Ex. 8 and Ex. 12 attached to Defendant's Memorandum).

9. A photograph depicting the "hi-key" or apothecary medicine bottle never appeared on Brushy Mountain's website or in Brushy Mountain's catalog from at least 2010 to the present.   (Gebauer Decl. ¶ 7).

10. Defendants never encouraged "The Honey Hole" or "C.T. Bee Supply" to use the ad for Natural Honey Harvester and never assisted "The Honey Hole" or "C.T. Bee Supply" in using the Natural Honey Harvester ad, if in fact they did use the ad as Fischer claims. (Gebauer Decl. ¶ 12; Stephen Forrest Decl. ¶ 11; Sandra Forrest ¶ 10).

11. Fischer told the Registration Specialist at the U.S. Trademark Office that the third deposit copy was a "subset" of the first deposit copy. (Ex. 14 attached to Defendant's Memorandum).

12. Fischer told the Registration Specialist at the U.S. Trademark Office the brochure, attached as Exhibit 15 to Defendant's Memorandum, was a part of the website as it existed in 2000. (Ex. 16 attached to Defendant's Memorandum).

13. There has been no actual confusion. (Hudson Aff., Ex. A; p. 150, lines 4-12, 25; p. 151, lines 1-5; Hudson Aff.; Ex. D).

14. The Defendants did not remove any metadata or copyright notices that may have existed on Fischer's copyrighted works, if he even submitted such material to Brushy Mountain. (Gebauer Decl. ¶ 8; Stephen Forrest Decl. ¶ 9; Sandra Forrest ¶ 8).

Dated:  April 17, 2017

CLEMENTS BERNARD, PLLC
*Attorneys for Defendant*

By:/s/ *Seth L. Hudson*
Seth L. Hudson (*Admitted Pro Hac Vice*)
4500 Cameron Valley Parkway Suite 350
Charlotte, NC 28211
Phone: (704) 790-3600
Fax:    (704) 366-9744

– and –

Daniel K. Cahn, Esq. (DC9791)
Law Offices of Cahn & Cahn, P.C.
105 Maxess Road, Suite 124
Melville, NY 11747
Phone: (631) 752-1600
Fax:    (631) 574-4401