**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES H. FISCHER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>STEPHEN T. FORREST, Jr., SANDRA F. FORREST, SHANE R. GEBAUER, and BRUSHY MOUNTAIN BEE FARM, INC.<br><br>　　　　　　　Defendants. | CIVIL ACTION NO.: 14-CV-1304<br>　　　　　　　　　　14-CV-1307<br><br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS STEPHEN T. FORREST, JR., SANDRA F. FORREST, SHANE R. GEBAUER, AND BRUSHY MOUNTAIN BEE FARM, INC.'S MOTION FOR SUMMARY JUDGMENT** |

**TABLE OF CONTENTS**

This Court's Bright-Line Rule Prohibits Recovery of Damages By Fischer………………………..4

Fischer Has Not Offered Any Evidence Defendants Are Individually Liable……………………5

Defendants Did Not Remove "Copyright Management Information"……………………………7

Fischer's Misrepresentations Were Material………………………………………………………….10

Fischer's Descriptive and Factual Phrases Are Uncopyrightable………………………………..10

Fischer Provided No Evidence To Support Contributory Infringement Claim……………..……11

Fischer's Descriptive and Factual Phrases Are Uncopyrightable…………….....……………...12

Fischer Has Not Suffered Damages To Support His False Advertising Claims And There Is No Actual Confusion………………………………………………………………………...……12

Fischer Has Suffered No Damages To Support His False Endorsement Claim And Offered No Evidence Of Actual Confusion Or Actions That Are Intentionally Deceptive………………….13

Fischer Has Not suffered Damages To Support His Unfair Competition Claim And Offered No Evidence Of Actual Confusion..………………………………………………………………….13

# **TABLE OF AUTHORITIES**

**Cases**

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 883, 110 S.Ct. 3177, 3186 (1990)………..4

*Accord; Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 106 S.Ct. 1348,1355 (1986)…………………………………………………………………………………………...…4

*Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511, 477 U.S. 242, 250 (1986); Fed. Rule Civ. Proc. 56(e)……………………………………………………………………………………………4

*Solid Oak Sketches, LLC v. 2k Games, Inc. et al.*, No. 16-CV-724, 2016 WL 4126543, at *2 (S.D.N.Y. August 2, 2016)…………………………………………………………………………..5

*Steele v. Bell*, No. 11-CV-9343-RA, 2014 WL 1979227, at *8-9 (S.D.N.Y. Mar. 28, 2014)…….5

*U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc.*, No. 04-CV-6189-JFK, 2008 WL 3906889, at *15 (S.D.N.Y. Aug. 21, 2008)……………………………………………………………………….5

*Shady Records, Inc. v. Source Enters. Inc.*, No. 03-CV-9944-GEL, 2005 WL 14920, at *22 (S.D.N.Y. Jan. 3, 2005)……………………………………………………………………………5

*Luft v. Crown Publishers, Inc.*, 772 F.Supp. 1378 (S.D.N.Y. 1991)……………………………...6

*Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 517 F.Supp. 900 (S.D.N.Y. 1981)………...6

*H.M. Kolbe Co. v. Shaff*, 240 F. Supp. 588 (S.D.N.Y.), aff'd, 352 F.2d 285 (2d Cir. 1965)……………………………………………………………………………………………….6

*Silver v. Lavandeira*, No. 08 Civ. 6522, 2009 WL 513031, at *2 (S.D.N.Y. Feb. 26, 2009)…......7

*Faulkner Press, LLC v. Class Notes, LLC*, 756 F.Supp.2d 1352, 1359 (N.D. Fla. 2010)…….......8

*Eckes v. Card Prices Update*, 736 F.2d 859, 861-62 (2d Cir. 1984)……………………………10

*Raffoler, Ltd. v. Peabody & Wright, Ltd.*, 671 F.Supp. 947 (E.D.N.Y. 1987)…………………...11

*Feist Publ'n, Inc. v. Rural Tel. Srv. Co.*, 499 U.S. 340, 344-45 (1991)…………………………11

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.,* 58 F.3d 27, 35 (2d Cir.1995)……………..13

**Statues**

17 U.S.C. § 412(2)……………………………………………………………………………..5

17 U.S.C. §1202……………………………………………………………………………7,9

17 U.S.C. §1202(b)………………………………………………………………………..7

17 U.S.C. § 1202(c)……………………………………………………………………….9

Defendants Stephen T. Forrest, Jr., Sandra F. Forrest, Shane R. Gebauer, and Brushy Mountain Bee Farm, Inc. ("Defendants") submit this reply memorandum in further support of their Motion for Summary Judgment, and in response to the opposition brief ("Opposition") filed by Plaintiff James H. Fischer ("Fischer") and in Response provides a Declaration of Shane Gebauer and Affidavit of Seth L. Hudson.

Fisher has failed to put forth any specific facts in his Opposition to create a genuine issue of fact. Since there is no genuine issue of fact, the Court should grant Summary Judgment to the Defendants.

As the Supreme Court Stated in *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883, 110 S.Ct. 3177, 3186 (1990):

> Rule 56(e) further provides:
> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in the adverse party's pleading, but the adverse party's response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*Accord; Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 106 S.Ct. 1348,1355 (1986); *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511, 477 U.S. 242, 250 (1986); Fed. Rule Civ. Proc. 56(e).

### I.     This Court's Bright-Line Rule Prohibits Recovery of Damages By Fischer

This court has established a bright-line rule precluding an award of statutory damages and attorney's fees when the alleged infringement occurs before the effective date of the copyright registration. Below is a timeline as alleged by Fisher and supported by his evidence:

- December 10, 2010- Defendants lost any right, license, or permission to use Fischer's intellectual property. (1304 Third Amended Compl. ¶¶35, 61).

4

- December 26, 2010- Fischer's alleged copyrighted phrases are on Brushy Mountain's website. (Ex. 7 to Fischer's Second Amended Complaint).
- February 7, 2011- Effective date of Fischer's copyright registration. (Ex. 4; Defendants Memorandum in Support of Summary Judgment).

Fischer cites a lot of case law in his opposition relating to the tolling of the statute of limitations, but these cases are not relevant. The issue of tolling of the statute of limitations is completely different from recovering statutory damages. The Copyright Act precludes Fischer from obtaining statutory damages and attorney's fees if the alleged infringement of the work commenced before registration. (17 U.S.C. § 412(2)).

As set forth in *Solid Oak Sketches, LLC v. 2k Games, Inc. et al.*, No. 16-CV-724, 2016 WL 4126543, at *2 (S.D.N.Y. August 2, 2016), the bright-line rule established by this district "precludes recovery of statutory damages where the first act of infringement in a series of ongoing infringements occurred prior to the work's copyright registration, finding such a bright line rule preferable to case-by-case analyses of whether a series of infringements 'has stopped sufficiently such that the restart continues a new set of infringements.'" (*citing* Steele v. Bell, No. 11-CV-9343-RA, 2014 WL 1979227, at *8-9 (S.D.N.Y. Mar. 28, 2014); *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading, Inc.*, No. 04-CV-6189-JFK, 2008 WL 3906889, at *15 (S.D.N.Y. Aug. 21, 2008); *Shady Records, Inc. v. Source Enters. Inc.*, No. 03-CV-9944-GEL, 2005 WL 14920, at *22 (S.D.N.Y. Jan. 3, 2005)).

As Fischer is only claiming statutory damages and these damages are unavailable, Defendants are entitled to Summary Judgment on the Copyright Infringement claims.

## II.     Fischer Has Not Offered Any Evidence Defendants Are Individually Liable

Fischer's opposition attempts to provide reasoning as to why the individual Defendants are individually liable for the copyright claims. He fails to provide any arguments supporting his

5

claims against the individual defendants for the remaining DMCA, False Endorsement, False Advertising, and Unfair Competition claims and summary judgment should be granted in favor of the individual defendants for these claims.

Fischer presents evidence that Stephen Forrest, Sandra Forrest, and Shane Gebauer were stockholders in Brushy Mountain and then alleges by being stockholders they are individually liable for copyright infringement. This is incorrect. The cases cited by Fischer contradict his proposition and clearly indicate the corporate officer must, at least, participate in the acts constituting infringement to be liable. In *Luft v. Crown Publishers, Inc.*, 772 F.Supp. 1378 (S.D.N.Y. 1991), a default judgment was entered against the company president and an inquest on damages was held. The court found the company president was correctly jointly and severally liable for copyright infringement because he negotiated the purchase of the infringing recordings, supervised the recordings manufacture, distribution, and sale. In *Lauratex Textile Corp. v. Allton Knitting Mills, Inc.*, 517 F.Supp. 900 (S.D.N.Y. 1981), the president of Allton made a practice of copying designs and has been sued ten times over a five year period for copyright infringement. The court found the president individually liable because he prepared the infringing design and sold the design to others. Finally, in *H.M. Kolbe Co. v. Shaff*, 240 F. Supp. 588 (S.D.N.Y.), aff'd, 352 F.2d 285 (2d Cir. 1965), a stockholder was individually liable because he was personally involved in arranging and directing the production of an infringing design.

The facts at hand are distinguishable. Fischer claims Brushy Mountain's Natural Honey Harvester ad infringes his copyright. Fischer has offered no evidence the individual defendants were personally involved or orchestrated any infringing activity. The Forrests did not design the Natural Honey Harvester ad that appeared in the catalog and website that is alleged to be the

6

infringing work. (Steve Forrest Decl. ¶7; Sandra Forrest Decl. ¶6).  Fischer completely mischaracterizes the deposition testimony.  As specifically and accurately set forth in Defendants Memorandum, the Forrests ceased working on the catalog in 2009, well before Brushy Mountain ceased selling Bee-Quick.

### III. Defendants Did Not Remove "Copyright Management Information"

In his opposition, Fischer has failed to show any of his validly copyrighted work contains Copyright Management Information (CMI) or offer any proof Defendants removed any copyright management information from his copyrighted work.

The purpose of the DMCA was to prevent wholesale digital copying through prohibiting the circumvention of protective measures and the removal or alteration of copyright management information associated with the copied works.  An action for removal or alteration of CMI requires the information to be removed or altered from a plaintiff's product or validly copyrighted work.  Specifically, §1202(b) "prohibits the removal or alteration of 'copyright management information' from a <u>validly copyrighted work</u> and provides that '[n]o person shall <u>knowingly</u> and with the <u>intent</u> to induce, enable, facilitate, or conceal' infringement provide, distribute, or import for distribution copyright management information that is false.'" *Silver v. Lavandeira*, No. 08 Civ. 6522, 2009 WL 513031, at *2 (S.D.N.Y. Feb. 26, 2009)(quoting 17 U.S.C. §1202)(emphasis added).

The title of Fischer's copyright is "text and images of Bee-Quick.com website."  There has been no evidence submitted by Fischer that his website contains CMI.  Further, there is no evidence submitted by Fischer that any Defendant copied his Bee-Quick.com website and removed CMI in the process.  Fischer is required to prove CMI was intentionally removed or

altered from his validly copyrighted work. *Faulkner Press, LLC v. Class Notes, LLC*, 756 F.Supp.2d 1352, 1359 (N.D. Fla. 2010). Fischer has failed to present evidence any Defendant distributed his original work (Bee-Quick.com website), contained within his copyright application, from which CMI has been removed. Here, nothing has been removed from his copyrighted work. Fischer has presented no evidence of intentional removal, much less that any removal was with the <u>intent</u> to induce, enable, facilitate, or conceal infringement. The sole purpose of the Natural Honey Harvester ad was to advertise and sell Natural Honey Harvester. (Gebauer Decl. ¶ 6).

In *Faulkner Press*, the plaintiff was the publisher of a professor's textbooks, including electronic versions that displayed CMI. The defendant sold class note packages that included material from the electronic textbooks and plaintiff brought an action asserting violation of the DMCA. Defendants moved for summary judgment, which the court granted. In granting the motion, the court noted that no CMI had been removed from plaintiff's work. Instead, student note takers took notes of the professor's course and the notes were compiled into a notes package. *Faulkner Press*, 756 F.Supp.2d at 1359. The court states "[h]ere, nothing was removed from the copyrighted works. Instead, information from Dr. Moulton's courses was allegedly copied into a different form and then incorporated into the note packages. No copyright management information was removed from Dr. Moulton's product or original work." *Faulkner Press*, 756 F.Supp.2d at 1359. "The note packages… were a different product from Dr. Moulton's work even if, as Faulkner Press alleges, they included materials from Dr. Moulton's work." *Id*. Copying portions of a copyrighted work in a different form does not give rise to a CMI claim because the copyrighted work is not copied for the removal of CMI to take place.

In his Opposition, Fischer claims his "product name 'Fischer's Bee Quick'" is CMI. Copyright management information is defined as:

> "…any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work: (1) The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright…." See 17 U.S.C. § 1202(c).

A product name or trademark is not CMI. The copyright registration attached to Fischer's complaint shows James Fischer as the author- not Fischer's Bee-Quick. §1202(c) plainly states CMI is the "name of the author." Fischer's Bee-Quick indicates the product being sold, as admitted by Fischer in his opposition. The product name or trademark says nothing about the copyright status of the website. The point of CMI is to inform the public that something is copyrighted and to prevent infringement. If someone searched the copyright database for the author named "Fischer's Bee-Quick", the search would come up empty because the author of the work is not Fischer's Bee-Quick for purposes of copyright and as defined under §1202(c).

Fischer has presented no evidence the CMI was removed intentionally, nor could he because no CMI was removed. Fischer has also failed to offer evidence Defendants intended to "induce, enable, facilitate, or conceal infringement" which is a required element of DMCA claims. 17 U.S.C. §1202. Fischer conclusory alleges all defendants or a defendant put "their name and company watermark on the new ads." As Shane Gebauer stated during his deposition, Brushy Mountain would include watermarks on its own copyrighted images because other parties would copy off the Brushy Mountain website without permission. (Hudson Aff. Ex. 1, p.

Gebauer Depo. p. 91, lines 5-25; p. 92, lines 1-9). The purpose of the watermark is to prevent unauthorized copying of Brushy Mountain's intellectual property. (Gebauer Decl. ¶5).

### IV. Fischer's Misrepresentations Were Material

Fischer admits on page 4 of his very self-serving affidavit[1] that he made errors in his application. Unfortunately for Fischer, his errors were not immaterial. In fact, his material misstatements to the Registration Specialist clearly influenced the Copyright Office's decision to issue the registration. In response to questions by the Registration Specialist, Fischer misstated "the brochure was integral to the website" and "the brochure was to be viewed online, with printing to be optional." As a result of the misstatements, the Registration Specialist allowed the brochure to become part of the deposit copy. If Fischer had told the truth and informed the Registration Specialist the brochure was not integral to the website, because it was "not authentic" and "not the real McCoy" the brochure would not have become part of the deposit copy as clearly set forth by the Registration Specialist in the emails. In establishing the effective date of the application, Fischer misrepresented that the website and brochure "were published at the same date/time and on the same website." If Fischer had told the truth and informed the Registration Specialist the brochure was not published on the same date/time of the website, the copyright would not have been afforded an effective date of February 7, 2011. A copyright registration is invalidated if the registrant omitted "facts which might have occasioned a rejection of the application." *Eckes v. Card Prices Update*, 736 F.2d 859, 861-62 (2d Cir. 1984).

### V. Fischer's Descriptive and Factual Phrases Are Uncopyrightable

---

[1] Defendants object to the affidavit on the grounds Mr. Fischer lacks personal knowledge as to the source and validity of the basis for Mr. Gardner's post and the data attached as Exhibit C (the data graphed is Brushy Mountain's order dates not shipment dates as alleged by Fischer). [FRE 602]. Fischer's statements concerning contract of indefinite duration and is objected to as it states a legal conclusion. Fischer's statements on page 8 and 9 concerning statements from Ms. Brey are inadmissible. hearsay. [FRE 802].

In his opposition, Fischer claims it is improper to dissect the work and the determination of copyrightability should be made by assessing the work as a whole. However, Fischer's entire copyright claim is based upon dissecting an extremely small, unprotectable, portion of his copyrighted work. The copyright office granted the application based upon the whole body of work and not the individual short phrases Fischer alleges Defendants copied.

Fischer mischaracterizes *Raffoler, Ltd. v. Peabody & Wright, Ltd.*, 671 F.Supp. 947 (E.D.N.Y. 1987). In *Raffoler*, the court clearly states "plaintiff is claiming copyright protection for its advertisements in their entirety, not for the individual slogans "This is NOT a misprint" or "Hard to believe, but true." *Id*. at 951. The Defendant copied the entire ad and only made a few changes to the ad prior to copying. In the instant case, Brushy Mountain did not copy Fischer's Bee-Quick.com website.

The phrases "A Natural, Non-Toxic Blend of Oils and Herbal Extracts" and "a safe, gentle, and pleasant way to harvest your honey" describes the product or are facts about the product and lack the originality requirement under copyright law. The most fundamental axiom of copyright law is that no author may copyright his ideas or the facts he narrates. *See Feist Publ'n, Inc. v. Rural Tel. Srv. Co.*, 499 U.S. 340, 344-45 (1991). Facts cannot be copyrightable because the *sine qua non* of copyright is originality. *Id*. at 345. "A Natural, Non-Toxic Blend of Oils and Herbal Extracts" and "a safe, gentle, and pleasant way to harvest your honey" are merely descriptions or facts about the product and not original. As Defendants pointed out in their Memorandum, the phrases "safe, gentle and pleasant," "special blend of oils and herbal extracts" and "natural, non-toxic oils" are commonly used to describe various commercial products.

**VI.     Fischer Provided No Evidence To Support Contributory Infringement Claim**

Fischer has not addressed his contributory infringement claims in his opposition, much less, provided any evidence to support his claims.

## VII. Fischer's Descriptive and Factual Phrases Are Uncopyrightable

Evidence submitted by Fischer's own attorney, Oscar Michelen, contradicts these claims. Exhibit A to Mr. Michelen's Affirmation is a copy of Fischer's supplemental responses to Defendants' Interrogatories. The Answer to Interrogatory No. 8 states "[t]he action brought by Plaintiff is for Trademark Counterfeiting, not Trademark Infringement." The claims were previously dismissed.

## VIII. Fischer Has Not Suffered Damages To Support His False Advertising Claims And There Is No Actual Confusion

The only damages Fischer is seeking are statutory damages. Statutory damages are not available under a False Advertising claim; and therefore, Defendants are entitled to Summary Judgment.

Fischer has not offered any evidence of actual confusion. In his answer to Plaintiff's Interrogatory No. 8, Fischer admits he is "unaware of any instance of actual consumer confusion." (Ex. A, Michelen Affirmation). Fischer attempts to allege a comment on Brushy Mountain's website comparing one product to another shows actual confusion. On Page 7 of Fischer's Affidavit, he claims the customer is comparing Bee-Quick to Natural Honey Harvester. If true, this comparison would clearly indicate no actual confusion because the customer is comparing the two products. However, Fischer has no independent knowledge as to what Mr. Gardner is referring to. Mr. Gardner was never listed as a witness by Fischer (Answer to Int. No. 3, Michelen Affirmation Ex. A). As set forth in Shane Gebauer's declaration, the post from Mr. Gardner was posted 2.5 years after Brushy Mountain stopped selling Bee-Quick and the products purchased by Mr. Gardner were Natural Honey Harvester. (Gebauer Decl. ¶¶ 2, 3, and 4).

**IX.	Fischer Has Suffered No Damages To Support His False Endorsement Claim And Offered No Evidence Of Actual Confusion Or Actions That Are Intentionally Deceptive**

Again, Fischer is only claiming statutory damages.  Statutory damages are not available under a False Endorsement claim; therefore, Defendants are entitled to Summary Judgment.

Fischer has not shown any evidence of actual confusion or evidence a consumer was mislead into believing Fischer endorsed Brushy Mountain's Natural Honey Harvester product.

**X.	Fischer Has Not suffered Damages To Support His Unfair Competition Claim And Offered No Evidence Of Actual Confusion.**

Yet again, Fischer is only claiming statutory damages.  Statutory damages are not available for an Unfair Competition claim; therefore, Defendants are entitled to Summary Judgment. Fischer must prove actual confusion to recover damages under his unfair competition claim.  *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.,* 58 F.3d 27, 35 (2d Cir.1995).  Fischer has failed to show any evidence of actual confusion.

Dated:  May 15, 2017

                                                      CLEMENTS BERNARD, PLLC
*Attorneys for Defendant*

By:/s/ *Seth L. Hudson*
Seth L. Hudson (*Admitted Pro Hac Vice*)
4500 Cameron Valley Parkway Suite 350
Charlotte, NC 28211
Phone: (704) 790-3600
Fax:    (704) 366-9744

– and –

Daniel K. Cahn, Esq. (DC9791)
Law Offices of Cahn & Cahn, P.C.
105 Maxess Road, Suite 124
Melville, NY 11747
Phone: (631) 752-1600
Fax:    (631) 574-4401