UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES H. FISCHER,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN T. FORREST, Jr., SANDRA F. FORREST, SHANE R. GEBAUER, and BRUSHY MOUNTAIN BEE FARM, INC.<br><br>Defendants. | CIVIL ACTION NO.: 14-CV-1304<br>14-CV-1307<br><br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

## I.  INTRODUCTION

In an extremely thorough Report and Recommendation ("R&R"), Magistrate Judge Peck examined the law, evidence, and arguments from both sides, and after an oral hearing on the matter, Judge Peck recommended Defendants Motion for Summary Judgment be granted in its entirety for both the 1304 and 1307 cases.

Plaintiff has filed a set of five general objections to the R&R. In these objections, Plaintiff raises new issues and arguments not raised in any of the briefs or at oral argument. Plaintiff presents new, unsupported, and unsubstantiated evidence and provides conclusory and incorrect opinions concerning this newly submitted evidence that was never provided to the Court or Defendants during the litigation.

In a last ditch effort to salvage his case, Plaintiff has attempted to rewrite the facts of the case and contradicted his own statements and the statements of his counsel. Plaintiff had ample opportunity to present the new issues, theories, arguments, and evidence raised in his objections when responding to the summary judgment motions or even at oral argument, but did not. He has

1

not offered any justification for not offering these issues, theories, arguments, and evidence in his briefs or at the hearing before Judge Peck. Plaintiff has also failed to object to portions of the R&R. This Court should adopt the R&R.

## II. ARGUMENT

A. The Court Should Not Consider Plaintiff's New, Contradictory, Untimely, and Conclusory Arguments and Submissions

For the first time since the Summary Judgment motion was filed on April 19, 2017, Plaintiff has included additional "evidence," posited a new legal theory, and done an about-face involving critical facts in an attempt to salvage his case. The new evidence consists of a LinkedIn page purportedly from Amanda Twete, which Plaintiff erroneously alleges is an accurate, complete, and full employment history. Contrary to the pleadings submitted by himself and his legal counsel, Plaintiff for the first time in this entire litigation, now claims an April 2011 cease and desist letter is "forward-looking," and therefore Plaintiff's "license to use the intellectual property did not even immediately cease by virtue of plaintiff's April, 2011 letter."[1] While this argument is confusing, not supported by the documentary evidence, and unclear, one thing is certain, this statement is contrary to all of his previous statements and pleadings and is the first time he has tried to advance this incredulous argument. Another first time, confusing, and unsupported legal theory is offered by associating the sale of a product with a license.

---

[1] Paragraph 34 of the 1307 Complaint states "In April 2011, Plaintiff demanded in writing that Defendants cease and desist their infringement and reminding Defendants of Plaintiff's registered copyrights (see Exhibit 15). Defendants refused (see Exhibit 16), deliberately, knowingly, and willfully continuing their multiple infringements of Plaintiff's exclusive rights under copyright to this day." Paragraph 72 of the Third Amended Complaint in the 1304 case states "In April 2011, Plaintiff demanded in writing that Defendants cease and desist, reminding them of his exclusive rights (see Exhibit 15), but Defendants refused (see Exhibit 16), and continue their infringement."

2

1.     *Plaintiff's New Attack On Ms. Twete's Declaration Is Incorrect, Pure Speculation, and Inadmissible*

Plaintiff now attempts to cast doubt on Ms. Twete's declaration.  Plaintiff had plenty of opportunity to conduct a deposition of Ms. Twete, but chose not do so.  During a deposition, Plaintiff could have asked about her work history, the shipment of the catalogs, the fact that MidStates printing has a post office facility at its location, and any other questions related to this case.  Instead, Plaintiff chose not to take her deposition and for the first time in his objections submits a LinkedIn page, without any foundation, asking this Court to draw erroneous conclusions related thereto.  If Plaintiff would have taken Ms. Twete's deposition, he would have learned she has worked at Midstates since at least 2006, personally handled the Brushy Mountain account, and that Midstates has a postal facility at its location in South Dakota.  Instead, he simply makes unsubstantiated allegations.

The LinkedIn page submitted by Plaintiff is inadmissible hearsay and utterly lacks foundation; therefore, the Court should not consider it.  The LinkedIn page has not been authenticated and there is no indication the page, Plaintiff obtained from the Internet, is accurate or even posted by Amanda Twete.  The LinkedIn page lacks evidentiary value and does not change the actual facts.

In his objection, Plaintiff alleged Ms. Twete's declaration is made on belief alone.  This is the first time Plaintiff has made such allegations or attempted to challenge Mr. Twete's declaration.  Further, there is no evidence to support Plaintiff's contention.  Instead, it is pure conjecture. Plaintiff quotes *Patterson v County of Oneida* to bolster his claim, but fails to provide the cite for the case (*Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988)) the *Patterson* court quoted, which is entirely different than the facts at hand.  In *Sellers*, an affidavit was submitted that was based upon "information and belief."  *Sellers* is not applicable here.  Ms. Twete

3

does not claim the statements are made upon "information and belief." Instead, she declares "all statements and averments made herein are true and correct" and "under the penalty of perjury."

   2.  *Plaintiff Contradicts His Statements and Pleadings In Attempt To Save His Case*

Most troubling is Plaintiff's contradiction of statements made in his complaints in order to salvage his copyright claim. Plaintiff now claims the right or license to use his intellectual property did not cease on December 10, 2010 as he clearly states in his Complaints. Plaintiff makes an attenuated argument that the license to use Plaintiff's intellectual property did not cease immediately because of the language used in the April 2011 cease and desist letter. Defendants do not really understand this counterintuitive argument, as Plaintiff alleges copyright infringement in his April 2011 letter. As best Defendants can understand, Plaintiff is dispensing with his previous affirmations and attempting to argue that his letter accusing Defendants of copyright infringement was actually a letter informing Defendants their license to use the intellectual property would cease. A review of the letter indicates this is untrue. Plaintiff's April 5, 2011 letter (Exhibit 15 to 1304 Second Amended Complaint) clearly states in Paragraph 5:

> "[i]t has also come to my attention that your company infringes upon several of my uniquely original [c]opyrighted works, misusing them in the advertising and sales of your infringing product. This constitutes copyright infringement and unfair competition, actionable under federal and state laws."

It is unmistakable, Plaintiff is claiming copyright infringement and views Brushy Mountain's use of the his alleged copyrighted works as copyright infringement. His claim in the objections is counter to every statement Plaintiff has made in the pleadings signed by himself and his counsel.

Beginning with the Amended Complaint, Plaintiff admitted on December 10, 2010 "Defendants immediately lost any right, license, or permission to use any of Plaintiff's intellectual property". (1304 Third Amended Compl. ¶¶34, 35). Plaintiff also admitted that on December 10,

4

2010 the alleged "agreement of many years standing" was terminated. (1304 Third Amended Compl. ¶ 34).[2] Plaintiff never disputed these allegations until his objections to the R&R, when he contradicts everything he and his counsel have ever filed in an attempt to save his case. Now for the first time, Plaintiff does an about-face and attempts to manufacture an argument directly contradictory to the pleadings signed by Plaintiff and his counsel.[3]

"Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08-cv-3782, 2011 WL 5877548, at *2, (S.D.N.Y. Nov. 23, 2011); citing *Feehan v. Feehan*, No. 09-cv-7016, 2011 WL 3734079, at *2 (S.D.N.Y. Sep. 22, 2010). "Considerations of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration, and [the Second Circuit has] upheld the exercise of the district court's discretion in refusing to allow supplementation of the record upon the district court's *de novo* review." *Hynes v. Squillace,* 143 F.3d 653, 656 (2d Cir.1998) (citing *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137–38 (2d Cir.1994) and *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n. 3 (2d Cir.1990)); *cf. Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) (affirming district court's refusal to entertain claims not put before the magistrate in part because "[s]ystemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearsal if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round"). As such, the Court should not give Plaintiff's untimely

---

[2] Similar language is also found at paragraphs 46 and 47 of the 1307 Amended Complaint.
[3] Additionally, Plaintiff's counsel never signed the Third Amended Complaint in the 1307 (Dkt. No. 111) action and this Complaint should be stricken. On December 29, 2015, Counsel was notified by the Court of the deficient pleading, but the deficiency was never corrected. "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed.R.Civ.P. 11(a).

and conclusory new evidence, new legal theories, new arguments, and contradictory statements any consideration.

B.      Plaintiff Is Not Entitled To Statutory Damages Under Copyright Law

    *1.      Judge Peck's Reliance Upon Website Evidence In Rendering His Conclusion Has Not Been Objected To By Plaintiff*

Plaintiff incorrectly alleges in his objections "the only support submitted by defendants for the alleged date of their first infringement was the affidavit of Amanda Twete." Defendants actually relied on Plaintiff's own evidence submitted in his multiple Complaints to prove the dates the four phrases were used prior to the effective date of the copyright registration. Exhibit 7 to Plaintiff's Second Amended Complaint proves the four phrases remained on Brushy Mountain's website until at least December 26, 2010 (attached as Exhibit 3 in Defendants Summary Judgment Memorandum). This document was also referenced in Shane Gebauer's declaration in paragraphs 13 and 14 and Exhibit F. Judge Peck relied on this evidence in determining Plaintiff is barred from recovering statutory damages or attorney's fees for his copyright claims. Plaintiff has failed to file an objection as to Judge Peck's reliance on his own documentary evidence supporting his R&R. A district court evaluating a Magistrate Judge's report may adopt those portions of the report to which no "specific, written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law. Fed.R.Civ.P. 72(b); *see also Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Greene v. WCI Holdings Corp.,* 956 F.Supp. 509, 513 (S.D.N.Y.1997). The Court is not required to review any portion of a Magistrate Judge's report that is not the subject of an objection. *See Thomas,* 474 U.S. at 149, 106 S.Ct. 466.

    *2.      Sale Of Product Not Linked To Intellectual Property License*

In yet another novel legal theory, Plaintiff attempts to tie the sale of his product by Brushy Mountain with the license to use his intellectual property. This is a legally incorrect and unsupported argument, which is why Plaintiff is unable to provide any support whatsoever. These are two separate and distinct matters. As Plaintiff and his counsel repeatedly mentioned within the pleadings, Brushy Mountain's right to use the intellectual property ceased on December 10, 2010 (1304 Third Amended Compl. ¶¶34, 35; 1307 Third Amended Compl. ¶ 46,47). The selling of a product has nothing to do with the cessation of intellectual property rights. As this Court is well aware, the "first sale doctrine," codified at 17 U.S.C. § 109(a), allows the purchaser of a physical copy of a copyrighted work to sell that copy to another without infringing the copyright owner's exclusive distribution rights.

   4.  *There Is Not A Single Shred Of Evidence Of Contributory Infringement*

As for contributory infringement, Defendants do not completely understand Plaintiff's argument. It appears Plaintiff is alleging Judge Peck did not decide this issue. The R&R clearly indicates on its face that it applies to both the 1304 and 1307 cases. Additionally, Plaintiff provided no proof whatsoever to support these claims and the 1307 Complaint should be stricken per Rule 11.

  C.  <u>The DMCA Claims Were Correctly Decided</u>

   1.  *Plaintiff Does Not Object To A Portion Of The R&R DMCA Analysis*

The R&R determined Defendants did not remove anything from the original work. As the Court pointed out, Defendants "modified … not Mr. Fischer's ad, but their own ad" recommending summary judgment as to the DMCA claim be granted. Further, Judge Peck recommended dismissal of the §1202(b)(3) DMCA claim because there is no evidence the photo contained CMI. Plaintiff has failed to file an objection as to this portion of the R&R. Therefore, in accordance with Fed.R.Civ.P. 72(b) this Court may adopt this portion of the report to which no "specific,

7

written objection" is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law.

    2.    *Defendants Did Not Remove Plaintiff's Name As Required Under the DMCA*

The R&R correctly determined Fischer's Bee-Quick used in conjunction with the phrase it proceeds does not reference the name of the author. While there is dispute about authorship and Defendants deny Plaintiff is the author, the four phrases of the brochure clearly do not contain the alleged author's name- James H. Fischer.

Plaintiff makes a convoluted argument attempting to distinguish his trademark application from the name of the author under the DMCA statute. Fischer's trademark application is irrelevant. By his own admission and contradictory to the statements made in the opposition, Fischer admits his product name is "Fischer's Bee-Quick." On page 15 of his Memorandum in Opposition To Defendants' Motion For Summary Judgment he affirms "the product name 'Fischer's Bee-Quick'….." In all the Exhibits submitted with the Complaints, the pictures of his product and documentation refer to Fischer's Bee-Quick as the product name. Evaluating the use of "Fischer's Bee-Quick" in the brochure clearly shows it is used as the name of the product and Plaintiff has admitted "Fischer's Bee-Quick" is his brand name.

    3.    *Doctrine of Substantial Similarity Is Not Applicable To DMCA Claims*

Continuing with his novel arguments, Plaintiff has attempted to introduce the doctrine of substantial similarity in a DMCA claim, which is misplaced. Substantial similarity comes into play when dealing with copyright infringement- not a DMCA claim. Therefore, this argument should be disregarded.

D.      Plaintiff Has No Evidence of Actual Confusion And Cannot Possibly Show Bad Faith As To The Use Of The URLs

The R&R correctly determined summary judgment should be granted as to the False Endorsement and Unfair Competition claims. Plaintiff claims actual confusion and bad faith involve issues of fact. This is not correct. As there was no actual confusion or bad faith on the part of Defendants, Plaintiff did not and could not offer any proof or evidence substantiating these baseless claims. Plaintiff's objections offer nothing additional that would lend credence to these claims.

Even though Plaintiff alleged in his complaints there was actual confusion, he had no proof. As set forth in more detail in Defendants' briefing on summary judgment, Plaintiff has admitted there is no actual consumer confusion. Plaintiff's discovery response states:

> Interrogatory No. 8. Identify any instances of actual confusion involving Plaintiff's Mark and goods or services provided by the Forrests.
>
> Answer: Each and every sale of Defendants' "Natural Honey Harvester" product is a case of actual confusion. The action brought by Plaintiff is for Trademark Counterfeiting, not Trademark Infringement. In counterfeiting actions it is unnecessary to perform an in-depth, step-by-step examination of the likelihood of confusion because "counterfeit marks are inherently confusing". *Philip Morris USA Inc. v. Felizardo*, No. 03 Civ. 5891, 2004 WL 1375277, at *5 (S.D.N.Y. June 18, 2004). In any event, and over objection, **Plaintiff is unaware of any instance of actual consumer confusion.** *(emphasis added)*

Plaintiff alleges a post on Brushy Mountain's website is proof of actual confusion. Instead of providing facts or offering proof to substantiate his claim, Plaintiff makes baseless allegations without a shred of evidence. He is attempting to offer evidence that he has no personal knowledge- simply an unsubstantiated belief. First, Plaintiff never listed the author of the post, Mr. Gardner, as a witness in this action; therefore, any allegations as to his testimony should be stricken. The post is merely hearsay. Additionally, Plaintiff's supposition is clearly wrong, as Mr. Gardner was

9

comparing two versions of Honey Harvester and not Plaintiff's product and Brushy Mountain's product as evidenced in the Gebauer Declaration. Further, Fischer failed to provide any evidence whatsoever that anyone was confused as to the URLs.

E.  <u>Determining Whether A Phrase Gives Rise To A False Advertising Claim Is Not An Issue Of Fact</u>

The R&R correctly determined the phrase "we made our own" was not a literal or implied falsehood. Plaintiff takes the position that since he says it is a falsehood, the issue should be left for a jury to decide. Unfortunately for Plaintiff, the case law on the subject does not support his position. Plaintiff must offer some proof, which is severely absent for all of his allegations. Judge Peck is persuasively and in great detail set forth the reasons why the phrase "we made our own" does not give rise to a false advertising claim.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's objections should be rejected and the R&R should be adopted in full.

Dated:  August 25, 2017

                                CLEMENTS BERNARD, PLLC
                                *Attorneys for Defendants*

                                By:*/s/ Seth L. Hudson*
                                Seth L. Hudson (*Admitted Pro Hac Vice*)
                                4500 Cameron Valley Parkway Suite 350
                                Charlotte, NC 28211
                                Phone: (704) 790-3600
                                Fax:    (704) 366-9744

                                     – and –

                                Daniel K. Cahn, Esq. (DC9791)
                                Law Offices of Cahn & Cahn, P.C.
                                105 Maxess Road, Suite 124
                                Melville, NY 11747
                                Phone: (631) 752-1600
                                Fax:    (631) 574-4401