UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES H. FISCHER,

           Plaintiff,

v.

STEPHEN T. FORREST, Jr., SANDRA F. FORREST, SHANE R. GEBAUER, and BRUSHY MOUNTAIN BEE FARM, INC.

           Defendants.

Case: 14CV1304
       14CV1307

**Memorandum of Law in Opposition to Defendants' Application for Costs**

Defendants' motion for costs seems frivolous. Plaintiff requests a ruling that Plaintiff was the Prevailing Party, to end the waste of the Court's scarce time/resources on this meritless motion over such a trivial sum.

### Plaintiff Was the Prevailing Party In This Litigation

In the R&R, the Court demanded Defendants stipulate to a consent decree in lieu of injunction:

> "A plaintiff… may still obtain an injunction under 17 U.S.C. § 502… However, at oral argument on the summary judgment motions, defendants stipulated to (1) remove any links and photos containing Fischer's name or product on Brushy Mountain's website, and (2) not use the four Phrases again in the future" (14cv1307 Doc#185 Pg 31)

This stipulation was far less voluntary that the R&R might imply, as Defendants continued to infringe, even up to the day of Oral Argument (see oral arg transcript, pg 8 Ln 15- pg 9 Ln 4). This was clearly a "Court-Ordered Consent Decree", providing the exact equitable relief desired for each of Plaintiff's complaints in trademark, copyright, and false endorsement.

The "Prevailing Party" was defined multiple times, when taxing attorney fees, rather than costs, as summarized in *Farrar v. Hobby*, 506 US 103 (1992):

> …"plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' "Hensley v. Eckerhart, 461 U. S. 424, 433 (1983)…

> In Hewitt v. Helms, 482 U. S. 755 (1987)... We required the plaintiff to prove "the settling of some dispute which affects the behavior of the defendant towards the plaintiff." Id., at 761
>
> In Rhodes v. Stewart, 488 U. S. 1 (1988) We reaffirmed that a judgment - declaratory or otherwise - "will constitute relief, for purposes of § 1988, if, and only if, it affects the behavior of the defendant toward the plaintiff." Id., at 4.
>
> Finally, in Texas State Teachers Assn. v. Garland Independent School Dist., 489 U. S. 782 (1989), we synthesized the teachings of Hewitt and Rhodes. "[T]o be considered a prevailing party within the meaning of § 1988," we held, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." 489 U. S., at 792. We reemphasized that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." Id., at 792-793

Here, Plaintiff sued to halt the infringing acts of Defendants, yet they continued to infringe throughout the entire litigation, prompting the court-ordered consent decree, which forced an abrupt and stark change in Defendants' behavior. They were forced to begin respecting Plaintiff's exclusive rights to his IP, which Defendants had misused since 2012. The legal relationship has clearly changed, in that the Defendants must now respect Plaintiff's exclusive rights to the litigated-over IP. The dispute is resolved to the extent that infringement has been halted per court order, which is often the sole outcome in many copyright and trademark suits.

The Second Circuit clarified the issue even further as it applies here, citing *Buckhannon v. West Virginia* 532 U.S. 598 in *Union of Needletrades v. INS*, 336 F.3d 200 at 205 (2d Cir.2003):

> "where a plaintiff realizes the objective of its lawsuit without a court-ordered consent decree or a judgment on the merits, a 'defendant's voluntary change in conduct ... lacks the... judicial imprimatur' necessary to render the plaintiff a prevailing party."

It is not enough that Defendants' cease their infringing acts, they must be ordered to do so. The Court so ordered here, thus Plaintiff is the prevailing party.

### Is Defendants' Motion Economically Rational?

Not in the least. Certainly not for Defendants, who merely paid their insurance premiums, and consider their out-of-pocket expenses of the suit to be a mere "cost of doing business", as their

basic business model is piracy - the illicit exploitation of the ideas and IP of others, be it overseas companies lacking US patents, or individual beekeepers without the resources to enforce the IP rights infringed by Defendants in the products they bootleg, copy, manufacture, and sell.

Not for the insurance company either, as the legal fees they will pay to collect these costs far exceed the trivial sum to be recovered. They have a "duty to defend", but this is not "defending" - this seems spiteful - <u>the cost of recovering the costs exceeds the costs to be recovered</u>.

But for Defense counsel, this is more billable hours. This attempt is certain to result in a fully-briefed motion, sur replies, memos, letters, and legal fees if a halt is not called now. Is "fiduciary duty" still a thing?

### Are the "Costs" Themselves Reasonable?

The transcripts for all Defendants are short (Steve Forrest 41 pages, Sandra Forrest 22 pages, Shane Gebauer 93 pages, personal and corporate) versus Plaintiff's transcript of 215 pages. This evinces Defendants' deposition abuse, as an entire day was spent attempting to confuse, badger, and bully the completely unprepared Plaintiff sufficiently to extract the out-of-context "admissions" Defendants presented, despite the direct contradiction of those purported "admissions" when specifics were discussed in that same deposition. Plaintiff need not pay for the result of Defendants' persistent bullying. If costs are somehow due, they should be capped at $110 per deponent, the average charge per Defendant deposed.

### Rule 68 Implications?   None

To preempt any possible Rule 68 motion practice, note that Plaintiff prevailed, but there was no finding of liability. Plaintiff did not obtain a judgment. The judgment was for Defendants, conditional upon a consent decree, inherently excluding any admission of liability.

In *Delta Air Lines v. August*, 450 U.S. 346 (1981), the Court held that:

> "the plain language of Rule 68 confines its effect to ... [cases] in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer."

> "…it is clear that [Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because *it was the defendant that obtained the judgment*." at 352 (emphasis added)

**In Summary**

Defendants were fully aware of the law, and plainly knew that they had no right to any costs, yet still attempted to mislead the Court into awarding a trivial amount of costs. The Court will spend more money ruling on this motion than the costs at issue, and the insurance company will pay more in Defense legal fees than the costs at issue. Plaintiff's time, which has a value explicitly not acknowledged by the Court, is also wasted in pointing out what seems obvious.

The motion is unquestionably contrary to unequivocal law. It may also be the highest risk/ lowest reward example of a complete lack of candor presented to any federal court, in that it risks 28 USC §1927 sanctions over little more than the yearly fee for an unlimited metrocard.

Dated: March 9, 2018

James Fischer
Plaintiff Pro Se
Box 287048
New York, NY 10128
917-628-4052