AO 133   (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| James H. Fischer | ) | |
| v. | ) | Case No.: 14-CV-1304; 14-CV-1307 |
| Stephen T. Forrest, Jr., Sandra F. Forrest, Shane R. Gebauer, Brushy Mountain Bee Farm, | ) ) ) | |

## BILL OF COSTS

Judgment having been entered in the above entitled action on ___02/16/2018___ against ___Plaintiff___,
*Date*
the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk .................................................... | $ |
| Fees for service of summons and subpoena ........................... | |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...... | 1,712.20 |
| Fees and disbursements for printing ................................. | |
| Fees for witnesses *(itemize on page two)* ............................ | 0.00 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. ........................ | |
| Docket fees under 28 U.S.C. 1923 ................................... | |
| Costs as shown on Mandate of Court of Appeals ..................... | |
| Compensation of court-appointed experts ........................... | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | |
| ~~Other~~ costs *(please itemize)* .... Done on submission, objections filed    TOTAL  $ | 1,712.20 |

*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties in the following manner:

✓ Electronic service    ☐ First class mail, postage prepaid

☐ Other: _____

s/ Attorney:   s/ Seth L. Hudson

Name of Attorney: Seth L. Hudson

For: ___Defendants___           Date: ___03/02/2018___
*Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of $1,712.20                                and included in the judgment.

Ruby J. Krajick        By: _____        3/19/2018
*Clerk of Court*            *Deputy Clerk*            *Date*

AO 133 (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME, CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $0.00 |

### NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES H. FISCHER,<br><br>                          Plaintiff,<br><br>v.<br><br>STEPHEN T. FORREST, Jr., SANDRA F. FORREST, SHANE R. GEBAUER, and BRUSHY MOUNTAIN BEE FARM, INC.<br><br>                         Defendants. | CIVIL ACTION NO.: 14-CV-1304<br>                             14-CV-1307 |

## AFFIDAVIT OF SETH L. HUDSON IN SUPPORT OF DEFENDANTS STEPHEN T. FORREST, JR., SANDRA F. FORREST, SHANE R. GEBAUER, AND BRUSHY MOUNTAIN BEE FARM, INC.'S BILL OF COSTS

I, Seth L. Hudson, affirm as follows:

1. I am an attorney with the law firm of Clements Bernard, PLLC, counsel to Defendants Stephen T. Forrest, Jr., Sandra F. Forrest, Shane R. Gebauer, and Brushy Mountain Bee Farm, Inc. (collectively "Defendants");

2. I submit this affidavit in support of Defendants' Bill of Costs, which requests that the Clerk tax a total of $1,712.20 in costs against Plaintiff James H. Fischer.

3. I have prepared this affidavit based on my personal knowledge and information I have reviewed.

4. Attached hereto as Exhibit 1 is an Itemization of Costs summarizing the basis of Defendants' request that $1,712.20 be taxed for "[f]ees of the court reporter for all or any part of the transcript necessarily obtained for use in the case." Exhibit 1 identifies the name of the deponent, the date of the deposition, that the transcript was cited by

1

Defendants' successful Motion for Summary Judgment, the cost of the deposition, and the date the disbursement for the deposition was paid. *See* Local Rule 54.1(c)(2)("Costs for depositions are also taxable if they are used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion.") *see also Belair v. MGA Entm't, Inc.*, 2013 WL 503947, at *2, Case No. 09-CV-8870(S.D.N.Y. Feb. 11, 2013)("[T]here is no questions that Rule 54 permits the award of costs for all depositions submitted on a motion for summary judgment whether or not such depositions are cited in the court's opinion deciding the motion."). The costs listed in Exhibit 1 do not include costs for rough transcripts, rush delivery, etc.

5. Attached as Exhibit 2 are true and correct copies of the invoices received from the reporting services supporting the transcript costs summarized in Exhibit 1.

I declare under the penalty of perjury, and hereby state that all statements and averments made herein are true and correct.

This the __1st__ day of March 2018.

Seth L. Hudson

SWORN TO and subscribed by me,
this the __1__ day of __March__, 2018.

NOTARY PUBLIC

My Commission Expires:

May 11, 2019

2

# EXHIBIT 1

## ITEMIZATION OF COSTS

| Provider and Description | Date of Disbursement | Amount |
|---|---|---|
| Lowrance Reporting Service, Inc.- Copy of Deposition Transcript of Shane Gebauer, taken on December 16, 2016. Cited in Defendants' Successful Motion For Summary Judgment | January 24, 2017 | $253.00 |
| Lowrance Reporting Service, Inc- Copy of Deposition Transcript of Stephen Forrest and Sandra Forrest, taken on February 10, 2017. Cited in Defendants' Successful Motion For Summary Judgment | March 2, 2017 | $180.00 |
| Deitz Court Reporting- Original Deposition Transcript of James H. Fischer, taken on February 15, 2017. Cited in Defendants' Successful Motion For Summary Judgment. | $500 Deposit on February 14, 2017 and the remaining $779.20 on February 20, 2017 | $1,279.20 |
| **TOTAL** | | **$1,712.20** |

Invoices supporting Defendants' claim of costs are found in Exhibit 2.

# EXHIBIT 2

9410 Ginhouse Lane
Charlotte, NC 28277



704.543.7995
888-292-4528

Tax ID: 56-2076043

## Invoice 18657

Seth L. Hudson, Esq.
Clements Bernard, PLLC
4500 Cameron Valley Parkway, Suite 350
Charlotte, NC 28211

1/1/2017



Reporter

Berk

| DESCRIPTION | AMOUNT |
|---|---|
| Fischer v. Forrest deposition taken in Charlotte on 12/16/16 | |
| DEPOSITION OF SHANE GEBAUER | |
| Copy of transcript - E-transcript only | 245.00 |
| PDF Exhibits | 8.00 |

| **Thank you for allowing Lowrance Reporting Service to serve you.** | **TOTAL** | **$253.00** |
|---|---|---|



**9410 Ginhouse Lane**
**Charlotte, NC 28277**

**704.543.7995**
**888-292-4528**

**Tax ID: 56-2076043**

**Invoice   18761**

Seth L. Hudson, Esq.
Clements Bernard, PLLC
4500 Cameron Valley Parkway, Suite 350
Charlotte, NC  28211

**2/23/2017**

  

| Reporter |
|----------|
| CT |

| DESCRIPTION | AMOUNT |
|---|---|
| Fischer v. Forrest deposition taken in Charlotte on 2/10/17 | |
| DEPOSITION OF STEPHEN FORREST<br>Copy of transcript - E-transcript only | 110.00 |
| DEPOSITION OF SANDRA FORREST<br>One Copy of Transcript and Condensed Copy with Word Index | 70.00 |

| **Thank you for choosing Lowrance Reporting Service.** | **TOTAL** | **$180.00** |
|---|---|---|

Main: 800-678-0166 **Deitz Court Reporting** Fed Tax ID: 47-2685460
Fax: 516-678-4488                                                    Deposition Solutions LLC
100 Merrick Road, Suite 320W - Rockville Centre, NY 11570   *A Lexitas Company*

**Bill To:**
CLEMENTS BERNARD PLLC
Attn: SETH L. HUDON, ESQ.
4500 CAMERON VALLEY PARKWAY
SUITE 350
CHARLOTTE, NC 28211

Invoice Date **2/20/2017**
Invoice Number **484684**

File Number:
Index Number   1:14CV01307

JAMES FISCHER V FORREST

**Examination taken on 2/15/2017 of:**

Invoice Reprint Date 2/20/2018
Enclosed

JAMES HENDON FISCHER  EBT

O+2

|  |  |
|---|---|
| Your Total | $1,279.20 |
| Payment Received On: 2/20/2017   In The Amount Of | $1,279.20 |
| Balance Due On This Invoice | $0.00 |

340332



*484684*


Fischer v. Forrest: 14cv1304 and 14cv1308
Seth Hudson
to:
dave_thomas@nysd.uscourts.gov
03/08/2018 04:23 PM
Hide Details
From: Seth Hudson <shudson@worldpatents.com>
To: "dave_thomas@nysd.uscourts.gov" <dave_thomas@nysd.uscourts.gov>

Mr. Thomas,

Below, please find an email from Deitz reporting indicating we are charged for the original copy of the deposition transcript and the two copies are free.

If you need any additional information, please let me know.

Seth

**Seth L. Hudson**
**Partner**
Admitted in NC, SC and TN, USPTO Registered



4500 Cameron Valley Parkway, Suite 350
Charlotte, NC 28211 USA
Tel: 704.790.3600
Fax: 704.366.9744
shudson@worldpatents.com

**From:** darlene@deitzreporting.com <darlene@deitzreporting.com>
**Sent:** Thursday, March 8, 2018 4:14 PM
**Subject:** fisher vs forest

Good afternoon,

This email is in regard to the above mentioned matter, we in NYS charge the client for and original and 2 (0& 2), in NYS whoever starts the questioning gets charged for the deposition, the two copies are courtesy copies and we do not charge extra for them, usually one is for the file and one gets send to opposing counsel. Please let me know if there is anything else i can do to help.

Thank you again for allowing me to be of assistance.

**Darlene**
**Customer Service**
**Deitz Court Reporting**
**800-678-0166**

**FREE Deitz ACCESS 24/7 ... YOUR Transcript Library**
**Deitz Court Reporting is** *powered by DepositionNet*
**Click here to CREATE your personal LogIn and order page....**
**If you have an ID/PIN: Click here to LogIn Now**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES H. FISCHER, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN T. FORREST, Jr., SANDRA F. FORREST, SHANE R. GEBAUER, and BRUSHY MOUNTAIN BEE FARM, INC. <br><br> Defendants. | CIVIL ACTION NO.: 14-CV-1304 <br> 14-CV-1307 <br><br> DEFENDANTS STEPHEN T. FORREST, JR., SANDRA F. FORREST, SHANE R. GEBAUER, AND BRUSHY MOUNTAIN BEE FARM, INC.'S NOTICE OF TAXATION OF COSTS |

Pursuant to Local Rule 54.1, Defendants Stephen T. Forrest, Jr., Sandra F. Forrest, Shane R. Gebauer, and Brushy Mountain Bee Farm, Inc. (collectively "Defendants") hereby file the attached Bill of Costs and supporting documentation, which requests that the Clerk of Court tax a total of $1,712.20 in costs against Plaintiff James H. Fischer. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that the clerk may tax costs on 14 days' notice. Accordingly, Defendants request that the date and time for taxation be fixed at 10:00AM on March 19, 2018 or at a date and time convenient with the Clerk.

Dated: March 2, 2018

CLEMENTS BERNARD, PLLC
*Attorneys for Defendant*

By:/s/ *Seth L. Hudson*
Seth L. Hudson (*Admitted Pro Hac Vice*)
4500 Cameron Valley Parkway Suite 350
Charlotte, NC 28211
Phone: (704) 790-3600
Fax: (704) 366-9744

– and –

1

Daniel K. Cahn, Esq. (DC9791)  
Law Offices of Cahn & Cahn, P.C.  
105 Maxess Road, Suite 124  
Melville, NY 11747  
Phone: (631) 752-1600  
Fax:   (631) 574-4401  

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of March, 2018, I electronically filed the foregoing **DEFENDANTS' NOTICE OF TAXATION OF COSTS** with the Clerk of Court using the CM/ECF system serving the following CM/ECF participants:

Oscar Michelen
CUOMO LLC
200 Old Country Road, Suite 2
Mineola, NY 11501
Phone: (516) 741-3222
Fax: (516) 741-3223
omichelen@cuomollc.com

**CLEMENTS BERNARD PLLC**

By: /s/ Seth L. Hudson
Seth L. Hudson (NC Bar No. 32259)
4500 Cameron Valley Parkway, Suite 350
Charlotte, NC 28211
Phone 704.790.3600
Fax 704.366.9744
shudson@worldpatents.com
*(Attorney for Defendants)*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/12/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES H. FISCHER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STEPHEN T. FORREST, Jr., SANDRA F. FORREST, SHANE R. GEBAUER, and BRUSHY MOUNTAIN BEE FARM, INC.<br><br>　　　　　　Defendants. | Case:　14CV1304<br>　　　　14CV1307<br><br>**Memorandum of Law in Opposition to Defendants' Application for Costs** |

Defendants' motion for costs seems frivolous. Plaintiff requests a ruling that Plaintiff was the Prevailing Party, to end the waste of the Court's scarce time/resources on this meritless motion over such a trivial sum.

### Plaintiff Was the Prevailing Party In This Litigation

In the R&R, the Court demanded Defendants stipulate to a consent decree in lieu of injunction:

> "A plaintiff... may still obtain an injunction under 17 U.S.C. § 502... However, at oral argument on the summary judgment motions, defendants stipulated to (1) remove any links and photos containing Fischer's name or product on Brushy Mountain's website, and (2) not use the four Phrases again in the future" (14cv1307 Doc#185 Pg 31)

This stipulation was far less voluntary that the R&R might imply, as Defendants continued to infringe, even up to the day of Oral Argument (see oral arg transcript, pg 8 Ln 15- pg 9 Ln 4).

This was clearly a "Court-Ordered Consent Decree", providing the exact equitable relief desired for each of Plaintiff's complaints in trademark, copyright, and false endorsement.

The "Prevailing Party" was defined multiple times, when taxing attorney fees, rather than costs, as summarized in *Farrar v. Hobby*, 506 US 103 (1992):

> ..."plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' "Hensley v. Eckerhart, 461 U. S. 424, 433 (1983)...

In Hewitt v. Helms, 482 U. S. 755 (1987)... We required the plaintiff to prove "the settling of some dispute which affects the behavior of the defendant towards the plaintiff." Id., at 761

In Rhodes v. Stewart, 488 U. S. 1 (1988) We reaffirmed that a judgment - declaratory or otherwise - "will constitute relief, for purposes of § 1988, if, and only if, it affects the behavior of the defendant toward the plaintiff." Id., at 4.

Finally, in Texas State Teachers Assn. v. Garland Independent School Dist., 489 U. S. 782 (1989), we synthesized the teachings of Hewitt and Rhodes. "[T]o be considered a prevailing party within the meaning of § 1988," we held, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." 489 U. S., at 792. We reemphasized that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." Id., at 792-793

Here, Plaintiff sued to halt the infringing acts of Defendants, yet they continued to infringe throughout the entire litigation, prompting the court-ordered consent decree, which forced an abrupt and stark change in Defendants' behavior. They were forced to begin respecting Plaintiff's exclusive rights to his IP, which Defendants had misused since 2012. The legal relationship has clearly changed, in that the Defendants must now respect Plaintiff's exclusive rights to the litigated-over IP. The dispute is resolved to the extent that infringement has been halted per court order, which is often the sole outcome in many copyright and trademark suits.

The Second Circuit clarified the issue even further as it applies here, citing *Buckhannon v. West Virginia* 532 U.S. 598 in *Union of Needletrades v. INS*, 336 F.3d 200 at 205 (2d Cir.2003):

> "where a plaintiff realizes the objective of its lawsuit without a court-ordered consent decree or a judgment on the merits, a 'defendant's voluntary change in conduct ... lacks the... judicial imprimatur' necessary to render the plaintiff a prevailing party."

It is not enough that Defendants' cease their infringing acts, they must be ordered to do so. The Court so ordered here, thus Plaintiff is the prevailing party.

## Is Defendants' Motion Economically Rational?

Not in the least. Certainly not for Defendants, who merely paid their insurance premiums, and consider their out-of-pocket expenses of the suit to be a mere "cost of doing business", as their

basic business model is piracy - the illicit exploitation of the ideas and IP of others, be it overseas companies lacking US patents, or individual beekeepers without the resources to enforce the IP rights infringed by Defendants in the products they bootleg, copy, manufacture, and sell.

Not for the insurance company either, as the legal fees they will pay to collect these costs far exceed the trivial sum to be recovered. They have a "duty to defend", but this is not "defending" - this seems spiteful - <u>the cost of recovering the costs exceeds the costs to be recovered</u>.

But for Defense counsel, this is more billable hours. This attempt is certain to result in a fully-briefed motion, sur replies, memos, letters, and legal fees if a halt is not called now. Is "fiduciary duty" still a thing?

### Are the "Costs" Themselves Reasonable?

The transcripts for all Defendants are short (Steve Forrest 41 pages, Sandra Forrest 22 pages, Shane Gebauer 93 pages, personal and corporate) versus Plaintiff's transcript of 215 pages. This evinces Defendants' deposition abuse, as an entire day was spent attempting to confuse, badger, and bully the completely unprepared Plaintiff sufficiently to extract the out-of-context "admissions" Defendants presented, despite the direct contradiction of those purported "admissions" when specifics were discussed in that same deposition. Plaintiff need not pay for the result of Defendants' persistent bullying. If costs are somehow due, they should be capped at $110 per deponent, the average charge per Defendant deposed.

### Rule 68 Implications? None

To preempt any possible Rule 68 motion practice, note that Plaintiff prevailed, but there was no finding of liability. Plaintiff did not obtain a judgment. The judgment was for Defendants, conditional upon a consent decree, inherently excluding any admission of liability.

In *Delta Air Lines v. August*, 450 U.S. 346 (1981), the Court held that:

> "the plain language of Rule 68 confines its effect to ... [cases] in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer."

> "...it is clear that [Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because *it was the defendant that obtained the judgment*." at 352 (emphasis added)

## In Summary

Defendants were fully aware of the law, and plainly knew that they had no right to any costs, yet still attempted to mislead the Court into awarding a trivial amount of costs. The Court will spend more money ruling on this motion than the costs at issue, and the insurance company will pay more in Defense legal fees than the costs at issue. Plaintiff's time, which has a value explicitly not acknowledged by the Court, is also wasted in pointing out what seems obvious.

The motion is unquestionably contrary to unequivocal law. It may also be the highest risk/ lowest reward example of a complete lack of candor presented to any federal court, in that it risks 28 USC §1927 sanctions over little more than the yearly fee for an unlimited metrocard.

Dated: March 9, 2018

James Fischer
Plaintiff Pro Se
Box 287048
New York, NY 10128
917-628-4052