### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

JAMES H. FISCHER,

                  Plaintiff,

v.

STEPHEN T. FORREST, Jr., SANDRA F.
FORREST, SHANE R. GEBAUER, and
BRUSHY MOUNTAIN BEE FARM, INC.

                  Defendants.

**CIVIL ACTION NO.:** 14-CV-1304
                  14-CV-1307

**DEFENDANTS STEPHEN T. FORREST,
JR., SANDRA F. FORREST, SHANE R.
GEBAUER, AND BRUSHY MOUNTAIN
BEE FARM, INC.'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S RULE
59(e) MOTION**

---

### TABLE OF CONTENTS

Preliminary Statement.................................................................................................4

Argument ....................................................................................................................4

Fischer Has Not Argued Controlling Law Has Changed…………………….…..………………..5

Fischer Has Failed To Provide Any New Evidence To Support His Motion……………….....…..6

This Court's Opinion Is Not Clearly Erroneous and Does Not Result In Manifest Injustice……..8

Fischer's Request As To Motion To Dismiss Fails…………………….…..……...………….....13

Conclusion…………………………………………………………….………………16

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re Air Crash at Belle Harbor, New York on Nov. 12, 2001, Nos. 02 MDL 1448 (RSW), 02 Civ. 439 (RWS), 02 Civ., 3143 (RWS), 2007 WL 4563485, at \*1 n.1 (S.D.N.Y. Dec. 18, 2007) (Sweet, J.)*…………………………………………………………………………………..8

*Anglo Am. Inc. Group v. CalFed, Inc., 940 F. Supp. 554,557 (S.D.N.Y.1996)*…………………..6

*BOUSA, Inc. v. United States (In re Bulk Oil (USA), Inc.),2007 U.S. Dist. LEXIS 27346, at \*30 (S.D.N.Y. Apr. 11, 2007)* ………………………………..………………..………………..15

*Bray v. Bane, No. 90-CV-831, 1993 WL 153237, at \*1 (N.D.N.Y. May 3, 1993)*……………....13

*Briller v. Barnhart, No. 04 Cir. 3649(RWS), 2006 WL 118367, at \*1in.1 (S.D.N.Y. Jan 16, 2016*………………………………………………………………………………..…...14

*Crenshaw v. Superintendent of Five Points Corr. Fac., 595 F. Supp.2d 224, 227 (W.D.N.Y. 2009)*……………………………………………………………………14

*Dellefave v. Access Temps., Inc., No. 99 Civ. 6098 (RWS), 2001 WL 286771, at \*6 (S.D.N.Y. Mar. 22, 2001) (Sweet, J.)*……………………………………………………………6

*Employers Mut. Cas. Co. v. Key Pharm., 75 F.3d 815, 824-25(2d Cir. 1996)*…………………15

*In re Evergreen Mut. Funds Fee Litig., 240 F.R.D. 115,117 (S.D.N.Y. 2007)*……..…………..5

*Gotti v. United States, No. 08 Civ. 7178 (HB), 2009 WL 2366465, at \*2 )S.D.N.Y. Aug. 3, 2009)*…………………………………………………………………………..…..6

*ING Global v. United Parcel Serv. Oasis Supply Corp., 757 F.3d 92,96 (2d Cir. 2014)* ………..4

*In re Johns-Manville Corp., 759 F.3d 206,219 (2d Cir. 2014)*…..…..……………………………5

*Matura v. United States , 189 F.R.D. 86,89 (S.D.N.Y. 1999)*……………………………….....15

*Morser v. AT&T Information Sys., 715 F.Supp. 516,517 (S.D.N.Y.1989)*…..…………..………6

*OGI Oceangate Transp. Co. v. RP Logistics PVT. LTD., No. 06 Civ. 9441 (RWS), 2007 WL 2900225, at \*1 n.1 (S.D.N.Y. Oct. 4, 2007) (Sweet, J.)*……………………………….…9,13

*Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228,233 (7th cir. 1988)*…………8,9

*Polsby v. St. Martin's Press, Inc., No. 97-690 (MBM), 2000 WL 98057 at \*1 (S.D.N.Y. Jan.18, 2000)*………………………………………………………………………………....11

*Rafter v. Liddle, 288 Fed. Appx. 768,769 (2d Cir. 2008)*..…………..……………….……11

Ross v. Cooper, No. 90 Civ. 30 (PGG), 2008 WL 5062727 at \*2 (S.D.N.Y. Nov. 24, 2008)......14

*Sidney v. United States*, 2006 WL 1144549, *1 (W.D.N.Y. Apr. 28, 2006)………………….....5

*Siino v. Bd. Of Trustees N.Y.C. Teachers' Ret. Sys.*, No. 08 Civ. 4529 (PKC), 2009 WL 734076, at *2 (S.D.N.Y. Mar. 13, 2009)…………………………….....…………………………….……..8

*Sioleski v. Sullivan*, 10 CV 665 (MAT), 2015 WL 5021944 at *1 (W.D.N.Y.)Aug. 24, 2015)…...14

*United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003)……………………………………4

*United States v. Int'l Bhd of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)…………………..…15

*Virgin Atl. Airways, Ltd v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)………………………………………………………………………………………4

*Watson v. United States*, No. 90 CR 653 (RWS), 04 Civ. 2222 (RWS), 2005 WL 2560375, at *2 (S.D.N.Y. Oct 12, 2005) (Sweet, J.)…………………..…………………………………6

*Word v. Croce*, No. 01 Civ. 9614 (LTS) (DF), 2004 WL 434038, at *4 (S.D.N.Y. Mar. 9, 2004…7

# I.     PRELIMINARY STATEMENT

Defendants Stephen T. Forrest, Jr., Sandra F. Forrest, Shane R. Gebauer, and Brushy Mountain Bee Farm, Inc. (collectively "Defendants") submit this memorandum of law in opposition to Plaintiff, James H. Fischer's ("Fischer"), Fed. R. Civ. P. 59(e) motion titled "Motion For Reconsideration" in an attempt to overturn this Court's February 16, 2018 Order granting Defendants' Summary Judgment Motion in its entirety.  As set forth below, the Court should deny Fischer's motion because he has not remotely met the narrow scope and stringent standard under Rule 59(e), which provides for relief only when the Court has made a "clear error of law" or to "prevent manifest injustice."  Neither of these grounds is present here.  Instead, Fischer rehashes arguments previously presented to the Court or attempts to raise new arguments in a piecemeal fashion criticizing the Court's opinion, which is not the proper basis for granting relief under Rule 59(e).

# II.     ARGUMENT

## A.  The Standard Under Rule 59(e)

Under Federal Rule of Civil Procedure 59(e), a district court may "alter or amend judgment to correct a clear error of law or prevent manifest injustice."  *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (internal quotes omitted).  Rule 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error."  *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).  The moving party must show one of the following to prevail on a rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice.  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

4

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, but "courts treat such motions under the scope of Rule 59(e), which provides for alteration or amendment of a judgment…." *Sidney v. United States*, 2006 WL 1144549, *1 (W.D.N.Y. Apr. 28, 2006). The Second Circuit states that "a judgment in a civil case does not constitute "manifest injustice" where the movant's arguments for relief "were available to [him] and [he] proffer[s] no reason for fail[ing] to raise the arguments." *In re Johns-Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014). Rule 59(e) should be "narrowly construed and strictly applied as to avoid repetitive arguments on issues that have been considered fully by the Court." *In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D. 115, 117 (S.D.N.Y. 2007).

### B.  Fischer Has Not Argued Controlling Law Has Changed

Fischer has not asserted the controlling law has changed since the Court issued its Opinion and Order. Fischer cites sixteen (16) cases in his motion, but not a single case was decided after the July 11, 2017 hearing before Judge Peck on the Summary Judgment motions, much less a case decided after the February 16, 2018 Opinion and Order was issued granting Defendants' Summary Judgment Motions in its entirety. The reasoning for Fischer's failure to cite a change in the law is because there has not been a change in the law.

Instead of citing a change in the law, Fischer claims the Court misapplied the law and vehemently disagrees with the result, including *ad hominin* attacks on defense counsel.[1]

---

[1] Defense counsel takes issue with Fischer's completely inaccurate account of his deposition. First and foremost, defense counsel did not, and would not, threaten Fischer with physical violence. During the deposition, that was located at Hotel Mulberry at 52 Mulberry Street, Fischer turned a relatively straightforward deposition into an all-day affair because he would not answer factual questions, as the deposition transcript indicates. It became readily apparent defense counsel would need to obtain the court's assistance in compelling answers from Fischer and the SDNY courthouse is directly across the street from the Hotel Mulberry. The deposition transcript clearly shows Plaintiff's counsel admonishing his own client and instructing Fischer to answer the questions. Second, the deposition was properly noticed at 52 Mulberry Street. Three of the four attendees arrived at the location in a timely fashion. Fischer was the only attendee that went to another location and was over an hour late. Lastly, the

Specifically, Fischer states "[c]ontracts don't work like that, but somehow, the Court accepted the argument." (Fischer Motion For Reconsideration; p. 10, lines 1-2). Misapplication of the law is a ground for appeal, not reconsideration. *See, e.g., Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *6 (S.D.N.Y. Mar. 22, 2001)(Sweet, J.)(denying motion to reconsider sanctions order in part because movant argued that "the Court misapplied the law," and"[a]s such, the motion in effect seeks to appeal the prior decision rather than to ask the Court to reconsider it under the proper standard."); *Gotti v. United States*, No. 08 Civ. 7178 (HB), 2009 WL 2366465, at *2 (S.D.N.Y. Aug. 3, 2009)("[i]f petitioner wishes to advance arguments that… controlling law [was] misapplied, those arguments may be raised on appeal"). As discussed more fully below, the Court correctly applied controlling law. Reconsideration "is not an appropriate vehicle for a party dissatisfied with a court's ruling to secure a rehearing on the merits with respect to issues already decided." *Watson v. United States*, No. 90 CR 653 (RWS), 04 Civ. 2222 (RWS), 2005 WL 2560375, at *2 (S.D.N.Y. Oct. 12, 2005)(Sweet, J.)

The burden is on Fischer to demonstrate that the Court overlooked controlling decisions that might "'materially have influenced its earlier decision.'" *Anglo Am. Inc. Group v. CalFed, Inc.*, 940 F.Supp. 554, 557 (S.D.N.Y. 1996)(*quoting Morser v. AT&T Information Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y. 1989)). Because Fischer cannot point to an intervening change in the law, he attempts rehash arguments previously made, attack the Court's decision, and put forth and expand on new legal theories.

### C.  Fischer Has Failed To Provide Any New Evidence To Support His Motion

---

conference room located on a lower level of the Mulberry Hotel is very spacious and accommodating for the deposition in this case.

A motion for reconsideration based on allegedly new evidence may only be granted if the movant demonstrates that the evidence "was not available previously or… could not have been found by due diligence." *Word v. Croce*, No. 01 Civ. 9614 (LTS)(DF), 2004 WL 434038, at *4 (S.D.N.Y. Mar. 9, 2004) (denying reconsideration because plaintiff failed to demonstrate that allegedly new information was previously unavailable, could not have been obtained through reasonable diligence, and would have materially affected decision).

Fischer fails to point to any newly discovered evidence that would affect the Court's decision.  Instead, Fischer relies on the exact same evidence he proffered to oppose Defendants' Summary Judgment Motion or evidence he previously had in his possession.  Exhibit 1 is an adulterated version of Fischer's deposition transcript that he would have in his possession shortly after the February 15, 2017 deposition.  Exhibits 2 and 3 are reproductions of documents supplied by Brushy Mountain in response to Fischer's discovery requests that Fiscehr had well before the summary judgment motions.  Exhibit 4 is a document "reported by Progress Printing in their subpoena reply."  (Fischer's Motion For Reconsideration; p. 17, line 23; p. 18, line 1).  Defense Counsel does not know when Fischer actually received this document, but his counsel served the subpoena on Michael Thorton at Progress Printing on or about December 9, 2015.  As for the portions of Brushy Mountain's 2011 catalog produced by Fischer in Exhibits 4 and 5, he admits "[p]laintiff's only copy of the 2011 catalog was handed to him by one of his students in late March, 2011."  (Fischer Motion for Reconsideration; p. 17, lines 7-8).  As such, Exhibits 1-5 attached to his Motion For Reconsideration were available and in his possession previously.  The documents do not constitute new evidence for this Court to consider under Rule 59(e).

Fischer also claims to have contemporary notes that were based upon an email Shane Gebauer sent on December 10, 2010.  While Defendants do not believe they have ever seen such

notes, the note apparently states "[l]ooking for better terms? Wait and see."  (Fischer Motion For

Reconsideration; p. 10, line 21).  Fischer, as he admits, had these notes in his possession since at

least December 10, 2010.  (Fischer Motion For Reconsideration; p. 10, lines 20-21).  Fischer also

lists links to Bee-Culture magazine from January 2011 to May 2011 on page 21 of his Motion For

Reconsideration.  Fischer does not claim he did not have possession of these magazines nor does

he claim that he could not locate these issues with due diligence.  This information, like the

exhibits, does not constitute new evidence for this Court to consider under Rule 59(e).

A majority of Fischer's motion is based upon the exact same evidence before the Court in

Defendants' Summary Judgment motion.  Fischer cites portions of a hearing transcript (page 7),

his interrogatory responses (p.8), and Defendant Gebauer's Declaration (p. 20). Fischer references

his pleadings and Amanda Twete's declaration that were before the Court in Defendants' Summary

Judgment Motions.   Fischer's arguments revolve around his disagreement with the Court's

decision.  His failure to point to a single newly discovered fact is fatal to his motion.  *See Siino v.*

*Bd. Of Trustees N.Y.C. Teachers' Ret. Sys.*, No. 08 Civ. 4529 (PKC), 2009 WL 734076, at *2

(S.D.N.Y. Mar. 13, 2009)(denying reconsideration because, *inter alia*, plaintiff failed to point to

any new facts), *aff'd*, 274 F. App'x 221 (2d Cir. 2010).

### D.  This Court's Opinion Is Not Clearly Erroneous and Does Not Result In A Manifest Injustice

#### 1.  The Court's Opinion Is Not Clearly Erroneous

To be clearly erroneous for reconsideration purposes, a decision must be "more than just

maybe or probably wrong; it must… strike [the court] as wrong with the force of a five-week-old,

unrefrigerated dead fish."  *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233

(7th Cir. 1988); *see also In re Air Crash at Belle Harbor, New York on Nov. 12, 2001*, Nos. 02

MDL 1448 (RWS), 02 Civ. 439 (RWS), 02 Civ. 3143 (RWS), 2007 WL 4563485, at *1 n. 1 (S.D.N.Y. Dec. 18, 2007)(Sweet, J.)(*citing Parts & Elec. Motors, Inc*. and denying reconsideration because motion was untimely and allegedly new law did not apply to claims); *OGI Oceangate Transp. Co. v. RP Logistics PVT. Ltd.*, No. 06 Civ. 9441 (RWS), 2007 WL 2900225, at *1 n.1 (S.D.N.Y. Oct. 4, 2007)(Sweet, J.)(*citing Parts & Elec. Motors, Inc*. and denying reconsideration because court expressly cited allegedly overlooked authorities).

The Court issued a 42 page Opinion and Order on February 16, 2018.  This decision was extremely comprehensive and well-written, the arguments of all parties were carefully considered and the evidence in the record was analyzed in rendering the decision.  Additionally, both parties were allowed an opportunity to be heard before Magistrate Judge Peck on July 11, 2017.  The Court correctly determined Fischer was not able to recover statutory damages for his copyright claims.  At no time during the briefing of his Opposition to Defendants' Motion For Summary Judgment, the hearing, his objections to Judge Peck's Report and Recommendation, or his Reply did Fischer ever allege he wished to recover anything other than statutory damages.  Instead, Fischer solely argued he was entitled to statutory damages based upon an unsuccessful and incorrect legal argument about republication of the catalogs.  After the Court determined, correctly, that he was not able to recover statutory damages, Fischer again pivots and further attempts to create a new argument contrary to his previous statements wherein he was clearly only seeking statutory damages.

Fischer even takes the novel approach of attempting to modify his discovery responses to accomplish this task.  Fischer now alleges his discovery response is missing terms and attempts to completely rewrite his discovery responses.  On page 8 of the Motion For Reconsideration, Fischer claims his discovery response "must have been something akin to:

9

'See Rule 26(a) Disclosure.  Plaintiff seeks <u>Defendants' sales data.  Without it, we can estimate</u> only statutory damages.'"

The actual request and response is below (*compare* to Exhibits 1 and 2; Hudson Aff. Ex. E (Answer

to Int. No. 11)).

11.   Please provide an accounting of all damages you are seeking from Defendants, including a calculation and explanation of each of said damage categories and amounts for each cause of action alleged in your Second Amended Complaint.

**Answer: See Rule 26(a) Disclosure.  Plaintiff seeks only statutory damages.**

Fischer's Rule 26(a) disclosures undermine his new theory.  Exhibit 2 to Defendants'

Memorandum in Support of Summary Judgment is Fischer's 26(a) disclosure.  In this document,

Fischer clearly indicates he is seeking damages under 17 U.S.C. 504(c)(2) for copyright

infringement which is the section of the copyright act addressing statutory damages.  Fischer's

Motion For Reconsideration is not the proper place to assert a new damages theory.  That ship has

long since sailed.

Fischer spends a considerable amount of time attacking the Court's ruling in piecemeal

fashion with respect to the termination of his alleged license.  Fischer contends "[s]peculation that

Defendants' license might have automatically terminated, been automatically rescinded, or

terminated via the Dec 10th 2010 email is refuted below as illegal or impossible under any possible

reading of the law."  (Fischer Motion For Reconsideration; p. 19, lines 2-4).  While Fischer may

not believe the Court's order is sound, the law says otherwise.  Fischer unequivocally states in the

amended complaints, filed by his counsel, that he gave Defendants specific permission for

defendants to use his copyrighted works. (1304 Third Amended Compl. ¶33).  Fischer further

alleges on December 10, 2010 "Defendants immediately lost any right, license, or permission to

use any of Plaintiff's intellectual property." (1304 Third Amended Compl. ¶35). "When Defendants had announced in their email of Dec 2010 that they would no longer carry Plaintiff's product, any permission to use Plaintiff's copyrighted works was inherently revoked." (1304 Third Amended Compl. ¶61).

After an unfavorable determination in Judge Peck's Report and Recommendation, Fischer pivots and attempts, for the first time, to present a convoluted argument that his December 10 letter was "forward looking" and not meant as an immediate termination- even though he continuously pled "[d]efendants immediately lost any right, license, or permission to use any of Plaintiff's intellectual property." (1304 Third Amended Compl. ¶35). Now, Fischer devotes six pages in an attempt to further bolster this newly formed argument.  In its Order, the Court declined to allow Fischer "[f]or two independent reasons…to fundamentally reconceive his theory of liability." (Opinion at 16). The Court concluded Fischer may not alter his pleadings through a brief (Opinion at 16 and 17) and allowing Fischer, at this late state to reconceive his theory would restart the case, resulting in a meaningless dress rehearsal.  (Opinion p. 17).  Likewise, a Motion For Reconsideration is not the proper vehicle to continue to massage and develop a reconceived theory in the case, after the first theory was unsuccessful.  The reason for the rule confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging gaps of a lost motion with additional matters." *Polsby v. St. Martin's Press, Inc.*, No. 97-690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)(citation and quotation marks omitted).  Motions for reconsideration "are not vehicles for taking a second bite at the apple, … and [the court][should] not consider facts not in the record to be facts that the court overlooked." *Rafter v. Liddle*, 288 Fed.Appx. 768, 769 (2d Cir. 2008)(citation and quotation omitted).

11

In line with his previously filed and asserted objections, Fischer attempts to undermine the Affidavit of Amanda Twete alleging what the affidavit fails to contain and also introduces evidence allegedly provided by Progress Printing which was not previously submitted to this Court.  Fischer had the opportunity to depose Ms. Twete, but chose not to.  Instead, he uses his Motion For Reconsideration as a forum to raise questions, without any answers, about Ms. Twete's declaration. It should be noted the Court also stated "Fischer's own evidence thus supports the Report's assessment of the date of Defendants' first infringing act.  Excluding Twete's affidavit would, therefore, not disturb the Report's outcome." (Opinion at 14).

Fischer has made it abundantly clear that he does not agree with the Court's decision on the DMCA claims.  Fischer states "[t]he plain meaning of the DMCA statute does not produce an 'absurd' result."  (Motion For Reconsideration; p. 23; line 10).   While Fischer may not agree with the result, the holding is sound.  Fischer never produced a shred of evidence Defendants copied his website or brochure, nor could he as this did not occur.  Fischer appears to miss the point as he continues to compare Defendants' website and catalogs with his alleged ads instead of alleging any Defendant actually copied his website or brochure and removed CMI.[2]  He continues to take issue that the term "Fischer", as used in his sentences and in the present set of facts, does not constitute CMI under the DMCA.  As previously stated, a Motion For Reconsideration is not the proper forum to address his displeasure with the Court's ruling and attempt to reargue his position.

Fischer continues his objections with respect to the Court's ruling on the false endorsement and false advertising claims.  As for the false endorsement claim, Fischer "protests the [Court's]

---

[2] Contrary to Fischer's assertions, Brushy Mountain produced every single page of its catalogs responsive to Fischer's discovery requests.  Brushy Mountain had to hand copy, page by page is extremely lengthy and bound catalog and initially objected to having to copy each page of the entire catalog since only a few pages (e.g. cover and the page with the Natural Honey Harvester ad) were relevant to this litigation.    At all times, the original catalogs were available for inspection and copying by Fischer's counsel.

use of the *Polaroid* factors" for determining likelihood of confusion. (Motion For Reconsideration; p. 25, line 16; italics added). The *Polaroid* test has been used in this circuit and most every other circuit since 1961. *Polaroid* is the preeminent case courts rely upon to determine a likelihood of confusion. The Motion For Reconsideration is again not the proper forum to attempt to overcome this long standing jurisprudence. Fischer does not claim the Court's ruling on False Advertising is erroneous. He only asks the court to look at MSDS sheets, that are outside the record of this case.

### 2. The Court's Opinion Does Not Result In A Manifest Injustice

What constitutes a "manifest injustice" for reconsideration purposes has not been clearly defined by the courts. *See OGI Oceangate Transp. Co.*, 2007 WL 2900225, at *1n.1. However, it is clear that the movant's disapproval of a court's decision, or the regret for not having advanced an alternative argument, like the present case, is not a manifest injustice. "Whether 'some' error or 'some' injustice arises from the court's decision is a matter… which can be taken up on appeal," and does not warrant reconsideration. *Bray v. Bane*, No. 90-CV-831, 1993 WL 153237, at *1 (N.D.N.Y. May 3, 1993)(denying reconsideration).

### E. Fischer's Request As To Motion To Dismiss Fails

Fischer now requests this court to revisit it's Order, dated March 21, 2017, dismissing the copyright claims against Defendant Gebauer that accrued before February 3, 2012. Such a request under Rule 59(e) is untimely as it was not served within 28 days after the entry of the Court's determination of the March 21, 2017 Order (1304 Dkt No. 153; 1307 Dkt. No. 161). Instead, Fischer files his 59(e) Motion twelve months after the Order he is now seeking reconsideration. If this portion of the motion is entertained, it should be treated as filed under Rule 60(b), rather than

Rule 59(e). *See Sioleski v. Sullivan*, 10 CV 665 (MAT), 2015 WL 5021944 at *1 (W.D.N.Y.  Aug. 24, 2015)(*citing Ross v. Cooper*, No. 90 Civ. 304(PGG), 2008 WL 5062727, at *2 (S.D.N.Y. Nov. 24, 2008)("treating pro se plaintiff's reconsideration motion as filed pursuant to Rule 60(b) rather than former Rule 59(e), where reconsideration motion was filed more than ten days after entry of court's determination of original motion)(*citing Briller v. Barnhart*, No. 04 Civ. 3649(RWS), 2006 WL 118367, at *1n.1 (S.D.N.Y. Jan. 16, 2016)."  The deadline under Rule 59(e) is "inflexible." Crenshaw v. Superintendent of Five Points Corr. Fac., 595 F. Supp.2d 224, 227 (W.D.N.Y. 2009).

Rule 60(b) allows "[o]n motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Fischer does specifically seek relief under Rule 60(b) nor does he specify a subsection of Rule 60(b) for seeking such relief.

14

A movant under Rule 60(b) must demonstrate "exceptional circumstances" justifying the extraordinary relief requested.  *Employers Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824-25(2d Cir. 1996).  Like the remainder of Fischer's motion, he has fails to set forth any justifiable and legally sound reason to overturn an order of this Court.  Instead, Fischer merely sets forth the reasoning as to why he disagrees with the Court's Order, attempting to justify why he didn't add Gebauer sooner to this lawsuit.  While Fischer's recollection of the hearing is much different than indicated by the transcript or remembered by defense counsel, he seemingly asks for "reconsideration of the mangled set of arguments."  (Motion For Reconsideration; p. 27, line 14).  Fischer's motion fails to set forth any "exceptional circumstance" required for a court to grant this unfavored remedy.  *United States v. Int'l Bhd of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

Fischer's arguments do not seem relevant under 60(b)(2), (3), (4), or (5).  He appears to allege the ruling was judicial mistake that may fall under 60(b)(1).  Though Rule 60(b)(1) may provide relief from judicial mistake, it should not "provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed.'" *BOUSA, Inc. v. United States (In re Bulk Oil (USA), Inc.),*2007 U.S. Dist. LEXIS 27346, at *30 (S.D.N.Y. Apr. 11, 2007) (citing *Matura v. United States,* 189 F.R.D. 86, 89 (S.D.N.Y.1999)). Fischer does not allege there has been an intervening change of controlling law, nor does he offer new evidence or point to facts which were overlooked. His disagreement with the Court's decision does not amount to the kind of "exceptional circumstances" which warrant Rule 60(b) (1) or (6) relief.

## XII.   Conclusion

For the foregoing reasons, Defendants respectfully request the Court deny Fischer's Motion For Reconsideration and grant such other and further relief as the Court deems just and proper, including attorneys' fees and costs.

Dated:  March 30, 2018

CLEMENTS BERNARD, PLLC
*Attorneys for Defendant*

By:*/s/ Seth L. Hudson*
Seth L. Hudson (*Admitted Pro Hac Vice*)
4500 Cameron Valley Parkway Suite 350
Charlotte, NC 28211
Phone: (704) 790-3600
Fax:    (704) 366-9744
Email: shudson@worldpatents.com

– and –

Daniel K. Cahn, Esq. (DC9791)
Law Offices of Cahn & Cahn, P.C.
105 Maxess Road, Suite 124
Melville, NY 11747
Phone: (631) 752-1600
Fax:    (631) 574-4401

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Defendants' Stephen T. Forrest, Jr., Sandra F. Forrest, Shane R. Gebauer, and Brushy Mountain Bee Farm, Inc.'s Memorandum in Opposition To Plaintiff's Rule 59(e) Motion** was electronically filed with the Clerk of Court using the ECF system, which will be served by operation of the Court's electronic filing system upon the following counsel of record and ECF participants.

Oscar Michelen
200 Old Country Road
Suite 2 South
Mineola, NY 11501
*Attorney for Plaintiff*

This the 30th day of March 2018

By:/s/ Seth L. Hudson
Seth L.Hudson (Admitted Pro Hac Vice)
4500 Cameron Valley Parkway, Suite 350
Charlotte, NC 28211
Phone: 704-790-3600
Fax: 704-366-9744
*(Attorney for Defendants)*